**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ALBERT GRAYER** | * | **CIVIL ACTION** |
| | * | |
| | * | |
| **VERSUS** | * | **NUMBER: 3:24-cv-663-SDD-RLB** |
| | * | |
| **ANDREW CUPIL;** | * | **DISTRICT JUDGE: SHELLY D. DICK** |
| **STATE OF LOUISIANA THROUGH** | * | |
| **LOUISIANA DEPARTMENT OF** | * | |
| **PUBLIC SAFETY AND** | * | **MAGISTRATE JUDGE:** |
| **DIXON CORRECTIONAL INSTITUTE** | * | **RICHARD L. BOURGEOIS, JR.** |

# ANSWER

**NOW INTO COURT**, through undersigned counsel, comes Defendant, the State of Louisiana, through the Louisiana Department of Public Safety and Corrections (DPSC), who answers Plaintiff's Petition for Damages/Permanent Eye Damage as follows:

The allegations contained in the unnumbered first paragraph of Plaintiff's Petition for Damages are denied.

1.

Defendant admits that venue is proper and that Plaintiff was housed at Dixon Correctional Center. All other allegations in Paragraph 1 of Plaintiff's Petition for Damages are denied.

2.

The allegations contained in Paragraph 2 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

3.

Defendant admits Albert Grayer's status as Plaintiff in the above-entitled suit. All other allegations contained in Paragraph 3 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

4.

Defendant denies all allegations contained in Paragraph 4 of Plaintiff's Petition for Damages except to admit their status as named defendant in the above-entitled suit. Any allegations concerning Andrew Cupil do not require a response from Defendant herein.

5.

The allegations contained in Paragraph 5 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 of Plaintiff's Petition for Damages are denied

for a lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of Plaintiff's Petition for Damages are denied.

14.

The allegations contained in Paragraph 14 of Plaintiff's Petition for Damages are denied.

15.

The allegations contained in Paragraphs 15 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 18 contain legal conclusions which do not require a response from Defendant herein. To the extent a response is deemed necessary, Paragraph 18 is denied for a lack of sufficient information to justify a belief therein.

19.

The allegations contained in Paragraph 19 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph 21 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 22 contain legal conclusions which do not require a response from Defendant herein. To the extent a response is deemed necessary, Paragraph 22 is denied for a lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph 23 contain legal conclusions which do not require a response from Defendant herein. To the extent a response is deemed necessary, Paragraph 23 is denied for a lack of sufficient information to justify a belief therein.

24.

The allegations contained in Paragraph 24 contain legal conclusions which do not require a response from Defendant herein. To the extent a response is deemed necessary, Paragraph 24 is denied for a lack of sufficient information to justify a belief therein.

25.

The allegations contained in Paragraph 25 contain legal conclusions which do not require a response from Defendant herein. To the extent a response is deemed necessary, Paragraph 25 is denied for a lack of sufficient information to justify a belief therein.

26.

The allegations contained in Paragraph 26 contain legal conclusions which do not require

a response from Defendant herein. To the extent a response is deemed necessary, Paragraph 26 is denied for a lack of sufficient information to justify a belief therein.

27.

The allegations contained in Paragraph 27 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph 28 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

29.

The allegations contained in Paragraph 29 of Plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

## AFFIRMATIVE DEFENSES

**AND NOW IN FURTHER ANSWERING**, Defendant pleads the following affirmative defenses:

30.

The accident and/or damages complained of occurred through no fault or negligence on behalf of the Defendant.

31.

Defendant specifically denies that it, or anyone for whom it may be responsible, is guilty of acts of negligence, vicarious liability, negligence per se, strict liability, want of due care, or legal fault constituting a proximate cause of or a contributing cause of the incident at issue in this litigation.

32.

Alternatively, and only if the factfinder should determine at trial of the matter that

Defendant contributed in any manner and to any degree to cause the alleged injuries, which is expressly denied, Defendant pleads the joint fault of other persons to be identified through discovery, who contributed to the injuries and losses that occurred, whether persons known or unknown, or parties or nonparties to this lawsuit, as reducing the amount of damages recoverable in proportion to the degree or percentage of negligence attributable to the joint tortfeasors, all in accordance with Louisiana's law of comparative fault.

33.

Defendant asserts the defenses of the limit on damages provided in La. R.S. 13:5106 and the limit on legal interest provided in La. R.S. 13:5112, both of which statutes are incorporated and made a part of this answer by reference.

34.

Defendant asserts that the subject accident was caused by the sole fault and/or negligence of Plaintiff, Albert Grayer.

35.

Defendant asserts Plaintiff's failure to mitigate his damages as an affirmative defense.

36.

To the extent Plaintiff's injuries or damages were not caused by or related to the accident, which is the subject of Plaintiff's petition, Defendant pleads lack of causation as an affirmative defense, which is specifically pled in bar of, reduction of or in mitigation of the damages claimed by Plaintiff herein.

37.

Defendant affirmatively and specifically pleads, in defense to the claims asserted, the provisions of La R.S. 15:574.8, specifically the immunity from liability of the Department of Public Safety and Corrections ("DPSC"), DPSC employees, and all other involved officers of the

State of Louisiana for the exercise and performance of their discretionary acts which were within the course and scope of their lawful powers and duties.

39.

Defendant pleads discretionary immunity under La. R.S. 9:2798.1.

40.

Defendant pleads the affirmative defenses of negligence of others and the Plaintiff, La. R.S. 9:2800. Defendants plead all other Affirmative Defenses which may be applicable including absolute, qualified, statutory, and jurisprudential immunity. Defendant further reserves the right to amend this Answer to plead Affirmative Defenses which may be suggested by Investigation and/or Discovery.

41.

Defendant reserves the right to amend this Answer as the facts and circumstances become more fully known through discovery or otherwise.

42.

Defendant prays for trial by jury.

WHEREFORE, Defendant, the State of Louisiana, through the Louisiana Department of Public Safety and Corrections (DPSC), respectfully prays that the foregoing Answer be considered sufficient and, after the appropriate proceedings, there be a trial by jury, there be judgment in its favor, dismissing all demands of the Plaintiff against the State of Louisiana, through the Louisiana Department of Public Safety and Corrections (DPSC at Plaintiff's cost.

Respectfully submitted:

**LIZ MURRILL**
**ATTORNEY GENERAL**

By: /s/Sebastian Hoffpauir

**SEBASTIAN HOFFPAUIR (#37966)**
**Assistant Attorney General**
LOUISIANA DEPARTMENT OF JUSTICE
Litigation Division
900 Murray Street, Ste. B-100B
Alexandria, LA 71301
Telephone: (318)-487-5944
Facsimile: (318)-487-5826
HoffpauirS@ag.louisiana.gov
*Attorney for State of Louisiana, through the Department of Public Safety and Corrections*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record in a manner authorized by law on this 10 day of September, 2024.

/s/Sebastian Hoffpauir
**Sebastian Hoffpauir**