# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ALBERT GRAYER**                                    **CIVIL ACTION**

**VERSUS**                                           **NO. 24-663-SDD-RLB**

**ANDREW CUPIL, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 28, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ALBERT GRAYER**                                   **CIVIL ACTION**

**VERSUS**                                          **NO. 24-663-SDD-RLB**

**ANDREW CUPIL, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are Albert Grayer's ("Plaintiff") Motion to Remand, an Opposition filed by the State of Louisiana through the Louisiana Department of Public Safety and Corrections ("DPSC"), and Plaintiff's Reply. (R. Docs. 13; 15; 19).

**I.     Background**

On June 20, 2024, Plaintiff filed a petition (the "Petition") against DPSC and Andrew Cupil ("Cupil") in the 20th J.D.C. of East Feliciana Parish, Louisiana. (R. Doc. 4). DPSC was served on July 15, 2024 and removed this matter on August 14, 2024. (R. Doc. 1). According to DPSC, its removal is proper because "Plaintiff alleges [a] violation of federal law pursuant to excessive force in violation of Title VII of the Civil Rights Act of 1964." (R. Doc. 1 at ¶ 5). DPSC noted in its Notice of Removal that "no other defendants have been served with the Petition[.]" (R. Doc. 1 at ¶ 6).

On September 10, 2024, Plaintiff filed its Motion to Remand, arguing the removal was improper because DPSC did not obtain Cupil's consent. (R. Docs. 13; 13-2). In opposition, DPSC noted that there is no evidence that Cupil was served and therefore Cupil's consent was not required. (R. Doc. 15). DPSC also argued that its removal was made under 28 U.S.C. § 1443 and therefore the unanimity of consent to removal provisions are inapplicable. (R. Doc. 15). In Reply, plaintiff asserted that the only defendant "against whom a federal [42 U.S.C. § 1983] claim was filed is Cupil; yet, the State failed to obtain his consent[.]" (R. Doc. 19).

2

## II.     Law and Analysis

Under 28 U.S.C. § 1446, "[w]hen a civil action is removed solely under [28 U.S.C. §] 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." 28 U.S.C. § 1446(b)(2)(A). There is no dispute that Cupil had not been served at the time of removal. "[F]ailure of one defendant to join in a removal petition does not bar a district court's removal jurisdiction, where that defendant has not been served at the time of removal." *Solis v. Chase Bank USA, N.A.,* No. EP-05-CA-453-DB, 2006 WL 487855, at *2 (W.D. Tex. Feb. 8, 2006) (citing *Jones v. Houston Indep. Sch. Dist.,* 979 F.2d 1004, 1007 (5th Cir. 1992)). It also means consent is unnecessary when a case is removed under more than 28 U.S.C. §1441(a). *See Bureau v. BASF Corp.,* No. CV 21-324-JWD-RLB, 2022 WL 807372, at *12 (M.D. La. Jan. 3, 2022), *report and recommendation adopted,* No. CV 21-324-JWD-RLB, 2022 WL 803599 (M.D. La. Mar. 14, 2022) (consent unnecessary when removed under 28 U.S.C. §§ 1441 *and* 1442).

Plaintiff asserts that, even though he has not been served, because the only defendant "against whom a federal claim was filed is Cupil[,] his consent to remove" must be obtained. (R. Doc. 19). Plaintiff cites no case law that stands for this proposition. To the extent cases are cited, those decisions were rendered under prior versions of the removal statutes (and those prior versions did not support plaintiff's position either). There is nothing in the applicable removal statutes that set forth the limitation proposed by plaintiff. *See Solis*, 2006 WL 487855, at *2-3 (rejecting the same argument that only the defendant against whom a federal cause of action was brought may remove the case, and denying remand after finding the defendant complied with 28 U.S.C. § 1446).

Cupil is not a properly joined <u>and served</u> party under 28 U.S.C. § 1446(b)(2). Thus, under 28 U.S.C. § 1446, Cupil's consent is not required.[1] Because DPSC otherwise complied with 28 U.S.C. § 1446,[2] removal was proper and this Court has jurisdiction over this matter.

## III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 13) be **DENIED**.

Signed in Baton Rouge, Louisiana, on January 28, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The same appears to be true of Dixon Correctional Institute ("Dixon") to the extent Plaintiff is attempting to sue it as an entity separate from DPSC. While the state court caption lists Dixon as a defendant, Plaintiff lists only DPSC and Cupil as defendants in the Petition, even noting DPSC "is the governing authority over the Dixon Correctional Institute[.]" (R. Doc. 4).

[2] The Court need not address DPSC's alternative argument that removal was proper under 28 U.S.C. § 1443. (R. Doc. 15). 28 U.S.C. § 1443 allows the removal of actions "[a]gainst any person who is denied or cannot enforce in [State Court] a right under any law providing for the equal civil rights of citizens of the U[.S. or f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443. This case does not appear to fall within either of these categories because Plaintiff is claiming a civil rights violation, not DPSC, and DPSC has not claimed any of its actions were done to protect equal rights or based on a refusal to take certain actions to protect civil rights. *See* 159 American Law Reports Federal 377 (2000) (citing *Nance v. Jackson,* 56 F.R.D. 463, 466 (M.D. Ala. 1972) ("[T]he right of removal of certain civil rights cases secured to a defendant for the protection of civil rights by 28 U.S.C.A. § 1443 is clearly distinguishable from the removal of an action brought by a plaintiff to redress a violation of the plaintiff's civil rights for which a cause of action is conferred by virtue of 42 U.S.C.A. § 1983.").