UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALBERT GRAYER | * | CIVIL ACTION NO: 24-663-SDD-RLB |
| | * | |
| v. | * | JUDGE SHELLEY DICK |
| ANDREW CUPIL; and | | |
| STATE OF LOUISIANA THROUGH | * | MAGISTRATE JUDGE |
| LOUISIANA DEPARTMENT OF | * | RICHARD BOURGEGOIS |
| PUBLIC SAFETY AND CORRECTIONS | * | STATE OF LOUISIANA |
| DIXON CORRECTIONAL INSTITUTE | | |

*********************************************

**PLAINTIFF'S AMENDED FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANTS**

TO: All Defendants

THROUGH: Counsel of Record
Sebastian Hoffpauir
900 Murray St Ste B100B
Alexandria, LA 71301
Phone: (318) 487-5944 Fax: (318) 487-5826
E-mail: HoffpauirS@ag.louisiana.gov

**NOW INTO COURT,** through undersigned counsel, comes the Plaintiff, and propounds to defendant, the following interrogatories to be answered fully, individually, in writing, and under oath, under the provisions of the Louisiana Code of Civil Procedure, within 30 days after service; and in default of their full, complete and timely answer, plaintiff demands that you pay all reasonable attorney's fees, costs, and expenses of compelling answer to the same.

This discovery is to be deemed continuing and is to be supplemented, without the necessity of propounding additional discovery, at any time additional information may be obtained. The answer(s) to this discovery is to be signed by the person making them.

DEFINITIONS

As used in these interrogatories and requests for production of documents, the terms listed below are defined as follows:

1. The words **"you"** and **"your"** refer to the above named defendant, to whom this discovery is propounded, any officer agent or employee thereof, and any predecessor corporation or entity.

2. **"Document"** means, without limitation as to date, any of the following items,

whether printed or recorded or reproduced by any physical or mechanical process: data stored on computers, tapes, disks, punch cards, or printouts; papers of any type; books, newspapers, professional journals, magazines and periodicals, and articles appearing therein; lists, correspondence, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, agendas, minutes, diaries, calendars, objects, tangible things, correspondence, telegrams, cables, telex messages, facsimiles, charts, graphs, maps, reports, notebooks, summaries or reports of consultants, photographs, videotapes, audio tapes, films, demonstrative aids, photographic negatives, photographic slides, patents, patent applications, movies, microfilm, microfiche, brochures, pamphlets, advertisements, circulars, fliers, press releases, drafts, letters, medical records and charts, prescriptions, labels, packaging inserts, medical device labeling, invoices and receipts. Any document differing in any manner from another document (for example, a draft, a copy with nonconforming marginal notations, or a copy with different attachments or entries) is treated as a separate document; each such separate document must be noted in these answers. Document includes records now, or that have been at anytime in the past, in the possession of defendant, of which you have knowledge, or which are now or were formerly in your actual or constructive possession, custody or control.

3. **"Possession," "custody"** or **"control"** includes the joint or several possession, custody or control not only by the plaintiff to whom these interrogatories are addressed, but only the joint or several possession, custody or control by each plaintiff or any other person acting or purporting to act on behalf of the plaintiff, whether as employee, attorney, accountant, agent, sponsor, spokesman, or otherwise.

4. The term **"statement"** shall mean an oral or written assertion or nonverbal conduct of a person, if it is/was intended by him as an assertion.

5. The terms **"regarding"** and **"relating to"** shall be interpreted broadly, including both explicit and implicit reference, and meaning without limitation referring to, concerning, constituting, defining, discussing, containing, construing, disclosing, evidencing, revealing, embodying, reflecting, stating, dealing with, mentioning, alluding to or prepared as a result of.

6. **"Person," "persons,"** or **"people"** means any natural person, firm, corporation, partnership, partnership in commendam, proprietorship, joint venture, limited liability company, organization, group of natural persons, or other associations separately identifiable, regardless of whether such association has a separate juristic existence in its own right.

7. **"Identify," "identity"** and **"identification"** when referring to a person shall mean by name, physical and mailing address, phone number and relationship with defendant, job title, and professional status.

8. **"Identify," "identity"** and **"identification"** when used to refer to a document, means to state the subject of the document; the title of the document; the type of document (e.g., letter, memorandum, telegram, chart); the date of the document, or if the specific date thereof is unknown, the month and year or other best approximation of such.

9. Use of the singular form shall be deemed to include the plural and vice versa. Use of either the masculine or feminine pronoun, except when referring to a named person, shall be deemed to include both genders. **"And"** as well as **"or"** shall be construed as

either disjunctive or conjunctive so as to permit the broadest scope possible.

