UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ALBERT GRAYER**                                                            **CIVIL ACTION**

**VERSUS**                                                                          **NO. 24-663-SDD-RLB**

**ANDREW CUPIL, ET AL.**

### ORDER

      Before the Court is Plaintiff's Motion to Compel. (R. Doc. 29). The motion is opposed. (R. Doc. 32).

      Plaintiff seeks recovery pursuant to 42 U.S.C. § 1983 and state law for alleged use of excessive force on him while incarcerated at Dixon Correctional Institute. (R. Doc. 4 at 4-9). The State of Louisiana, through the Louisiana Department of Public Safety and Corrections ("DPSC") removed this action. (R. Doc. 1). The Court has denied Plaintiff's attempt to remand this action. (*See* R. Docs. 23, 26).

      On September 10, 2024, **<u>Plaintiff</u>** filed a motion to stay discovery pending adjudication of qualified immunity raised in the DPSC's Answer. (R. Doc. 14; *see* R. Doc. 9). The Court granted the motion, staying discovery until further order of the Court and pending further information from the DPSC as to whether it would file a Rule 12(b)(6) motion raising the defense of qualified immunity. (R. Doc. 16). The DPSC did not reference this alleged defense in the joint status report (R. Doc. 20). Accordingly, the Court issued a Scheduling Order setting deadlines. (R. Doc. 21). The Court, however, did not expressly lift the stay of discovery and neither party filed a motion to lift the stay.

      Having considered the record, including the lack of any Rule 12(b)(6) motion raising the defense of qualified immunity (or any indication the DPSC will file one), the Court will lift the

stay on discovery. The DPSC has made no indication that it intends to pursue a defense of qualified immunity.

That said, given that the instant discovery was served prior to a Court order lifting the stay of discovery, the Court will deny Plaintiff's Motion to Compel. The DPSC shall consider the written discovery served as of the date of this Order.

The Court will require the parties to meet-and-confer and submit a new joint status report requesting any new deadlines in this action. Among other things, it is unclear whether Plaintiff requires new deadlines to proceed against the defendant Andrew Cupil. While Plaintiff obtained an order appointing the U.S. Marshal for Service (R. Doc. 24), that service was returned unexecuted. (R. Doc 28). Plaintiff then submitted proof of service on Andrew Cupil on April 3, 2025. (R. Doc. 28). But Plaintiff has since requested and received new summons with respect to that same defendant. (R. Docs. 30, 31). Plaintiff shall explain in the status report the status of service on the defendant Andrew Cupil.

Given the record,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 29) is **DENIED WITHOUT PREJUDICE**. Plaintiff's Amended First Interrogatories and Requests for Production to Defendants (R. Doc. 29-4) are deemed served as the date of this Order. The stay on discovery is lifted. The DPSC shall respond and/or object to these written discovery responses within 30 days of the date of this Order. The parties shall meet-and-confer prior to the filing of any subsequent motion to compel concerning these written discovery requests.

**IT IS FURTHER ORDERED** that the parties shall submit a joint status report on or before **June 16, 2025** indicating any modification of the deadlines required in light of the previous stay of discovery.

**IT IS FURTHER ORDERED** that Plaintiff's deadline to serve Andrew Cupil, to the extent service has not been perfected, is extended pursuant to Rule 4(m) of the Federal Rules of Civil Procedure to **June 30, 2025.**

**IT IS FURTHER ORDERED** that a telephone status conference is set for **June 25, 2025 at 10:00 a.m. Counsel for plaintiff shall initiate the call to all parties then contact the Court at (225) 389-3602.**

Signed in Baton Rouge, Louisiana, on May 29, 2025.

                                         **RICHARD L. BOURGEOIS, JR.**
                                         **UNITED STATES MAGISTRATE JUDGE**