UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALBERT GRAYER | * | CIVIL ACTION NO: 24-663-SDD-RLB |
| | * | |
| v. | * | JUDGE SHELLY DICK |
| ANDREW CUPIL; and | | |
| STATE OF LOUISIANA THROUGH | * | MAGISTRATE JUDGE |
| LOUISIANA DEPARTMENT OF | * | RICHARD BOURGEOIS |
| PUBLIC SAFETY AND CORRECTIONS | * | STATE OF LOUISIANA |

**********************************************

**STATEMENT OF UNDISPUTED MATERIAL FACTS OFFERED IN RELATION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes plaintiff Albert Grayer who offers the following statement of undisputed material facts relating to his motion for partial summary judgment:

1. Albert Grayer brought this action against Andrew Cupil asserting both federal civil rights violations and state law claims. Additionally, Albert Grayer asserted a claim for *respondeat superior* on the state law claims against the State. Ex 1

2. On August 14, 2024, the State removed this action fro state court to federal court waiving all 11th Amendment immunity. RD 1.

3. Although served with summons, Andrew Cupil has not filed an answer. As such, on October 14, 2025, a PD was entered. RD 51

4. On September 10, 2024, the State filed *Answer* wherein it asserted multiple inapplicable affirmative defenses at RD 9, at 5 of 8 including 1) no fault or negligence on be half of the State (¶ 30); 2) no fault on behalf of Cupil (¶ 31); 3) fault of third party and comparative fault (¶32); 4) sole fault of Albert Grayer (¶ 34); 5) failure to mitigate (¶ 35); 6) injuries caused by unrelated accident or cause (¶ 36); 7) immunity from liability by the state pursuant to La. R.S. 15:574.8 (¶ 37); 8) discretionary immunity pursuant to La. R.S. 92798.1 (¶ 39); 9) negligence of others pursuant to La. R.S. 9:2800 (¶ 40); and 10) any other immunity statute that the state has not pled, but that may apply (¶ 40).

5. The Petition alleges that on February 5, 2024, the incident giving rise to this action occurred at Dixon Correctional Institute (DCI) in Jackson, Louisiana. At all relevant times,

ALBERT GRAYER was an inmate housed at DCI. Defendant Andrew Cupil was employed by the Louisiana Department of Public Safety and Corrections as a Major and was acting within the course and scope of his employment and under color of state law. Exs 1 and 2.

6. The Petition alleges that at approximately 10:00 a.m., Mr. Grayer was walking to a scheduled call-out near the Unit 1 bullpen when M.Sgt. Jones asked, "Where the fuck is your ugly ass going?" Mr. Grayer repeated the statement back to her and began walking away. M.Sgt. Jones and Major Cupil immediately approached him, and Major Cupil asked, "Who the fuck do you think you are talking to?" Mr. Grayer was escorted back inside, where Major Cupil drew his chemical agent and threatened to spray him if he said another word. Exs 1 and 2.

7. The Petition alleges that Major Cupil then physically assaulted Mr. Grayer, repeatedly punching him in the face and head in view of a surveillance camera. As Mr. Grayer attempted to protect himself, his hand was broken and a knuckle was displaced. The assault continued despite M.Sgt. Jones yelling for Major Cupil to stop and ended only after another officer intervened. As a result of the attack, Mr. Grayer sustained injuries including facial trauma, damage to his left eye, loose teeth, a broken hand, head disfigurement, recurring seizures, and persistent headaches. Exs 1 and 2.

8. The Petition alleges that following the assault, Mr. Grayer was taken to the prison infirmary and placed in lockdown. After suffering a seizure the following day, he was transported to Our Lady of the Lake Regional Medical Center for treatment. Although Major Cupil was subsequently arrested and terminated from his employment, Mr. Grayer has not received adequate medical care for his injuries and continues to suffer lasting effects despite seeking treatment. To the extent any failure-to-mitigate defense is asserted, any lack of appropriate medical care is attributable to DCI and the Louisiana Department of Public Safety and Corrections. Upon information and belief, Major Cupil assaulted several other inmates. Exs 1 and 2.