## INSTRUCTIONS

(1) If the defendant is unable to provide a complete answer or response, state why a response or answer cannot be provided, what information or documents would be required to provide a complete answer or response, and identify which person, if any, has the required information or documents, or the circumstances surrounding the destruction of such documents or information.

(2) If the attorney-client privilege, "work product" limited immunity, or other privileges claimed as to any communication or document, state the date of such document or communication; identify the person(s) who authorized, prepared or participated in preparing such document or communication and identify the person(s) to whom it was directed, sent or circulated, identify the person(s) now in possession of such document or who knows the content of such communication, and state the general subject matter of the document or communication, and the basis for the claim of privilege as to each said document or communication.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify all insurance coverage limits of coverage of any policy of insurance affording coverage for the above captioned matter. If you denied a defense or coverage to any of the defendants herein, please provide the reason.

**INTERROGATORY NO. 2:**

Please state whether you have in your possession or know of the existence of any photographs, moving pictures, body cams, videotapes, audio tapes, measurements, or other descriptions of the incident scenes of this matter or of MR. ALBERT GRAYER as it related to this matter. As to each item, please state a description of each item, including the date it was prepared and the subject matter it portrays; and the name, address, telephone number and occupation of the person who prepared each item.

**INTERROGATORY NO. 3:**

Identify each and every Dixon Correctional Institute (DCI.) policy, rule or regulation regarding cell employee rules, allowing officers to carry chemical weapons on their person, entry, use of force, weapons, search of cells, and disciplinary procedures.

**INTERROGATORY NO. 4:**

If you contend that any other person is or may be at fault whether in part or in whole for the injuries claimed by MR. ALBERT GRAYER on or about February 5, 2024, please identify such persons and provide a list of all documents, statement, or other evidence that may support such claim.

**INTERROGATORY NO. 5:**

Please identify each guard who was present or working in or near the Unit 1 Bullpen area during the incident involving MR. ALBERT GRAYER on February 5, 2024, and describe the action(s) taken by each or the role each played, if any.

**INTERROGATORY NO. 6:**

In your own words, please describe what your involvement may have been with the incidents on February 5, 2024, involving MR. ALBERT GRAYER.

**INTERROGATORY NO. 7:**

Please provide a compete list of each writing that you, or person acting on your behalf, made whether by hand or electronically regarding the incidents on February 5, 2024, involving MR. ALBERT GRAYER and provide the approximate date, time and reason for the writing.

**INTERROGATORY NO. 8:**

Please identify and include a DOC # for each inmate who has filed an ARP against any of the Defendants herein for the time period 3 months before and after February 5, 2024, and the nature of that complaint/grievance.

**INTERROGATORY NO. 9:**

If you have ever been disciplined during your employment at DOC or arrested as related to your employment, please explain the event, the date and the action taken against you. Please provide all non-privileged, and public information as set fourth in the Louisiana's Public Records Act (La. R.S. 44:1).

**INTERROGATORY NO. 10:**

Please describe what role, if any, any Defendant played in any investigation that may have taken place regarding the February 5, 2024, incidents involving MR. ALBERT GRAYER.

**INTERROGATORY NO. 11:**

Please list any and all evidence which you may introduce at trial; fully describe each such document and list the name and address of the person having possession of the original or any copies thereof; in addition, please describe the substance of the facts you intend to establish through the introduction of each document and the name and address of the person you intend to have identify and/or authenticate the document at the time of trial.

**INTERROGATORY NO. 12:**

Please identify and describe in detail any person who may have or claims to have knowledge of the incident(s) or any of the events leading up to the incident(s) or related events occurring thereafter. As to each such person, please state the full name, address (business and home), telephone number (business and home) and occupation including place of employment (address and telephone number) and rank or title if applicable.

**INTERROGATORY NO. 13:**

Identify each person you may call as a fact witness at trial, whether or not identified in answer to another, and briefly state the substance of their testimony.

**INTERROGATORY NO. 14:**

Please identify the person answering these Interrogatories and have them provide a certification as to that fact.

**INTERROGATORY NO. 15:**

Please Identify who was working in the Infirmary on February 5, 2024 during the incident involving ALBERT GRAYER.

**INTERROGATORY NO. 16:**

Identify describe all medical treatment provided to Albert Grayer in 2024.

**INTERROGATORY NO. 17:**

Please identify the person or entity responsible for providing medical treatment at Dixon Correctional Institute (D.C.I.) in 2024.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce copies of all correspondence in which you denied a defense or you or your insurer denied, declined and/or reserved rights regarding your coverage of the liability asserted against you or any defendant named herein in this matter, including correspondence with you or the named insured, its agent and/or broker.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce the camera footage of MR. ALBERT GRAYER's on February 5, 2024, from Unit 1 Bullpen area the lobby and Tiers of the Unit 1 Bullpen, the walk to the infirmary and the infirmary.