9. Louisiana law prohibits the use of corporal punishment against inmates. See La. R.S. 15:829; LAC 22:3309(B); and Department Regulation No. C-02-006(6)(b)-(d). These authorities require the Department of Public Safety and Corrections to maintain rules governing inmate discipline while expressly prohibiting corporal punishment. Violation of these statutory and regulatory provisions is evidence of unreasonable conduct.

10. Mr. Grayer declared that the facts found in his Petition are true and correct under penalty of perjury. He further described what is shown in the video. Ex 2.

11. The video footage labeled "Angle 1 – Bullpen Holding Cage" and "Angle 2 – Bullpen Holding Cage" that was received through discovery in the Albert Grayer matter shows an attack by Cupil, who was in uniform and obviously in the course and scope attacking Albert Grayer. See video

12. At approximately 00:30, Albert Grayer entered the Bullpen holding cage area with another inmate and began walking toward the exit door. At approximately 00:36, Mr. Grayer returned to the Bullpen area and spoke with Master Sergeant Cami Jones, who appeared to be yelling at him. See video

13. At approximately 00:40, Mr. Grayer again walked out of the Bullpen holding cage area. See video

14. At approximately 00:42, Master Sergeant Jones and Major Andrew Cupil pulled Mr. Grayer back inside the Bullpen holding cage area. At approximately 00:45, after Mr. Grayer was pulled back inside, Major Cupil removed a can of spray and appeared to point it at Mr. Grayer. At that point, Mr. Grayer was no longer visible on the camera identified as "Angle 2 – Bullpen Holding Cage." See video

15. The "Angle 1 – Bullpen Holding Cage" camera continues to show the incident. At approximately 00:45, Major Cupil removed his can of spray and appeared to threaten Mr. Grayer with it. At approximately 00:47, Mr. Grayer was standing against the wall while Major Cupil attempted to open the cage and continued yelling at him. See Video

16. At approximately 00:54, Major Cupil opened the cage, turned toward Mr. Grayer, and struck him. At approximately 00:56, Major Cupil struck Mr. Grayer in the face and head multiple times while Major Cyce Hollier came from behind Mr. Grayer and began pulling him away from the hold Major Cupil had on him. See Video

17. At approximately 01:04, additional guards arrived and attempted to separate Major Cupil from Mr. Grayer. At approximately 01:15, Major Cupil returned and appeared to continue yelling at Mr. Grayer while he stood against the wall. See Video

18. At approximately 01:19, other guards escorted Major Cupil away while Warden Haley placed Mr. Grayer inside the cage. By approximately 01:25, everyone had left the area except for Mr. Grayer, who remained inside the cage. See Video

19. Albert Grayer was struck in the face and head after which he was assessed in medical for head swelling, bleeding and injury to his right hand.[1]

20. Due to the incident he had a childhood seizure condition that had become benign, but which active due to the strikes to the head with increased seizure activity.[2]

21. The increased seizure activity was termed "breakthrough seizure secondary to recent head trauma."[3]

22. He continues to have problems with the seizures, his vision and continues to treat.

23. The State was sued only on respondeat superior for its vicarious liability for the state law battery claim. As set forth in the Plaintiff's Petition [Ex 1], there is no respondeat superior pled on the federal constitutional claims.

24. Andrew Cupil was in the course and scope of his employment at the time of the incident. The video shows Cupil in uniform and on the prison premise at the time of the attack.

---

[1] Ex 4, Medical Records at 293.

[2] Ex 4, Medical Records at 355-356.

[3] Ex 4, Medical Records at 356.

25. La. R.S. 9:2800[4] applies to liability for defects in buildings, and does not appear to apply to this case.

26. The state may offer no medical record to support these defenses of failure to mitigate and that the injury was caused by unrelated medical conditions.

27. Defendants invoke La. R.S. 9:2798.1, claiming Andrew Cupil exercised discretion while at the same time claiming the following:

> The Louisiana Department of Public Safety and Corrections denies all claims by Plaintiff herein. Further, the State avers that any actions taken by Andrew Cupil were criminal acts. Accordingly, vicarious liability does not attach to the State in this scenario and the State is not liable for any alleged damage caused.[5]

28. Sate law and Department regulations stripped Andrew Cupil of any such discretion to use force on an inmate who was not resisting and not attempting to flee.

29. The Employee Handbook issued by the DOC[6] provides:

> 3. **ABUSE OF OFFENDERS, CORPORAL PUNISHMENT OR USE OF UNNECESSARY OR EXCESSIVE FORCE:**
>
> No employee shall abuse an offender for any reason. Forms of abuse include, but are not limited to, the following actions:
>
> • Verbal abuse;
> • Harassment;
> • Damaging, destroying, or otherwise abusing an offender's belongings through willful act or gross negligence; and
> • Physical abuse.
>
> Force may be used only in accordance with Department Regulation No. OP-A-16 "Use of Force" and unit procedures. The force used shall be proportional to the threat and shall cease when the resistance ceases. Necessary force may include the use of physical contact, chemical agents and munitions, restraints, electronic muscular disruption devices, less lethal weapons, and firearms.
>
> In addition, Department Regulation No. OP-A-16 "Use of Force" gives

[4] "(A.) A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody."

[5] RD 37, at 3 ¶ B (2).

[6] Ex 5 CORRECTIONS SERVICES EMPLOYEE MANUAL LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, at 41-42, Part 1 Employee Rules Rule 3.

specific guidelines relative to: Self-defense, defense of others (whether employees, offenders, or visitors), prevention of serious damage to property, prevention of the commission of a crime (including but not limited to escape), and enforcement of rules and regulations to the extent necessary to reach compliance.

**NOTE:** The following uses of force are considered abuse and are expressly prohibited:

• **CORPORAL PUNISHMENT -** The infliction of physical pain on an offender for punishment is **ABSOLUTELY FORBIDDEN**;

• **UNNECESSARY FORCE -** Force that cannot reasonably be justified by the facts of the situation is **ABSOLUTELY FORBIDDEN**;

• **EXCESSIVE FORCE -** Force beyond that which is reasonable and apparently necessary to control a situation where some force is needed is **ABSOLUTELY FORBIDDEN**.

30. The attack caused recurrence of seizure activity, consistent headaches, injury to his face, damage to the left eye, loose teeth, broken hand, and disfigurement of his head. ALBERT GRAYER was taken to the infirmary and then placed in lockdown when he had the first seizure. It was not until the next day he was taken to OLOL for treatment. Major Cupil was arrested and terminated.[7]

31. La. R.S. 15:829, which allows the Secretary of the Louisiana Department of Public Safety and Corrections to enact rules and regulations governing inmates and guards, provides that corporal punishment of inmates is forbidden. See also, LAC 22:3309 (B) and see Department Regulation No. c-02-006 (6)(b)(c)(d).

A. The secretary of the Department of Public safety and Corrections shall prescribe rules and regulations for the maintenance of good order and discipline for inmates sentenced to the legal custody of the department whether housed in local or state facilities, which rules and regulations shall include procedures for dealing with violations thereof. A copy of such rules and regulations shall be furnished each inmate. **Corporal punishment is prohibited.**

32. Violation of a state statute evidences unreasonable conduct.

WHEREFORE, plaintiff Albert Grayer respectfully prays that this statement of undisputed material be deemed proper in the premise.

[7] Ex 1 ¶¶ 13-14 and Ex 2.

Respectfully submitted:

s/ Donna U. Grodner

Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX (225) 769-1997
dgrodner@grodnerlaw.com

CERTIFICATE

I hereby certify that on July 13, 2026, a copy of the foregoing was filed and served electronically with the Clerk of Court using the CM/ECF system.

s/Donna Grodner

Donna U. Grodner (20840)