**REQUEST FOR PRODUCTION NO. 3:**

Please provide any and all recorded or written statements taken in this matter.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any exhibits which you may offer at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all reports, statements, and all other documentation of the arrest of Maj. ANDREW CUPIL.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce for each expert the following:

a. list of each opinion;

b. list of each fact relied upon for each opinion;

c. all studies and/or tests relied upon for each opinion;

d. rate of compensation paid and/or owing for services; and

e. list of all cases within the past 5 years in which the expert has provided trial or deposition testimony.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce the body worn cam of Maj. ANDREW CUPIL or any other body worn camera footage, Unit 1 Bullpen area from February 5, 2024, of any incident involving MR. ALBERT GRAYER. Also, all legible copies of all photographs, diagrams and/or videotapes taken or drawn by you or on your behalf purporting to show the place or circumstances of the incidents of this matter, and/or MR. ALBERT GRAYER.

**REQUEST FOR PRODUCTION NO. 8:**

Produce copies of all documents referred to or relied upon in formulating your responses to the interrogatories propounded to you.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all accident reports, unusual occurrence reports, incident reports, investigative reports, ambulance run reports, newspaper articles or television news report which relate to the incident in your possession.

**REQUEST FOR PRODUCTION NO. 10:**

Produce the personnel file for all Defendants in this matter, including any arrest reports, all use of force reports and disciplinary matters and separation notices. Please provide all non-privileged, and public information as set fourth in the Louisiana's Public Records Act (La. R.S. 44:1) or any other document allowed per discovery.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce the inmate log, with inmate names and DOC numbers and cell assignments, for all inmates in the area of Unit 1 Bullpen area and those who were working as an orderly **and** all inmates on any other tier where this incident took place on February 5, 2024.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all CERTIFIED medical records for MR. ALBERT GRAYER.

**REQUEST FOR PRODUCTION NO. 13:**

Produce the entire master prisoner file of MR. ALBERT GRAYER, including all ARPs.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all ARPs filed against any of the Defendants herein for the time period of three months before and after February 5, 2024.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce the master prisoner file for any inmate listed by either party as a witness in this matter.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce a copy of ALL depositions, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce a copy of ALL criminal records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce a copy of All social security records, of Plaintiff, obtained by Defendant, from any source.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce a copy of the following for 24 hours both before and after and for February 5, 2024:

a. Tier log book;

b. Dorm log book

c. Unit log book;



Ex 1

d. The camp daily post roster;

e. Tower log book;

f. ATU log book.

g. Key log book

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all records relating to the certification and attendance of any chemical agent class that may have been attended by Maj. ANDREW CUPIL.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all Medical transportation log books involving Mr. ALBERT GRAYER 3 months before and after February 5, 2024.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce the Post roster for February 5, 2024.

Respectfully submitted:

s/Donna U. Grodner
Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX (225) 769-1997
dgrodner@grodnerlaw.com

CERTIFICATE

I do hereby certify that I have served the below listed counsel via fax or e-mail on November 6, 2024.

s/Donna U. Grodner
Donna U. Grodner (20840)

Sebastian Hoffpauir HoffpauirS@ag.louisiana.gov Fax (318) 487-5826



Ex 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALBERT GRAYER | * | CIVIL ACTION NO: 24-663-SDD-RLB |
| | * | |
| v. | * | JUDGE SHELLEY DICK |
| ANDREW CUPIL; and | | |
| STATE OF LOUISIANA THROUGH | * | MAGISTRATE JUDGE |
| LOUISIANA DEPARTMENT OF | * | RICHARD BOURGEGOIS |
| PUBLIC SAFETY AND CORRECTIONS | * | STATE OF LOUISIANA |

**********************************************

**AFFIDAVIT OF VERIFICATION**

**BEFORE ME,** the undersigned Notary Public, duly qualified and commissioned in and for the State and Parish noted above, personally came and appeared ________________, who after being duly sworn to tell the truth, did affirm and verify that he/she supplied and reviewed the Answers to Interrogatories, and Responses to the Requests for the Production of Documents are all Certified true and correct copies, and that the same are the truth, the whole truth, and nothing but the truth.

SWORN TO AND SUBSCRIBED BEFORE ME this________day of _________2024 at, ____________, Louisiana.

______________________________
AFFIANT

______________________________
NOTARY PUBLIC

______________________________
Printed Name:

______________________
No.: