DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
STATE OF LOUISIANA
DIXON CORRECTIONAL INSTITUTE

JEFF M. LANDRY
GOVERNOR

GARY E. WESTCOTT
SECRETARY

CERTIFICATION OF RECORDS
*********************************

Date: July 9, 2025

To: Office of Attorney General Liz Murrill

From: Dixon Correctional Institute
Molly Maxwell

RE: Albert Grayer vs. Andrew Cupil, et al (USM 24-663)

To Whom It May Concern:

The attached are true certified copies of Dixon Correctional Institute's Investigative File for the mentioned case. This file was prepared by an administrative personnel designated by the Warden, whose responsibility is to provide the requested documents from Dixon Correctional Institute.

7.9.25
Date

Molly G. Maxwell

Ashley Bradley
#60357
Ex-Officio Notary
Dept. of Public Safety
&Correction

EXHIBIT
2

**Department of Public Safety & Corrections**
**State of Louisiana**
Dixon Correctional Institute

JEFF M. LANDRY
GOVERNOR

JAMES M. LE BLANC
SECRETARY

The following case and included thumb drive was delivered to East Feliciana Parish District Attorney's Office from Dixon Correctional Institute's Investigation's Department on 3-1-24.

(1) 8g thumb drive containing video footage and audio recordings and case file labeled as DCI-24-B-129. Andrew Cupil Arrest

Delivered By Signature - Col. [signature]

Received By Signature - [signature]

Please feel free to call the DCI Investigations Department if any other information is needed.
(225)634-[redacted]

Colonel Ronald Welch ext. [redacted]
Major Antrinetta Tate ext. [redacted]

**Department of Public Safety & Corrections**
State of Louisiana
Dixon Correctional Institute

JEFF M. LANDRY
GOVERNOR

JAMES M. LE BLANC
SECRETARY

| | |
|---|---|
| **TO:** | **E. DUSTIN BICKHAM**<br>**WARDEN** |
| **FROM:** | **COL RONALD WELCH**<br>**INVESTIGATIVE SERVICES** |
| **DATE:** | **FEBRUARY 9, 2024** |
| **RE:** | **EXCESSIVE USE OF FORCE**<br>**MAJOR ANDREW CUPIL EMP: [redacted]**<br>**INMATE ALBERT GRAYER #389690** |
| **CASE #:** | **DCI-24-B-129** |

## SYNOPSIS

On February 5, 2024, Col. Welch of Investigative Services was advised by Assistant Warden Huey Haley that a physical altercation took place involving Major Andrew Cupil and Inmate Albert Grayer on Unit 1 in the Bull Pen area at approximately 9:56 A.M. Major Cupil struck Inmate Grayer in the face with his fist numerous times while holding a canister of chemical agents using the canister as a weapon after a verbal encounter. Inmate Grayer did not pose an immediate threat to Major Cupil or security staff or physically resist before this physical altercation. Major Cupil was placed in Leave during this investigation.

## PERSONS INVOLVED

**Major Andrew Cupil EMP: #[redacted]**
**Lt. Col. Alvin Matthews EMP: #[redacted]**
**Major Cayce Hollier EMP: #[redacted]**
**MSgt. Cami Jones EMP: #[redacted]**

**Inmate Albert Grayer #389690**

## NARRATIVE

On February 5, 2024, Col. Welch of Investigative Services met with Unit 1 Assistant Warden Huey Haley who expressed concern over a physical altercation that took place at approximately 9:56 A.M. on February 5, 2024 at the Bull Pen side door involving Major Andrew Cupil EMP: #[redacted] and Inmate Albert Grayer #389690. Assistant Warden Haley informed Col. Welch that after the incident he reviewed camera footage and observed Major Cupil strike Inmate Grayer in the face numerous times while holding a canister of chemical agent. Major Cupil appeared to use

this canister as a weapon. Inmate Grayer appeared to pose no physical threat to Major Cupil or security staff before this physical altercation.

Assistant Warden Haley produced a video that was downloaded onto a thumb drive that contained video footage of the incident. Col. Welch reviewed the video footage and observed Inmate Grayer at the door near the Bull Pen cages. Inmate Grayer appears to be talking to someone in the Bull Pen and then exits the building. A short time later, MSgt. Cami Jones and Major Cupil run out of the door and bring Inmate Grayer back inside. Major Cupil appears to be upset with Inmate Grayer and holds a canister of chemical agent in his right hand as if about to spray Inmate Grayer. After a brief verbal encounter, Major Cupil walks to the cages and goes to open the cage, turns his back to Inmate Grayer. Major Cayce Hollier walks into the area and stands by to observe. Inmate Grayer is leaning on the wall and can be seen saying something to Major Cupil but does not appear to pose any physical threat to Major Cupil or other security officers. Major Cupil suddenly swings his right hand and backhands Inmate Grayer while holding the canister of gas striking him in the face. Major Cupil begins punching Inmate Grayer repeatedly. Major Hollier immediately responds and assisted by grabbing Inmate Grayer from behind in an attempt to stop the fight and bring the situation under control. Major Cupil continues to punch Inmate Grayer numerous times in the face and body as Major Hollier is trying to stop the fight. MSgt. Cami Jones and Lt. Col. Alvin Matthews appear and attempt to separate Major Cupil and Inmate Grayer. Lt. Col. Matthews grabs Major Cupil by the shoulder and arm to try and stop the fight. Major Cupil pushes Lt. Col. Matthews away and continues to punch Inmate Grayer. Inmate Grayer does not appear to be resisting and ducks down to protect himself. Lt. Col. Matthews again intervenes and finally pulls Major Cupil away. Major Hollier puts Inmate Grayer on the wall who offers no resistance. Assistant Warden Haley appears and assists Major Hollier in restraining and placing Inmate Grayer in the cage. A short time later, Assistant Warden Haley opens the cage, readjusts the restraints and removes Inmate Grayer from the area. This video is labeled as **EXHIBIT 1** and will be maintained in the case file.

Col. Welch and Assistant Warden Haley met Major Cupil at Investigative Services. Col. Welch advised Major Cupil that this interview would be audio recorded. Assistant Warden Haley advised Major Cupil of his Miranda Warnings who stated that he fully understood and signed a Waiver of Rights Form, labeled as **EXHIBIT 2**. Major Cupil agreed to answer all questions without a lawyer present. Col. Welch asked Major Cupil to explain the events leading up to the physical confrontation with Inmate Grayer and his account of the incident. Major Cupil advised that he overheard Inmate Grayer disrespect MSgt. Jones. He and MSgt. Jones immediately took action and brought Inmate Grayer back inside. Major Cupil advised that Inmate Grayer continued to be verbally disrespectful. Major Cupil showed him the can of chemical agents and threatened to spray him if he did not stop. Major Cupil explained that he went to open the cage door to place Inmate Grayer in the cage, it is alleged that Inmate Grayer said something to get his attention. When he turned around, Inmate Grayer punched him in the eye. Major Cupil advised that after being punched he defended himself and pushed Inmate Grayer back. Major Cupil denied punching Inmate Grayer in the face. Major Cupil gave a voluntary handwritten statement, labeled as **EXHIBIT 3** that reads verbatim, "*On 2-5-24 I Major Andrew Cupil was escorting an inmate to the holding cage. After he had verbally disrespected myself and Sgt. Jones. I brought him to the cage, he was still be disrespectful. I showed him the can of Freeze Plus P and order to stop. He complied. I turned to open the cage to put him in there. As I was opening the cage he got my attention. As I turned around to see what he wanted that is when he punched me in the face and kept on punching on me. I defended myself by push him off me Major Hollier, Lt. Col. Matthews came and assisted. The inmate was placed in the cage.*"

Col. Welch took photographs of Major Cupil and injuries sustained in the altercation with Inmate Grayer. Col. Welch observed a bandage on Major Cupils right hand that covered a laceration to the first knuckle and finger. Col. Welch did not observe any obvious swelling to Major Cupil's face. These photographs will be maintained in the case file and labeled as **EXHIBIT 4.**

Col. Welch and Assistant Warden Haley met MSgt. Cami Jones at Investigative Services. Col. Welch advised MSgt. Jones that this interview would be audio recorded. Assistant Warden Haley advised MSgt. Jones of her Miranda Warnings who stated that she fully understood and signed a Waiver of Rights labeled as **EXHIBIT 5**. MSgt. Jones submitted a voluntary statement, labeled as **EXHIBIT 6** that reads verbatim, "*As I MSgt. Cami Jones was securing C/D door. I was approached by inmate Albert Grayer asking to report to Unit One accucheck. I told the inmate he may exit but he decided to stop and talk with an inmate that was placed in the Bull Pen Cage. I, MSgt. Camii Jones then stated "Yall dudes act like yall slow" while locking the door. As I turned to tell the inmate Grayer to report to accucheck he then stated "No bitch you all as slow as you look." Major A. Cupil and myself followed the inmate Grayer out of the Bull Pen side door asking him to repeat himself. Major Cupil then stated to the inmate "Aye man get in the cage" you not about to disrespect any female officer her!! Then inmate turned to walk toward the cage to be placed in by Major Cupil. I MSgt. Cami Jones then walked back toward the Bull Pen desk. At a moment's time I heard Major Cupil keys rattling so Major Hollier and myself rushed back to the cage to assist Major Cupil. Upon arrival I stated to Major Cupil to stop in being that he and the inmate were in a physical tussle. As major Hollier grabbed the inmate, Major Cupil then stepped aside stating that inmate Grayer hit him in the eye. Warden H. Haley and Lt. Col. A. Matthews then escorted the inmate to the infirmary. That concludes this statement.*"

MSgt. Jones informed Col. Welch that she did not witness Inmate Grayer punch Major Cupil, she does not know how the physical altercation started. MSgt. Jones advised that when she walked off Major Cupil was putting Inmate Grayer in the cage. She was alerted to something going on by the jingling sound of the keys and rushed to assist.

Col. Welch and Assistant Warden Haley met with Major Cayce Hollier at Investigative Services. Col. Welch advised Major Hollier that this interview would be audio recorded. Assistant Warden Haley advised Major Hollier of his Miranda Warnings which he stated that he fully understood and signed a Waiver of Rights Form labeled as **EXHIBIT 7**. Col. Welch asked Major Hollier to give a statement events of the incident involving Major Cupil and Inmate Grayer. Major Hollier gave a hand written statement, labeled as **EXHIBIT 8** that reads verbatim, "*In regards to the incident involving myself Major Hollier, Major Andrew Cupil and Inmate Albert Grayer #389690. I Major Hollier was in the Compound -1 Major Office finishing paperwork from my shift. At that time I heard a male and female yelling in the holding cage area. I then responded to that area and observed this inmate in a verbal altercation with Major Cupil. To my understanding the verbal altercation was due to the inmate yelling or cursing at MSgt. Jones. As I entered the area I observed Major Cupil with the can of gas (chemical agents) in his right hand while Major Cupil was opening the cage. This inmate loudly yelled at Major Cupil at which time Major Cupil hit the inmate in the face. I grabbed the inmate to assist with getting the situation under control. Once it was under control I Major Hollier along with Lt. Col. Alvin Matthews placed this inmate in hard restraints and placed him in the holding cage. At no time in my career of working for or with Major Cupil I have never known or seen Major Cupil to use excessive force.*"

Col. Welch and Assistant Warden Haley met with Lt. Col. Alvin Matthews in Investigative Services. Col. Welch advised Lt. Col. Matthews that this interview would be recorded. Assistant Warden Haley advised Lt. Col. Matthews of his Miranda Warnings which he stated that he fully understood and signed a Waiver of Rights Form labeled as **EXHIBIT 9**. Col: Welch asked Lt. Col. Matthews of his involvement and observations of the incident involving Major Cupil and Inmate Grayer. Lt. Col. Matthews gave a written statement, labeled as **EXHIBIT 10** that reads verbatim, "*On the above date and time I witnessed Major Andrew Cupil striking an unknown Inmate in the face. I grabbed Major Cupil and told him to calm down. Major Cupil pushed me off of him and replied "Fuck that, he hit me." Major Cupil then went back and started striking the Inmate in the face once again. I pulled major Cupil off of the Inmate in which the finally complied by leaving the area. At no time did I see this Inmate hit Major Cupil or any other officer. Warden Haley was notified of the incident.*"

Col. Welch and Assistant Warden Haley met Inmate Albert Grayer at the infirmary in Isolation 1 Room. Col. Welch advised Inmate Grayer that this interview would be recorded. Assistant Warden Haley advised Inmate Grayer of his Miranda Warnings which he stated that he fully understood and signed a Waiver of Rights Form, labeled as **EXHIBIT 11**. Col. Welch asked Inmate Grayer to go over the details of the incident involving Major Cupil on February 5, 2024. Inmate Grayer verbally informed Col. Welch that he was going to the infirmary for a callout. As he and MSgt. Jones conversed MSgt. Jones called him an "ugly ass dude" or something like that. Inmate Grayer then advised that he just repeated what she told him but back to her then left out the door. Inmate Grayer heard footsteps behind him and he stopped. He was brought back inside. Inmate Grayer explained that Major Cupil was upset about calling MSgt. Jones ugly. Inmate Grayer defended his comment of calling MSgt. Jones ugly by stating to Major Cupil that "I was just repeating what she said to me". Inmate Grayer advised that Major Cupil was going to lock him up and put him in the cage. At this time Inmate Grayer admitted that he loudly expressed his frustration by calling Major Cupil a "Pussy Ass Nigga" and stated that he was already locked up. Major Cupil then swung and hit Inmate Grayer in the face. Inmate Grayer advised that he did not swing or hit Major Cupil or any other security officer and Major Hollier came in and grabbed him, shielding him from being hit by Major Cupil. Inmate Grayer advised that he arrived at DCI in November of 2023 and has had no issues with Major Cupil, MSgt. Jones or any other security until this incident. Inmate Grayer did not wish to give a written statement.

Col. Welch took photographs of Inmate Grayer that showed slight swelling to his left eye and a superficial scrap to his forehead. Inmate Grayer had a swollen right hand but Inmate Grayer advised that this injury was from a few weeks ago when he got into a fight with another inmate after catching him in his box. These photographs will be maintained in the photograph log.

Col. Welch downloaded all audio recording of the interviews, labeled as **EXHIBIT 12**. These recordings will be maintained in the case file.

Col. Welch gathered a medical summary for Major Cupil, labeled as **EXHIBIT 13**. Major Cupil declared that he had an injured right hand knuckle, wrist and a swollen left eye and described the incident in detail that reads verbatim, "*Inmate refused to go into the cage. I turned and faced him that is when he punched me in my left eye.*" Treatment provided states verbatim, "*Pt. presents to infirmary after altercation with inmate. Pt has abrasions to right first finger, right knuckle, left wrist laceration, right knuckle laceration, ring finger laceration left index finger abrasion. All*

*sites cleaned with wound cleanser and Neosporin applied with band aid dry over lacerations and abrasions."*

Col. Welch gathered a medical summary for Inmate Albert Grayer, labeled as **EXHIBIT 14** that reads verbatim, "*Inmate seen in infirmary after altercation with officer. Inmate c/o pain/discomfort to left forehead area two small red spots noted above eye small abrasion to top of nose noted and Inmate also c/o tenderness to inner bottom lip small laceration noted no bleeding at this time. Inmate able to MAE without difficulty upon assessment also Inmate says he has an old injury to his right hand with no new c/o related. Inmate given 650mg Tylenol by mouth for pain tol well. Inmate ambulates with steady gait released to security in stable condition.*"

**Investigator's Note**: Col. Welch gathered several other medical summaries for Inmate Grayer due to Inmate Grayer having several seizures after the altercation with Major Cupil. Inmate Grayer does have a history of seizures prior to this incident.

Col. Welch gathered a Shift Roster, dated February 5, 2024, labeled as **EXHIBIT 15** that shows Major Cupil assigned to Unit 1 Major and MSgt. Jones assigned to Unit 1 Bull Pen.

Col. Welch gathered a copy of the Unit 1 log book, dated February 5, 2024, labeled as **EXHIBIT 16** that shows documentation of Major Cupil being in a physical altercation with an inmate at 10:00 A.M.

After gathering all information and reviewing video footage Col. Welch and Assistant Warden Haley concluded that there was sufficient probable cause to charge Major Andrew Cupil criminally. On February 7, 2024, at 10:00 A.M. Col. Welch contacted Major Cupil via cellphone and gave Major Cupil a direct verbal order to report to Dixon Correctional Institute on this date. Major Cupil advised that he was in Jackson Mississippi but would report to Dixon Correctional Institute as requested. Major Cupil did state that he would be contacting his Union Representative. At 2:00 P.M. Col. Welch again contacted Major Cupil via cellphone. Major Cupil advised that he was close but was waiting on a Union Representative to call him back. Col. Welch again gave Major Cupil a direct verbal order to report to Dixon Correctional Institute on this date. Major Cupil advised that he understood. Col. Welch attempted to contact Major Cupil again at 3:30 P. M., 4:00 P.M. and 4:30 P.M. Each time leaving a voice message to return my calls. Major Cupil disobeyed numerous direct verbal orders to report to Dixon Correctional Institute. As of February 8, 2024 at 5:00 P.M. Col. Welch has not been able to contact Major Cupil.

On February 8, 2024, a warrant for the arrest of Major Andrew Cupil was submitted and was signed by 20th Judicial District Judge Katherine Jones for the charges of LRS 14:34 Aggravated Battery and 14:134 Malfeasance in Office.

Inmate Grayer arrived at Dixon Correctional Institute on November 6, 2023 serving a (9) nine year sentence for (4) four counts of Simple Burglary out of the 21st Judicial District Court in Tangipahoa Parish, La. See Inmate Grayer's Master Record, labeled as **EXHIBIT 17.** Inmate Grayer has been written up (2) two times since his arrival in November of 2023, but a total of (276) two hundred-seventy six times since June 1, 2012. See Inmate Grayer's Conduct Summary, labeled as **EXHIBIT 18.**

## EXHIBITS

1. **Video footage Unit 1 Bull Pen.**
2. **Waiver of rights for Major Andrew Cupil.**
3. **Voluntary statement from Major Andrew Cupil.**
4. **Photograph Log.**
5. **Waiver of Rights for MSgt. Cami Jones.**
6. **Voluntary statement for MSgt. Cami Jones.**
7. **Waiver of Rights for Major Cayce Hollier.**
8. **Voluntary statement for Major Cayce Hollier.**
9. **Waiver of Rights for Lt. Col. Alvin Matthews.**
10. **Voluntary statement for Lt. Col. Alvin Matthews**
11. **Waiver of Rights for Inmate Albert Grayer.**
12. **Audio recordings of interviews.**
13. **Medical Summary for Major Andrew Cupil.**
14. **Medical Summary for Inmate Albert Grayer.**
15. **Shift Roster dated February 5, 2024.**
16. **Copy of Unit 1 Bull Pen log book, dated February 5, 2024.**
17. **Copy of Inmate Grayer's Master Prison Record.**
18. **Copy of Inmate Grayer's Conduct Summary.**

## CONCLUSION

On February 5, 2024, Col. Welch of Investigative Services was advised by Assistant Warden Huey Haley that a physical altercation took place involving Major Andrew Cupil and Inmate Albert Grayer on Unit 1 in the Bull Pen area at approximately 9:56 A.M. Major Cupil struck Inmate Grayer in the face with his fist numerous times while holding a canister of chemical agents using the canister as a weapon. Inmate Grayer did not pose an immediate threat to Major Cupil, security staff or physically resist before this physical altercation began.

After reviewing video footage, conducting interviews of all parties involved and gathering all documentation it was determined that Major Andrew Cupil knowingly used excessive and unnecessary force against Inmate Grayer. It is apparent after reviewing video footage that a verbal encounter took place between Major Cupil and Inmate Grayer prior to Inmate Grayer being physically attacked by Major Cupil. Video footage revealed Major Cupil striking Inmate Grayer with a closed fist in the face numerous times with his right hand while holding a canister of chemical agents, adding weight to the punch. Video footage shows that Inmate Grayer did not pose a physical threat to Major Cupil or other security staff at any time prior to this incident. Video footage shows that Lt. Col. Matthews and Major Hollier attempted to intervene and stop the physical altercation. Major Cupil pushed Lt. Col. Matthews away and continued striking Inmate Grayer with his fist.

Major Cupil was interviewed and was adamant that Inmate Grayer was the aggressor by punching him in the eye. Major Cupil stated that he then defended himself by pushing Inmate Grayer away. Major Cupil denied punching Inmate Grayer at any time. Video footage shows that Inmate Grayer did not punch Major Cupil and that Major Cupil struck Inmate Grayer numerous times in the face with closed fist.

Witness statements are consistent and indicates that at no time did anyone witness Inmate Grayer strike Major Cupil.

Major Andrew Cupil being an experienced mid-level supervisor is familiar with the need for professional and ethical treatment of all staff and Inmates as well as the observance of proper security and safety procedures. Investigators believe Major Cupil failed to perform his duties in an ethical and professional manner.

The willful acts of misconduct cannot be ignored and should be considered for disciplinary action. Major Cupil was found to have violated Employee Rule #3, **Abuse of Offenders, Corporal Punishment or Use of Unnecessary or Excessive Force** which states "No employee shall abuse an offender for any reason. Forms of abuse include, but are not limited to, the following actions:
- Verbal abuse;
- Harassment;
- Damaging, destroying, or otherwise abusing an offender's belongings through willful act or gross negligence; and
-Physical abuse.

Force may be used only in accordance with Department Regulation No. OP-A-16 "Use of Force" and unit procedures. The force used shall be proportional to the threat and shall cease when the resistance ceases. Necessary force may include the use of physical contact, chemical agents and munitions, restraints, electronic muscular disruption devices, less lethal weapons, and firearms.
In addition, Department Regulation No. OP-A-16 "Use of Force" gives specific guidelines relative to: Self-defense, defense of others (whether employees, offenders, or visitors), prevention of serious damage to property, prevention of the commission of a crime (including but not limited to escape), and enforcement of rules and regulations to the extent necessary to reach compliance. Page 42

**NOTE:** The following uses of force are considered abuse and are expressly prohibited:
**-CORPORAL PUNISHMENT** - The infliction of physical pain on an offender for punishment is **ABSOLUTELY FORBIDDEN**;

**-UNNECESSARY FORCE** - Force that cannot reasonably be justified by the facts of the situation is **ABSOLUTELY FORBIDDEN**;

**-EXCESSIVE FORCE** - Force beyond that which is reasonable and apparently necessary to control a situation where some force is needed is **ABSOLUTELY FORBIDDEN."**

Major Cupil was found to have violated Employee Rule #10 **Falsifying Documents or Making False Statements** which states "Knowingly making false statements or deliberately omitting important facts on official reports or documents or in other work-related circumstances is forbidden. This includes, but is not limited to, certification of illness/doctor's excuse, disciplinary reports, incident reports, log books, investigation reports, unusual occurrence reports, accident reports, employee violation reports, time and attendance records, travel expense records, accounting records, and job applications, as well as knowingly making false statements or deliberately omitting material facts to any person conducting an investigation for the Department or for another local, state, or federal agency."

Major Cupil was found to have violated Employee Rule #13 **Malfeasance-Aggravated (q)** which states "Employees shall cooperate with all Department and/or unit investigations and inquiries."

On February 14, 2024, Major Andrew Cupil was arrested and booked in the East Feliciana Parish Prison on the criminal charges of LPR 14:34 Aggravated Battery and LRS 14:134 Malfeasance in Office.

Col Ronald Welch
Investigative Services

cc:Case file

JEFF M. LANDRY
GOVERNOR

JAMES M. LE BLANC
SECRETARY

February 14, 2024

TO: James M. Le Blanc
Secretary

FROM: E. Dustin Bickham
Warden, DCI

RE: Category B Incident (Employee Arrest)

This notification is being made in accordance with Dept. Reg. AM-I-4.

On February 5, 2024, Assistant Warden Huey Haley and Colonel Ronald Welch were notified of an alleged staff on inmate physical altercation involving Major Andrew Cupil and inmate Albert Grayer #389690. DCI Investigative Staff initiated an investigation into the matter and Major Cupil was placed on leave.

After an extensive review of video footage and statements collected from witnesses, DCI Investigators found that Major Cupil used excessive force and committed Aggravated Battery upon inmate Grayer. Video footage showed Major Cupil physically striking inmate Grayer with a closed fist while holding a can of chemical agent in his hand.

On February 7, 2024, Major Cupil was given a direct verbal order to report to DCI Investigations Office, which he refused. On February 8, 2024, a warrant for arrest was issued charging Major Andrew Cupil with LRS 14:34 Aggravated Battery, LRS 14:134 Malfeasance in Office.

On February 14, 2024, Major Cupil turned himself into East Feliciana Sheriff's Office and was arrested for LRS 14:34 Aggravated Battery, LRS 14:134 Malfeasance in Office. Major Cupil is on leave pending the disciplinary process.

Please contact me if any further information is needed.

EDB/hw



Ex 10



Ex 10

Master Data
11/06/2023 12:56 PM



DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES - DCI
Last updated by CONTROL CENTER on 2/9/2024 at 11:14:06 AM

DOC Number 389690
Last Name GRAYER First Name ALBERT
Race
Arrival Date 11/06/2023

## Assignment

| | | | |
|---|---|---|---|
| LIVING ASSIGNMENT | DORM G UNIT 1<br>Bed 22 | SID NUMBER | COVID Vaccination Status: |
| ACTUAL LOCATION | CELLBLOCK C | WORK | CREW 1- BIG STRIPE (C-1) |
| INTRANSIT<br>SCANNED FILE | ◯ Yes ◯ No | ESCAPE RISK<br>SPECIAL PROGRAM(S) | No |
| SECURITY LEVEL<br>AUTHORIZATION | Med<br>MED | | |
| SEX OFFENDER<br>INVOLVING MINOR? | NO<br>NO | PREA | RED |
| | | DIALYSIS | |

Comments: D/C FR INF PER NURSE ROBBIE [redacted]
ADMIT INF PER NURSE MIKE [redacted] (RET TO CBC WHEN D/C FR INF)
INVEST PER WARDEN HALEY & 2R3'S PER MAJOR CUPIL [redacted]

## Identification

| | |
|---|---|
| HEIGHT | EYE COLOR |
| WEIGHT | HAIR COLOR |
| SHOE SIZE | COMPLEXION |

## Evacuee Information

| | | |
|---|---|---|
| ◯ BOP | ◯ Hold for Jefferson | ◯ RCC |
| ◯ DWCC | ◯ Hold for Orleans | ◯ Rita |
| ◯ FWADE | ● JLDCC | ◯ SHRC |
| ◯ Hold for EHCC | ◯ Katrina | |

DCI
PRIDE PGM:

Ex 10

# 20TH JUDICIAL DISTRICT COURT
# PARISH OF EAST FELICIANA
# STATE OF LOUISIANA

**ITEM NUMBER:**
**DCI-24-B-129**

**WARRANT NUMBER:**

## AFFIDAVIT FOR ARREST WARRANT

STATE OF LOUISIANA
VERSUS
ANDREW LOUIS CUPIL - BLACK/AFRICAN AMERICAN/MALE
DOB: [redacted]

[redacted]

DL/ID #: MS [redacted]
SSN: [redacted]
Height: 5' 11"
Weight: 231
Eye Color: Brown
Hair Color: Black
D/M: NONE

I, Deputy Huey Haley, with the East Feliciana Parish Sheriff's Office, certify under oath based on the information outlined below, that there is probable cause to believe ANDREW LOUIS CUPIL on or about the date(s) of 02-05-2024 did commit:

1 Count(s) of 14:34-- Aggravated Battery-- (Misdemeanor)
1 Count(s) of 14:134-- Malfeasance in Office-- (Felony)

within this State and Parish at: Grounds of Dixon Correctional Institute, Compound One Bullpen in East Feliciana Parish and the jurisdiction of the 20th Judicial District Court, contrary to the form of the statutes of the State of Louisiana in such case made and provided, and against the peace and dignity of the same, in that the following did occur:

On February 5, 2024, I Asst. Warden Huey Haley a duly commissioned deputy with the East Feliciana Parish Sheriff's Office and Col. Ronald Welch, Chief Investigator at Dixon Correctional Institute were notified of a physical altercation and or excessive force involving Inmate Albert Grayer # 389690 and Major Andrew Cupil. Investigators downloaded video footage of the incident. After an extensive review of video footage from the area where the incident occurred. Investigators interviewed and gathered handwritten statements from security personnel in the immediate area at the time of the incident. Investigators interviewed Inmate Grayer and received a verbal statement of his account of what took place prior to the incident.

On February 6, 2024. Investigators with Dixon Correctional Institute concluded the investigation into the incident involving Major Andrew Cupil. Investigators found that Major Andrew Cupil Knowingly used excessive force and committed battery upon Inmate Albert Grayer without consent. It is apparent after reviewing video footage that a verbal altercation happened between Major Andrew Cupil and Inmate Grayer prior to Inmate Grayer being physically attacked by Major Cupil. Video footage shows Major Cupil physically striking Inmate Grayer with a closed fist to the facial area multiple times. Investigators

observed while reviewing video footage, Major Cupil had a black object clinched in his right hand just after the incident was over. Investigators believe that Major Cupil was clinching a can of freeze plus p in an attempt to obtain a harder punch as he delivered strikes to the face and body of Inmate Grayer. Investigators observed Major Cupil continuing to strike Inmate Grayer even after security personnel arrived in the area and gained control of the situation. Video footage shows Major Cupil being separated from Inmate Grayer, only to return moments later and attempted to get at Inmate Grayer.

Investigators believe by the video footage that was viewed and statements collected from witnesses at the location of the incident, that probable cause exists to charge one Andrew Cupil DOB [redacted] for violating LRS 14:34 Aggravated Battery, LRS 14:134 Malfeasance in Office.

I hereby certify under oath the information contained herein to be true and correct, to the best of my knowledge, under penalties of perjury.

Huey Haley

**Deputy Huey Haley**
**Affiant**

THUS DONE AND PASSED on the 08 day of Feb, 2024 at 01:24 PM.

Kathryn Jones

Judge, 20th Judicial District Kathryn Elizabeth Jones
20TH JUDICIAL DISTRICT COURT
PARISH OF EAST FELICIANA
STATE OF LOUISIANA

CASE FILE NUMBER

DCI-24-B-129

INTERNAL AFFAIRS
LOUISIANA
DPS & C HEADQUARTERS

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**
**INVESTIGATIVE SERVICES**
**STATEMENT OF RIGHTS**

EXHIBIT
tabbies
2

We want to question you about:

Confrontation with Inmate Grayer on 2-5-24

Before we ask you any questions; you must understand your rights.

| INITIALS | |
|---|---|
| AC | 1) You have the right to remain silent. |
| AC | 2) Anything you say may be used against you in court. |
| AC | 3) You have the right to talk to a lawyer for advice before we ask you any questions, and to have a lawyer with you during questioning. |
| AC | 4) You have the right to the advice and presence of a lawyer even if you cannot afford to hire one. |
| AC | 5) If you want a lawyer but cannot afford to hire one; a lawyer will be appointed for you by the court. |
| AC | 6) If you wish to answer questions now without a lawyer present; you have the right to stop answering at any time until you speak to a lawyer. |

SIGNATURE: [signature]

## WAIVER OF RIGHTS

| INITIALS | |
|---|---|
| AC | 1) I (have read) and/or (have had read to me) the statement of rights as shown above |
| AC | 2) I understand what my rights are. |
| AC | 3) I am willing to answer questions and make a statement. |
| AC | 4) I understand and know what I am doing. |
| AC | 5) No promises or threats have been made to me and no pressure of any kind has been used against me. |

SIGNATURE: [signature]

I have a 12th grade education and [✓] (can) / [ ] (cannot) read and write.

WITNESS: Ronald [signature] (SIGNATURE)    WITNESS: [signature] Asst. Warden (SIGNATURE)

DATE: 2/5/24  TIME: 408 pm  LOCATION: DCI Investigations

Ex 10

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
Dixon Correctional Institute
P.O. Box 788
Jackson, LA 70748

EXHIBIT 3

Investigations

## Employee Voluntary Statement

I, Andrew Cupil, make the following statement of my own free will, without threat of punishment, promise of reward or special favor, this ______ day of ____________, ________).

On 2-5-24 I Major Andrew Cupil was escorting an inmate to the holding cage. After he had verbally disrespected my self and Sgt Jones I brought him to the cage he was still be disrespectful. I sprayed him the can of Freeze Plus P Gel in order to stop he complied I turned to open the cage to put him in there. As I was opening the cage he got my attention as I turned around to see what he wanted that is when he punched me in the face and kept on punching on me. I defended my self by pushing him off me and [illegible] in the cage.

Date: 2/5/2024 Time: 4:36 pm Location: DCI Investigations

NAME Andrew Cupil (Printed) D.O.B. [redacted] EMPLOYEE # [redacted]

SIGNATURE: [signature]

WITNESSES: Col. [signature]

[signature] Asst. Warden.



Ex 10





tabbies

EXHIBIT

4



















Ex 10









Ex 10











Ex 10


2024/02/05 17:59:41


2024/02/05 17:59:49


2024/02/05 18:00:01


2024/02/05 16:57:30

Ex 10


Louisiana
Department of Public
Safety and Corrections
OFFENDER
Albert Grayer
389690
DOB: [redacted]

CASE FILE NUMBER

DCI-24-B-129

INTERNAL AFFAIRS LOUISIANA DPS & C HEADQUARTERS

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**
**INVESTIGATIVE SERVICES**
**STATEMENT OF RIGHTS**

EXHIBIT 5

**We want to question you about:**

Use of force involving Major Andrew Cupil and Inmate Albert Grayer on 2-5-24

**Before we ask you any questions; you must understand your rights.**

1) You have the right to remain silent.
2) Anything you say may be used against you in court.
3) You have the right to talk to a lawyer for advice before we ask you any questions, and to have a lawyer with you during questioning.
4) You have the right to the advice and presence of a lawyer even if you cannot afford to hire one.
5) If you want a lawyer but cannot afford to hire one; a lawyer will be appointed for you by the court.
6) If you wish to answer questions now without a lawyer present; you have the right to stop answering at any time until you speak to a lawyer.

INITIALS

SIGNATURE

## WAIVER OF RIGHTS

1) I (have read) and/or (have had read to me) the statement of rights as shown above
2) I understand what my rights are.
3) I am willing to answer questions and make a statement.
4) I understand and know what I am doing.
5) No promises or threats have been made to me and no pressure of any kind has been used against me.

INITIALS

SIGNATURE

I have a 12 grade education and [✓] (can) / [ ] (cannot) read and write.

WITNESS: SIGNATURE

WITNESS: Asst. Warden SIGNATURE

DATE: 2/5/24 TIME: 5:10 pm LOCATION: Main Investigations

Col. [signature]

Ex 10

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**CORRECTIONS SERVICES**
**Dixon Correctional Institute**
**P.O. Box 788**
**Jackson, LA 70748**

EXHIBIT
6

**Investigations**

**Employee Voluntary Statement**

I, Msgt. Cami Jones, make the following statement of my own free will, without threat of punishment, promise of reward or special favor, this 5 day of February, 2024).

As I Msgt. Cami Jones was securing C/D door, I was approached by inmate Albert Greaver asking to Report to unit one accucheck. I told the inmate he may exit but he decided to stop and talk with an inmate that was placed in the bullpen cage. I, Msgt. Cami Jones then stated "yall dudes act like you slow" while locking the door. As I turned to tell the inmate Greaver to Report to accucheck he then stated "No Bitch you are as slow as you look. Major A. Cupit and myself followed the inmate Greaver out of the bullpen side door asking him to Repeat hisself. Major Cupit then stated to the inmate "Aye man get in the cage". "You not about to disrespect any female officer here". The inmate then turned to walk toward the cage to be placed in by Major Cupit. I, Msgt. Cami Jones then walked back toward the bullpen desk. At a moments time, I heard Major Cupil keys rattling. Ed Major Hollier and myself rushed back to the cage to assist Major Cupit. Upon arrival I stated to Major Cupit to stop being that

Date: 02/05/2024 Time: 5:36 pm Location: DCI Investigations

NAME (Printed): Cami Jones D.O.B. [redacted] EMPLOYEE # [redacted]

SIGNATURE: Msgt. [signature]

WITNESSES: [signature]

[signature] Asst. Warden

Page 1 of 2 Pages

Ex 10

## Employee Voluntary Statement

(Continuation Page)

he and the inmate were in a physical tussel. As major Howie grabbed the inmate, major Cupil then stepped aside stating that inmate [illegible] hit him in the eye. Warden G. Haley and Lt. Col. J. Matthews then escorted the inmate to the infirmary. That concludes this statement.

NAME MSgt. Cami Jones D.O.B. [redacted] EMPLOYEE # [redacted]
(Printed)

SIGNATURE: [illegible]

WITNESSES: [illegible]

[illegible] Asst. Warden

Page 2 of 2 Pages

Ex 10

CASE FILE NUMBER

DCI-24-B-129

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**
**INVESTIGATIVE SERVICES**
**STATEMENT OF RIGHTS**

INTERNAL AFFAIRS LOUISIANA DPS & C HEADQUARTERS

EXHIBIT 7

We want to question you about:

Confrontation Between Inmate Gorger and Major Andrew Cupid

Before we ask you any questions; you must understand your rights.

| INITIALS | |
|---|---|
| CH | 1) You have the right to remain silent. |
| CH | 2) Anything you say may be used against you in court. |
| CH | 3) You have the right to talk to a lawyer for advice before we ask you any questions, and to have a lawyer with you during questioning. |
| CH | 4) You have the right to the advice and presence of a lawyer even if you cannot afford to hire one. |
| CH | 5) If you want a lawyer but cannot afford to hire one; a lawyer will be appointed for you by the court. |
| CH | 6) If you wish to answer questions now without a lawyer present; you have the right to stop answering at any time until you speak to a lawyer. |

[signature]
SIGNATURE

## WAIVER OF RIGHTS

| INITIALS | |
|---|---|
| CH | 1) I (have read) and/or (have had read to me) the statement of rights as shown above |
| CH | 2) I understand what my rights are. |
| CH | 3) I am willing to answer questions and make a statement. |
| CH | 4) I understand and know what I am doing. |
| CH | 5) No promises or threats have been made to me and no pressure of any kind has been used against me. |

[signature]
SIGNATURE

I have a 12th grade education and [✓] (can) / [ ] (cannot) read and write.

WITNESS: Col. Rae Webb (SIGNATURE) WITNESS: [signature] Asst. Ward (SIGNATURE)

DATE: 2-6-24 TIME: 8:28 Am LOCATION: Main Investigations

Ex 10

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
Dixon Correctional Institute
P.O. Box 788
Jackson, LA 70748

EXHIBIT 8

Investigations

## Employee Voluntary Statement

I, Cayce Hollier, make the following statement of my own free will, without threat of punishment, promise of reward or special favor, this 6th day of February, 2024).

IN Regards to The Incident involving myself Major Hollier, Major Andrews and Inmate Albert Graysen #389690. I Major Hollier was in the Compound-1 Major office finishing paperwork from my shift. At That time I heard A male and female yelling IN The Holding Cage area. I then Responded to That area and observed This Inmate in a Verbal altercation with Major Cupil, to my understanding, The verbal altercation was Due to The Inmate Yelling or Cussing at Msgt. James. As I entered The area I observed Major Cupil with the Can of Gas (chemical Agents) in his Right Hand. while Major Cupil was opening the Cage. This Inmate Loudly Yelled At Major Cupil At which time Major Cupil hit The Inmate in The face. I Grabbed The Inmate to Assist with Getting The Situation under Control. once it was under Control I Major Hollier along with Lt. Col. Alvin Matthews Placed this Inmate In Hand Restraints and placed him in the Holding Cage. At No time In my Career of working for or with Major Cupil I Have never Known or Seen Major Cupil to use excessive force.

Date: 1-6-24 Time: 9:08 AM Location: DCI Investigations office

NAME Cayce Hollier (Printed) D.O.B. [redacted] EMPLOYEE # [redacted]

SIGNATURE: [signature]

WITNESSES: [signature]

[signature], Asst. Warden



Ex 10

DPSC 1st Response
000043

CASE FILE NUMBER

DCJ-24-B-129

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
## INVESTIGATIVE SERVICES
## STATEMENT OF RIGHTS

EXHIBIT 9

We want to question you about:

Physical Altercation involving Major Cupit and Inmate Grayer.

Before we ask you any questions; you must understand your rights.

| INITIALS | |
|---|---|
| Am | 1) You have the right to remain silent. |
| Am | 2) Anything you say may be used against you in court. |
| Am | 3) You have the right to talk to a lawyer for advice before we ask you any questions, and to have a lawyer with you during questioning. |
| Am | 4) You have the right to the advice and presence of a lawyer even if you cannot afford to hire one. |
| Am | 5) If you want a lawyer but cannot afford to hire one; a lawyer will be appointed for you by the court. |
| Am | 6) If you wish to answer questions now without a lawyer present; you have the right to stop answering at any time until you speak to a lawyer. |

[signature]
SIGNATURE

## WAIVER OF RIGHTS

| INITIALS | |
|---|---|
| Am | 1) I (have read) and/or (have had read to me) the statement of rights as shown above |
| Am | 2) I understand what my rights are. |
| Am | 3) I am willing to answer questions and make a statement. |
| Am | 4) I understand and know what I am doing. |
| Am | 5) No promises or threats have been made to me and no pressure of any kind has been used against me. |

[signature]
SIGNATURE

I have a 12th grade education and [✓] (can) / [ ] (cannot) read and write.

WITNESS: [signature] SIGNATURE WITNESS: [signature] Asst. Ward. SIGNATURE

DATE: 2/6/24 TIME: 10:15A LOCATION: Main Investigations

Ex 10

2/5/24 9:58 am

On the above date and time I witnessed Major Andrew Cupil striking an unknown offender in the face. I grabbed Major Cupil and told him to calm down. Major Cupil pushed me off of him and replied "Fuck that, he hit me." Major Cupil then went back and started striking the offender in the face once again. Then again I pulled Major Cupil off of the offender in which he finally complied by leaving the area. At no time did I see the offender hit Major Cupil or any other officer. Warden Haley was notified of this incident.

[signature]

EXHIBIT
tabbies
10

CASE FILE NUMBER

DCI-24-B-129

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
## INVESTIGATIVE SERVICES
## STATEMENT OF RIGHTS

EXHIBIT 11

**We want to question you about:**

Physical Altercation With Major Cupit on February 5, 2024.

**Before we ask you any questions; you must understand your rights.**

| INITIALS | |
|---|---|
| AG | 1) You have the right to remain silent. |
| AG | 2) Anything you say may be used against you in court. |
| AG | 3) You have the right to talk to a lawyer for advice before we ask you any questions, and to have a lawyer with you during questioning. |
| AG | 4) You have the right to the advice and presence of a lawyer even if you cannot afford to hire one. |
| AG | 5) If you want a lawyer but cannot afford to hire one; a lawyer will be appointed for you by the court. |
| AG | 6) If you wish to answer questions now without a lawyer present; you have the right to stop answering at any time until you speak to a lawyer. |

[signature] 389696
SIGNATURE

## WAIVER OF RIGHTS

| INITIALS | |
|---|---|
| AG | 1) I (have read) and/or (have had read to me) the statement of rights as shown above |
| AG | 2) I understand what my rights are. |
| AG | 3) I am willing to answer questions and make a statement. |
| AG | 4) I understand and know what I am doing. |
| AG | 5) No promises or threats have been made to me and no pressure of any kind has been used against me. |

[signature] 387696
SIGNATURE

I have a 11th grade education and ☑ (can) / ☐ (cannot) read and write.

WITNESS: ______________ SIGNATURE    WITNESS: [signature] Asst. Warden SIGNATURE

DATE: 2-6-24 TIME: 11:25am LOCATION: Infirmary ISO-1

Ex 10

MED-26

# EMPLOYEE'S FIRST AID/EMERGENCY MEDICAL SERVICES REPORT

EXHIBIT 13

Numbers 1-6 are to be filled out by the Employee:

1. DEPARTMENT: *Department of Public Safety and Corrections - DCI*

2. EMPLOYEE NAME: Andrew [illegible] PERSONNEL# [redacted]

   RACE Blk SEX male

   DATE OF BIRTH: [redacted] HOME PHONE: [redacted]

   MAILING ADDRESS: [redacted]

   WORK LOCATION: DCI UNIT: I TEAM: B DROP: DCI #33

3. PART OF BODY INJURED: Right hand knuckle, Lost Swollen left eye

4. WHERE ACCIDENT OCCURRED: C-1 in lock up cage

   EMPLOYER'S PREMISES? YES ✓ NO ____

   IF NO, GIVE ADDRESS: ____

5. DATE OF ACCIDENT: 2-5-24 TIME: 9:55 (A.M.) P.M. (Circle One)

6. PLEASE DESCRIBE THE ACCIDENT IN DETAIL: Inmate refused to go into the cage. I turned and faced him that is when he punched me in my left eye

MECHANICAL DEFECT? YES ____ NO ✓ UNSAFE ACT? YES ____ NO ✓

[illegible signature]
EMPLOYEE SIGNATURE

7. TREATMENT PROVIDED: pt presents to infirmary after altercation c̄ inmate. Pt has abrasions to (R) first finger, (R) knuckle (L) wrist laceration (R) knuckle laceration (R) ring finger laceration (L) index finger abrasion. All sites cleaned c̄ warmed cleanser + neosporin applied c̄ bandaid dsg over lacerations and abrasions

[signature]
HEALTH CARE PROVIDER SIGNATURE

2/5/24
DATE OF REPORT

DISTRIBUTION: Safety Officer
Human Resources
First Aid/Medical Service File
Unit Warden
Warden

Rev. 10-4-17

**DIXON CORR INST**
5568 Highway 68 Jackson, LA 70748
Fax:



DOC ID#: 00389690

**ALBERT A GRAYER**
Male DOB: [redacted]

00389690

**02/05/2024 - Sick Call: Symptom Based Sick Call : altercation with officer**
**Provider: Harriet James, LPN**
**Location of Care: DIXON CORR INST**

02/05/2024 10:31 AM

EXHIBIT
tabbies
14

## Encounter Context

**Facility at time of evaluation:** DIXON CORR INST
**Age at Time:** 45 Years Old
DOC ID#: 00389690

## Current Vital Signs

**Previous Height:** 72 12/19/2023
**Previous Weight:** 174 12/19/2023

**BMI:** 23.68

**Sitting BP:** 131 / 78
**Temperature:** 97.7 **Temperature site:** Temporal
**Pulse rate:** 80 **Pulse rhythm:** Regular
**Respirations:** 17 **Respiration Type:** Regular
**Pulse Ox%** 100 **Room Air:** Yes

## Subjective

**Sick Call Type:** Medical
**Sick Call Received:** 02/05/2024
**Triage Type** Face to Face Assessment
**Sick Call Type Description:** altercation with officer

## Objective

## Assessment

**Active Problems:** Chest pain, intermittent (ICD-786.50) (ICD10-R07.89), Retinal lattice degeneration, bilateral (ICD-362.63) (ICD10-H35.413), Cataract, nuclear, bilateral (ICD-366.04) (ICD10-H26.8), Temporal lobe epilepsy (ICD-345.40) (ICD10-G40.209).
**Additional Information Pertaining to Assessment:** offender seen in infirmary after altercation with officer offender c/o pain/discomfort to left forehead area two small red spots noted above eye small abrasion to top of nose noted and offender also c/o tenderness to inner bottom lip small laceration noted no bleeding at this time offender able to MAE without difficulty upon assessment also offender says he has an old injury to his right hand with no new c/o related. offender given 650mg tylenol by mouth for pain tol well offender ambulates with steady gait released to security in stable condition.

## Plan

**ALBERT A GRAYER**
Male DOB: [redacted]

00389690

**Active Allergies:** * NKDA.
**Orders Placed:** 1. Sick Call Work Related [SCworkRELate]
**ITO Reviewed** No

**Electronically signed by Harriet James, LPN on 02/05/2024 at 10:47 AM**
**Electronically signed by Karla Bringedahl FNP on 02/05/2024 at 3:01 PM**

---

**ALBERT A GRAYER**
Male DOB: [redacted]

00389690

DOC ID#: 00389690

**02/05/2024 - Nurse Wound Care Treatment: Nurse Wound Care Treatment**
**Provider: Gage Hawkins RN**
**Location of Care: DIXON CORR INST**

02/05/2024 7:25 AM

## Encounter Context
**Facility at time of evaluation:** DIXON CORR INST
**Age at Time:** 45 Years Old
DOC ID#: 00389690

## Wound Care

## Wound Care Log 1

## Wound Description
**Wound Location:** L shoulder bite
**Wound bed color:** Pink
**Drainage Amount:** None
**Wound/Skin Integrity:** WNL, Dry/Intact, Edges Well Approximated, Open to Air

## Wound Dressing Treatment
**Patient tolerated dressing procedure** Without complaints
**Comments:** TAO applied, wound healed.

**Electronically signed by Gage Hawkins RN on 02/05/2024 at 7:26 AM**

---

**ALBERT A GRAYER**
Male DOB: [redacted]

00389690

DOC ID#: 00389690

**02/05/2024 - Sick Call: Symptom Based Sick Call : Possible seizure**
**Provider: Gage Hawkins RN**
**Location of Care: DIXON CORR INST**

02/05/2024 11:14 AM

## Encounter Context

**Facility at time of evaluation:** DIXON CORR INST
**Age at Time:** 45 Years Old
DOC ID#: 00389690

## Current Vital Signs

**Previous Height:** 72 12/19/2023
**Previous Weight:** 174 12/19/2023

**BMI:** 23.68

**Supine BP:** 132 / 79
**Temperature:** 98.1
**Pulse rate:** 78**Respirations:** 18 **Pulse Ox%** 98 **Room Air:** Yes
**Skin Turgor:** WNL

## Subjective

**Sick Call Type:** Medical
**Sick Call Received:** 02/05/2024
**Triage Type** Face to Face Assessment
**Sick Call Type Description:** Possible seizure
**Chief complaint with onset (approximate time, if injury):** Nurse received a call from CBC control that this patient was having an active seizure and coming to the infirmary on a stretcher.

## Objective

## Assessment

**Active Problems:** Chest pain, intermittent (ICD-786.50) (ICD10-R07.89), Retinal lattice degeneration, bilateral (ICD-362.63) (ICD10-H35.413), Cataract, nuclear, bilateral (ICD-366.04) (ICD10-H26.8), Temporal lobe epilepsy (ICD-345.40) (ICD10-G40.209).
**Additional Information Pertaining to Assessment:** Inmate arrived to the infirmary on a stretcher with eyes closed for emergency sick call after a possible seizures. Inmate transferred to treatment room bed without difficulty. Inmate arouses easily to verbal stimuli, AAOx3, VSS, respirations even and unlabored, Bil pupils 3mm round and briskly reactive to light, able to MAE=w/FOM, grip strengths equal and strong +2, NADN. Inmate in the treatment room at this time, will continue to monitor.

**ALBERT A GRAYER**
Male DOB: [redacted] 00389690

DOC ID#: 00389690

## Plan

**Active Allergies:** * NKDA.
**Orders Placed:** 1. Sick Call Emergency [EmergencySickcal]
**ITO Reviewed** Yes
**ITO comments:** HCP to review

**Electronically signed by Gage Hawkins RN on 02/05/2024 at 11:23 AM**
**Electronically signed by Karla Bringedahl FNP on 02/05/2024 at 12:55 PM**

**ALBERT A GRAYER**
Male DOB: [redacted]

00389690

DOC ID#: 00389690

**02/05/2024 - Append: Symptom Based Sick Call : Possible seizure**
**Provider: Gage Hawkins RN**
**Location of Care: DIXON CORR INST**

Inmate in treatment room at this time AAOx3, VSS, respirations even and unlabored, answering all questions appropriately, NADN.

**Electronically signed by Gage Hawkins RN on 02/05/2024 at 11:31 AM**
**Electronically signed by Karla Bringedahl FNP on 02/05/2024 at 12:55 PM**

---

**ALBERT A GRAYER**
Male DOB: [redacted] 00389690

DOC ID#: 00389690

**02/05/2024 - Append: Symptom Based Sick Call : Possible seizure**
**Provider: Gage Hawkins RN**
**Location of Care: DIXON CORR INST**

1158 inmate was oberved having an active seizure with convulsions, inmate turned on his side and HOB elevated, seizure lasted 30 seconds. Inmate urinated while having seizure and was post ictal for 3.5 minutes. Inmate aroused easily to verbal stimuli, able to move all extremities equal with full ROM, bil pupils 3mm round and reactive to light. Inmate AAOx3, answering questions appropriately.
VORB K Bringedahl NP/G Hawkins:
Keppra 1500mg PO x 1 dose
Inmate administered keppra 1500mg PO per HCP order. Able to swallow liquids without difficulty. Will continue to monitor.

**Electronically signed by Gage Hawkins RN on 02/05/2024 at 12:18 PM**
**Electronically signed by Karla Bringedahl FNP on 02/05/2024 at 12:55 PM**

---

**ALBERT A GRAYER**
Male DOB: [redacted]

00389690

DOC ID#: 00389690

**02/05/2024 - Append: Symptom Based Sick Call : Possible seizure**
**Provider: Gage Hawkins RN**
**Location of Care: DIXON CORR INST**

Inmate resting quietly in bed at this time, respirations even and unlabored, NADN.

**Electronically signed by Gage Hawkins RN on 02/05/2024 at 12:38 PM**
**Electronically signed by Karla Bringedahl FNP on 02/05/2024 at 12:55 PM**

---

**DIXON CORR INST**
5568 Highway 68 Jackson, LA 70748
Fax:

*February 6, 2024*
Page 1
Append

**ALBERT A GRAYER**
Male DOB: [redacted] 00389690

DOC ID#: 00389690

**02/05/2024 - Append: Symptom Based Sick Call : Possible seizure**
**Provider: Stephen Zachary RN**
**Location of Care: DIXON CORR INST**

1200 18 guage IV to left forearm second attempt
1245 IV to forarm dcd

**Electronically signed by Stephen Zachary RN on 02/05/2024 at 3:49 PM**

---

Ex 10

**ALBERT A GRAYER**
Male DOB:[redacted]

00389690

DOC ID#: 00389690

**02/06/2024 - Sick Call: Symptom Based Sick Call : possible seizure**
**Provider: Michael Austin RN**
**Location of Care: DIXON CORR INST**

02/06/2024 6:45 AM

## Encounter Context

**Facility at time of evaluation:** DIXON CORR INST
**Age at Time:** 45 Years Old
DOC ID#: 00389690

## Current Vital Signs

**Previous Height:** 72 12/19/2023
**Previous Weight:** 174 12/19/2023

**BMI:** 23.68

**Sitting BP:** 104 / 72

**Pulse rate:** 62**Respirations:** 16 **Pulse Ox%** 98

## Subjective

**Sick Call Type:** Medical
**Sick Call Received:** 02/06/2024
**Triage Type** Face to Face Assessment
**Sick Call Type Description:** possible seizure

## Objective

## Assessment

**Active Problems:** Chest pain, intermittent (ICD-786.50) (ICD10-R07.89), Retinal lattice degeneration, bilateral (ICD-362.63) (ICD10-H35.413), Cataract, nuclear, bilateral (ICD-366.04) (ICD10-H26.8), Temporal lobe epilepsy (ICD-345.40) (ICD10-G40.209).
**Additional Information Pertaining to Assessment:** pt was brought to the infirmary for a possible seizure on his dorm. upon arrival pt was laying face down on a stretcher but breathing. while in the infirmary pt was wittnessed having a 3 minute seizure by nursing staff. pt now AAOx3 but sluggish. PERRLA. night shift reported that they administered pts AM meds. VSS. pt is resting in the treatment room awaiting HCP evaluation.

## Plan

**Active Allergies:** * NKDA.
**Orders Placed:** 1. Sick Call Emergency [EmergencySickcal]

**ALBERT A GRAYER**
Male DOB: [redacted] 00389690

DOC ID#: 00389690

**Electronically signed by Michael Austin RN on 02/06/2024 at 6:56 AM**
**Electronically signed by Karla Bringedahl FNP on 02/06/2024 at 7:20 AM**

---

**ALBERT A GRAYER**
Male DOB: [redacted] 00389690

DOC ID#: 00389690

**02/06/2024 - Infirmary Admit or Progress Note: Infirmary Admit/Progress Note**
**Provider: Karla Bringedahl FNP**
**Location of Care: DIXON CORR INST**

02/06/2024 7:20 AM

## Encounter Context

**Facility at time of evaluation:** DIXON CORR INST
**Age at Time:** 45 Years Old
DOC ID#: 00389690

## Infirmary History

**Infirmary Type:** Admit
**Admitting Prescriber:** Bringedahl FNP, Karla
**Reason for Admit:** uncontrolled seizures

## SOAP Note Form

**Subjective:**
uncontrolled seizures presenting 2 consecutive days with seizures most likely secondary to med non-compliance
admit for OBS

**Objective:**
easily arouses, oriented

**Assessment:**
seizure disorder

**Plan:**
admit for OBS
draw labs this morning
continue meds

**ALBERT A GRAYER**
Male DOB: [redacted]

00389690

DOC ID#: 00389690

## Infirmary Admission Orders

**Admit to:** Observation
**Condition:** Stable
**Admitting Diagnosis:** Temporal lobe epilepsy (G40.209)
**Active Allergies:**
* NKDA (Critical)

## Precautions/Orders

**Orders Discontinued/Placed:**
Added new Test order of CBC With Differential/Platelet (005009) - Signed
Added new Test order of Levetiracetam (Keppra), S (716936) - Signed
Added new Test order of Infirmary Admission - Observation (INFADOB) - Signed
]

**Electronically signed by Karla Bringedahl FNP on 02/06/2024 at 7:25 AM**

---

# ACCIDENT & INCIDENT REPORT

## TO BE COMPLETED BY OFFICER OR WORK SUPERVISOR

DATE: 2/5/24 TIME OF ACCIDENT/INCIDENT: 9:55Am

NAME: Albert Frayer NUMBER: 329690 DORM: 6

OFFENDER WORK ASSIGNMENT: Yardcard

LOCATION OF ACCIDENT/INCIDENT: Compound One Bullpen

DESCRIPTION OF ACCIDENT: Physical Altercation with Security in Bullpen

WITNESSED BY: UNWITNESSED: Asst. Ward. H Hy

Employee Name

## TO BE COMPLETED BY MEDICAL PERSONNEL

TIME ARRIVED: ARRIVED BY: Amb c̄ Security

INJURY/COMPLAINT:

ASSESSMENT/TREATMENT: V/S 131/78-80-17-97.7-100%

See EHR

Cpun

## TO BE COMPLETED BY OFFENDER

OFFENDER'S STATEMENT:

None

OFFENDER'S SIGNATURE: NUMBER:

Copies to: Medical Record Control Center - Altercations ONLY Business Office - Moving Vehicle Accidents ONLY

EXHIBIT
tabbies
15

Dixon Correctional Institute
Compounds One & Five
**Roll Call Roster**

Date 2/5/2024 | Shift: **1&5-B Team** | Supervisor: **Asst. Warden Huey Haley**

| | | |
|---|---|---|
| Major 22 | Andrew Cupil | |
| Captain 26 | [redacted] | |
| Captain 28 | [redacted] | |
| Captain 30 | [redacted] | |
| Lieutenant 37 | [redacted] | |
| Lieutenant | [redacted] | |
| Dorm A | [redacted] | |
| Dorm B | [redacted] | |
| Dorm C | [redacted] | |
| Dorm-D | [redacted] | |
| Dorm E | [redacted] | |
| Dorm F | [redacted] | |
| Dorm G | [redacted] | |
| Dorm H | [redacted] | |
| Dorm I/Bullpen | [redacted] | Cami Jones |
| Dorm L | [redacted] | |
| Rec Room 1 | [redacted] | |
| Rec Room 2 | [redacted] | |
| Tower 1 | [redacted] | |
| Roving Patrol | [redacted] | |
| Sallyport One | [redacted] | |
| Traffic | [redacted] | |
| Canteen | [redacted] | |
| Dorm K | [redacted] | |
| Rec Room 3 | [redacted] | |
| YOP Rover | [redacted] | |
| Infirmary | [redacted] | |
| Mental Health | [redacted] | |
| Walk Security | [redacted] | |
| Hobbyshop | | |
| Sallyport Five | [redacted] | |
| Visiting | | |
| Visiting | | |
| Visiting | | |
| Visiting | | |
| Kitchen Major 20 | [redacted] | |
| Kitchen Lieutenant 40 | [redacted] | [redacted] |
| Kitchen | [redacted] | |
| Kitchen | [redacted] | |
| Kitchen | [redacted] | |
| Dialysis | [redacted] | |
| HSUS Bldg | [redacted] | |
| | | |
| Vo-tech | [redacted] | |
| Vo-Tech | [redacted] | |
| Chapel | [redacted] | |
| CBC Control | [redacted] | |
| CBC A-Tier | [redacted] | |
| CBC B-Tier | | |
| CBC C-Tier | [redacted] | |
| CBC D Tier | [redacted] | |
| Control Center | [redacted] | |
| Control Center | [redacted] | [redacted] |
| Front Gate | [redacted] | |
| ION SCAN | [redacted] | |
| | | |
| | Signature | |

**Relief**

| | |
|---|---|
| C-1 | [redacted] |
| C-1 | [redacted] |

| | Overtime | |
|---|---|---|
| [redacted] | OLOL return | 2.5 |
| | OLOL return | 2.5 |
| | *UMC return* | *4.5* |
| | *UMC return* | *4.5* |
| | *UMC return* | *4.5* |
| | *UMC* | *12.33* |
| | *UMC* | *12.33* |
| | *OLOL* | *12.33* |
| | *OLOL* | *12.33* |
| | *UMC* | *2.0* |
| | Control center | *12.33* |

*Leave*

| | | |
|---|---|---|
| [redacted] | *FMLA* | *12.33* |
| | *LD* | *12.33* |
| | *Lwlb* | *12.33* |
| | *LD* | *12.33* |
| | *La Sick Child* | *12.33* |
| | *La* | *12.33* |
| | *Lb* | *12.33* |

*Trips*

| | |
|---|---|
| *OLOL* | *Inmate* [redacted] |
| | [redacted] |
| *UMC* | *Inmate* [redacted] |
| | [redacted] |
| *UMC* | *Inmate* [redacted] |
| | [redacted] |
| *UMC* | [redacted] |
| *Rover* | |

*Comments*

[redacted]

JAN/10/2023 10:21 AM 91728778 13001338000 28162

# LOGBOOK

EXHIBIT
tabbies
16

AREA Bull Pen

1/26/2024 TO

(BEGINNING DATE) (CLOSING DATE)

JAN/10/2024 07:50 AM 91728778 13001338000 99369

OFFICER NAME: Lt Bansha Anderson SHIFT: 1

DATE: 2/5/2024

| DATE | TIME | OFFICER ENTRY |
|---|---|---|
| 2/5/24 | 12:30 A | Total Count Clear Notified Dorms & Rec Room |
| 2/5/24 | 12:40 A | Count Bullpen 2x Dorm C 9x Dorm I Notified Control Center |
| 2/5/24 | 1:05 A | Lt Bansha Anderson Off Duty |
| | | B Team 2/5/24 |
| | Sgt [illegible] | Lt. Haven Davis on duty in Bullpen received 15 Keys which can be identified by sight and touch, 1 radio, 1 log book, 1 bed book. Post orders and posted policies are in order and have been read and understood for this drop. Make rounds in bullpen and Rec Room 1 area secured. |
| 2/5/24 | 0615 A Sgt [illegible] | I, Msgt. Cami Jones, reporting on duty as (B) team Bullpen security. I recieved (1x) logbook, (1x) CPR kit, (1x) radio, (1x) transfer [illegible], (9x) leg shackles, (9x) handcuffs; (1x) handcuff given to Sgt. Dumas (escort 1), (1x) set of keys (15x) all that I can identify by sight and touch. Posted policies and procedures are in place and have been read and understood for this drop. |
| 2/5/24 | 0620 A | Votech crew. (56x) |
| 2/5/24 | 0630 A | Dorm C/D crew with security. (100x) |
| 2/5/24 | 0630 A | (2x) exited bullpen to infirmary call-out. |
| | | Capt Ryan [illegible] |
| 2/5/24 | 0654 A | Dorm E/F crew with (2x) security (80 x). |
| 2/5/24 | 0710 A | Dorm G/H crew with (1x) security (65 x). |
| 2/5/24 | 0720 A | Dorm A/B crew with (1x) security (64.) |
| 2/5/24 | 0720 A | Holidayshop; called and notified all Dorms. |

JAN/09/2024 03:14 PM_93720143_1300133800_99214

OFFICER NAME: Msgt. Cami Jones SHIFT: (B) 6AM-6PM

DATE: February 05, 2024

| DATE | TIME | OFFICER ENTRY |
|---|---|---|
| 02/05/24 | 0726A | Breakfast Chow complete; (325x) total. |
| 02/05/24 | 0730A | Workcall; yard open; Sallyport 1 ordinarily |
| — | — | locked. |
| 02/05/24 | 0738A | (6x) Exited the bullpen to the Hobbyshop. |
| 02/05/24 | 0738A | (3x) exited the bullpen to the Chapel to cut |
| — | — | grass. |
| 02/05/24 | 0747A | Msgt. C. Jones made Rounds. Bullpen all secure. |
| 2/5/24 | 0749A | (12x) exited the craftplant. |
| 2/5/24 | 0752A | HSUS (3x) Exited the bullpen. |
| 2/5/24 | 0808A | Beeper Activation G/H. (Simple fight) |
| 2/5/24 | 0810A | Msgt. Jackson present for legalmail callout. |
| 2/5/24 | 0837A | Legalmail callout complete. |
| 2/5/24 | 0837A | Msgt. C. Jones made rounds. Bullpen/RR1 secure. |
| 2/5/24 | 0854A | Msgt. C. Jones made rounds. Bullpen/RR1 secure. |
| 2/5/24 | 0900A | Major Perry called the inmate, M. Shelton to |
| — | — | report to work. |
| 2/5/24 | 0930A | Msgt. C. Jones made rounds. |
| 2/5/24 | 0947A | Star Program announced throughout the |
| — | — | day. |
| 2/5/24 | 0950A | Accuracheck; all Dorms have been notified. |
| — | — | Sgt Ryan Hal... [illegible] |
| 2/5/24 | 1000A | Taser activation with Major Crystal and (1x) |
| | | inmate. |
| 2/5/24 | 1015A | Squad #1, Streetline, Daywork Chow- |
| 2/5/24 | 1030A | Msgt. C. Jones made rounds. Bullpen secure. |
| 2/5/24 | 1037A | (1x) T. Jones from Unit 2; entered Re-Entry. |
| 2/5/24 | 1038A | Star Program complete. |
| 2/5/24 | 1104A | Bullpen Stcounts (5x); Dorm I (8x). |
| 2/5/24 | 1110A | Yard closed! Per Capt. R. Holiday. |
| 2/5/24 | 1120A | Msgt. C. Jones reported to warden's/headquarters |
| — | — | office. |



FEB/09/2024 02:19 PM_04084001_1300133800_106411

OFFICER NAME: Msgt. Cami Jones SHIFT: (B) 6AM-6PM

DATE: February 5, 2024

| DATE | TIME | OFFICER ENTRY |
|---|---|---|
| 2/5/24 | 1146A | Total count clear! |
| 2/5/24 | 1200P | Lunch chow Began. |
| 2/5/24 | 1203P | Votech chow (20x). |
| 2/5/24 | 1226P | Received (1x) from Dorm G for Re-entry |
| — | — | call out. |
| 2/5/24 | 1230P | Dorm C/D chow (64x). |
| 2/5/24 | 1240P | Dorm E/F chow (60x). |
| 2/5/24 | 1245P | Dorm G/H chow (57x). |
| 2/5/24 | 1250P | Dorm A/B chow (50x). |
| 2/5/24 | 0100P | Lunch chow complete. Total = (275x) |
| 2/5/24 | 0100P | Squad #1 announced; all Dorms notified. |
| 02/05/24 | 0104P | Votech; all Dorms notified. |
| 2/05/24 | 0105P | Msgt. C. Jones made Rounds; Bullpen all secure. |
| 2/5/24 | 0116P | Msgt. C. Jones Reported to the chapel for a |
| — | — | Parenting call-out.. |
| 2/5 | 123 | ~~Msgt. [illegible] on duty [illegible]~~ |
| 2/6 | 157 | ~~Msgt. [illegible] off duty~~ |
| 2/5/24 | 0200P | Msgt. C. Jones was present in the Bullpen. |
| 2/5/24 | 0222P | Roll check; all Dorms notified. |
| 2/5/24 | 0230P | Pill call; all Dorms notified. |
| 2/5/24 | 0254P | Msgt. C. Jones made Rounds. Bullpen secure. |
| 2/5/24 | 0256P | Squad #1; all Dorms notified. |
| 2/5/24 | 0312P | Msgt. C. Jones made Rounds. Bullpen all secure. |
| 2/5/24 | 0330P | Votech Returned 42x. |
| 2/5/24 | 0332P | Beeper activated on G/H; cleared as simple |
| — | — | fight. per Capt. R. Holiday. |
| 2/5/24 | 0341P | Msgt. C. Jones made Rounds. Bullpen all secure. |
| 2/5/24 | 0400P | Msgt. C. Jones made Rounds. Bullpen all secure. |
| 2/5/24 | 0405P | Yard closed! Per Capt. R. Holiday Request. |
| 2/5/24 | 0411P | Medical Emergency; Craig Marquez 752990. |
| 2/5/24 | 0428P | Msgt. C. Jones Received (1x) with security |

Ex 10

JAN/09/2024 03:14 PM_93720143_1300133800_99214

OFFICER NAME: Msgt. C. Jones SHIFT: (B) 6AM-6PM

DATE: February 5, 2024

| DATE | TIME | OFFICER ENTRY |
| --- | --- | --- |
| 2/5/24 | 0423P | New intake; R. Aguillard, S. Barnett, C. Mitchell |
| 2/5/24 | 0432P | Msgt. C. Jones made rounds. All pen secure. |
| 2/5/24 | 0440P | Total count Clear! |
| 2/5/24 | 0600P | Msgt. C. Jones Reporting off duty per Capt. C. |
| | | Cooley. |
| 2/5/24 | 6:10p | I Msgt Sterling relieved B-Team of all duties |
| | | + equipment. I recieved (1) logbook (1) radio (2) set of keys |
| | | (5) handcuffs (8) leg shackles (1) chain (1) CPR Kit |
| | | (1) Fire extinguisher. Post orders read + understood |
| 2/5/24 | 6:30 | Total Count Clear |
| 2/5/24 | 6:41 | Native American Callout Rec Room 1 |
| 2/5/24 | 6:50 | Library Announced |
| 2/5/24 | 700pm | Msgt Sterling made rounds all secure |
| 2/5/24 | 740pm | Msgt Sterling made rounds all secure. |
| 2.5.24 | 7:51p | Capt Emery made rounds - All secure |
| 2-5-24 | 8:14pm | 1x to infirmary Joseph Mayeaux #726517 |
| 2-5-24 | 8:15pm | Msgt Sterling made rounds all secure |
| 2-5-24 | 8:26pm | 1x to infirmary Darrin Duhon #709012 |
| 2-5-24 | 8:45 | Msgt Sterling made rounds all secure |
| 2-5-24 | 8:56 | 2x transfer from Dorm H to Dorm 9 |
| 2-5-24 | | Manly Gilley #463077 + Felix Dupree #709057 |
| | | 1x back from infirmary Joseph Mayeaux #72651 |
| 2-5-24 | 9:25 | 1x to the infirmary Vincent Taranto #164520 |
| 2-5-24 | 9:27 | 1x back from the infirmary Darrin Duhon #709012 |
| 2-5-24 | 9:35 | Rec Room 1 Closed |
| | | Called Control Center with strikeouts A: 1x B: 1x F: 1x |
| | | H: 1x L: 3x I: 4x |
| 2-5-24 | 10:03 | Total Count Clear Notified all Units. |
| | | 1x back from the infirmary Vincent Taranto #164520 |
| 2-5-24 | 10:30 | Msgt Sterling made rounds All Secure |
| 2-5-24 | 10:40 | Called Strikeouts to Control Center A: 1x B: 1x F: 1x H: 1x |



Ex 10

DPSC 1st Response
000067

FEB/09/2024 02:20 PM_04084001_1300133800_106413

OFFICER NAME: Msgt Latasha Sterling SHIFT: D

DATE: 2/5/24

| DATE | TIME | OFFICER ENTRY |
|---|---|---|
| 2.5.24 | 10:40 | L:3x I:9x |
| 2.5.24 | 10:55 | Total Count Clear Notified all units. |
| — | — | Kitchen Workers |
| 2.5.24 | 11:00 | 1x Kitchen worker exit |
| 2.5.24 | 11:10 | 2x Kitchen Workers exit |
| 2.5.24 | 11:25 | 1x escorted to Cellblock Derek Duplantis #710941 |
| 2.5.24 | 11:35 | Called Control Center with Stickouts A:1x(B) B:1x(B) |
| | | F:1x(B) G:1x(B) H:1x(B) L:1x(W) I:9x 4(B) 5(W) |
| 2.6.24 | 12:21 | Total Count Clear Notified all units. |
| 2.6.24 | 12:25 | 2x to the Kitchen |
| — | — | Msgt Sterling made rounds all secure |
| 2.6.24 | 12:30 | 1x exit to the Kitchen |
| 2.6.24 | 12:40 | Verified Stickouts with Control Center A:1x B:1x |
| | | F:2x L:1x I:9x |
| 2.6.24 | 12:54 | Total Count Clear Notified all units |
| 2.6.24 | 1:34 | Verified Stickouts with Control Center F:1x L:1x I:9x |
| 2.6.24 | 1:55 | Total Count Clear notified all units |
| 2.6.24 | — | Msgt Sterling made rounds all secure. |
| 2.6.24 | 2:10 | 1x to the infirmary |
| 2.6.24 | 2:20 | Trip officer exit 1x Joshua Matthews #780322 |
| 2.6.24 | 2:25 | 1x exit to Kitchen |
| 2.6.24 | 2:30 | 1x to the infirmary |
| 2.6.24 | 2:38 | Verified Stickouts with Control Center A:1x L:1x |
| | | I:9x |
| 2.6.24 | 2:58 | Total Count Clear Notified all units. |
| 2.6.24 | 3:00 AM | Msgt Sterling made rounds all secure. |
| 2.6.24 | 3:10 | 2x trip officer exit with 2 inmates David Williams |
| | — | #292013 Glen Buchanan #777317 |
| 2.6.24 | 3:23 | 1x to the Kitchen |
| 2.6.24 | 3:38 | Verified Stickouts with Control Center A:1x C:1x F:1x |
| | | L:1x I:9x |



Ex 10



FEB/09/2024 02:20 PM 04084001 1300133800 106414

BOBBY JINDAL
Governor

JAMES M. LE BLANC
Secretary

# State of Louisiana
## Department of Public Safety and Corrections
## Dixon Correctional Institute

January 04, 2016

Mr. Andrew Cupil
[redacted]

EXHIBIT
17

Dear Mr. Cupil:

You have been employed in the Security Division of Dixon Correctional Institute since April 28, 2008, and currently hold the rank of Corrections Lieutenant. This in reference to a violation report dated November 24, 2015, citing you with a violation of Rule #3 of the Corrections Services Employee Manual.

On November 24, 2015, at approximately 4:41 p.m., offender [redacted] was observed by you in a heated conversation and making disrespectful comments towards Corrections Cadet [redacted] At this time you were seen, via video, proceeding towards offender [redacted] You then grabbed him by his shirt and pinned him against the wall of the Recreation Room A. The video does not show that you attempted to bring this situation under control in any other manner. The video also shows that this offender did not pose an immediate threat to the institution. This video nor your written statement shows that you notified any supervisors by phone nor did you activate your assigned beeper.

By you using excess force on an offender and failing to activate your beeper and notify your supervisor of the above situation, you violated Corrections Services Employee Rule # 3 – Abuse of Offenders, Corporal Punishment or Use of Unnecessary or Excessive Force: which states, "No employee shall abuse an offender for any reason. Forms of abuse include, but are not limited to, the following actions: Verbal abuse; Harassment; Damaging, destroying, or otherwise abusing an offender's belongings through willful act or gross negligence; and Physical abuse. Force may be used only in accordance with Department Regulation No. C-02-006 "Use of Force" and unit procedures. The force used shall be proportional to the threat and shall cease when the resistance ceases. Necessary force may include the use of physical contact, chemical agents and munitions, restraints, electronic muscular disruption devices, less lethal weapons and firearms. In addition, Department Regulation No. C-02-006 "Use of Force" gives specific guidelines relative to: self-defense, defense of others (whether employees, offenders or visitors), prevention of serious damage to property, prevention of the commission of a crime (including but not limited to escape) and enforcement of rules and regulations to the extent necessary to reach compliance. NOTE: The following uses of force are considered abuse and are expressly prohibited:

Post Office Box 788, Jackson, Louisiana 70748 • (225) 634-1200 • Fax (225) 634-6229
www.doc.la.gov
An Equal Opportunity Employer

- CORPORAL PUNISHMENT - The inflicting of physical pain on an offender for punishment is ABSOLUTELY FORBIDDEN;
- UNNECESSARY FORCE - Force that cannot reasonably be justified by the facts of the situation is ABSOULTELY FORBIDDEN;
- EXCESSIVE FORCE - Force beyond that which is reasonable and apparently necessary to control a situation where some force is needed is ABSOULTELY FORBIDDEN

As a result of the rule violation noted above, you will receive a suspension without pay equal to 12.33 working hours. This suspension is effective Wednesday, January 20, 2016. You must notify officials at Dixon Correctional Institute that you will not be available to work Wednesday, January 20, 2016. You may return to work Thursday, January 21, 2016 .

A copy of this letter will be placed in your personnel file. You have the right to appeal this action to the State Civil Service Commission. The time limits and procedure for appealing are contained in Chapter 13 of the Civil Service Rules. A copy of Chapter 13 may be obtained from DCI's Human Resources Office.

Sincerely,

Jason Kent, Warden
Dixon Correctional Institute

JK/sts

cc: Assistant Warden David Voorhies
Assistant Warden Kenneth Booty
DCI Time and Attendance
Personnel File

Form A-02-001-A
September 2012

# DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## EMPLOYEE RULE VIOLATION REPORT VR-1

Date: 11/30/2015

| | | | |
|---|---|---|---|
| Name: Andrew Cupil | Unit: Compound Two | Work Schedule: 5:45 am - 6pm | Date/Time of Incident: 11/24/2105 Approx. 4:41pm |
| Job Title: Corrections Lieutenant | Emp Pers. #: [redacted] | Team/Division: A-Team/ Security | Place of Incident: Compound 2 Rec Room -A |
| Mailing Address: [redacted] | Address Verification: KLB | Rule Violation(s): #3 - Use of Unnecessary Force | |

DESCRIPTION OF INCIDENT: (Use additional sheets of needed)
On November 24th, 2015 at Approx. 4:41 pm , Offender [redacted] was observed by you Lt. Andrew Cupil in a heated conversation and making disrespectful comments towards Cadet [redacted] At this time you were seen, via video, proceed to Offender [redacted] and grab him by his shirt and pin him against the wall of Rec Room -A. This video does not show that you attempted to bring this situation under control in any other manner. Video also shows that this offender did not pose an immediate threat to the institution. This video nor your written statement shows that you notified any of your supervisors by phone nor by activation of your assigned beeper. Department Regulation No. C-02-006 states necessary force is used when all other options are exhausted.

Name and Job Title of Supervisor (typed/printed): James R. Wesley / Investigations [redacted]

Signature of Supervisor: [signature]

Date: 11/30/2015

Previous rule violations resulting in disciplinary action:

| | Date: | Rule Violation: | Penalty: |
|---|---|---|---|
| 1) | N/A | | |
| 2) | | | |
| 3) | | | |

INITIAL REVIEW/LOUDERMILL NOTICE - EMPLOYEE'S COMMENTS: (Use additional sheets if needed)
No Comments

Signature of Employee: [signature]
Date: 12-1-15

Name and Job Title of Review Officer (typed/printed): ASST Warden Kenneth L Booty

Signature of Review Officer: Kenneth L Booty
Date: 12-1-15

Recommended Action: 12.33 hr Suspension.

Reason: First VR1 Good Officer

Employee advised of opportunity for Unit Head/Designee Hearing: YES [✓] NO [ ]
Request Hearing: YES [ ] NO [✓]

Employee Initials: A.C

UNIT HEAD REVIEW HEARING - EMPLOYEE'S COMMENTS: (Use additional sheets if needed)

Signature of Employee:
Date:

Unit Head Decision:
Approved [ ]
Disapproved [ ]
Modified as noted [✓]
Modified to: Reduction in Pay to equal 12.33 hours

Performance Review Action [ ]
Disciplinary Action [ ]
Enforced Leave [ ]
Effective:
Suspension Pending Investigation [ ]
Effective:

Signature of Unit Head / Designee: AW III David Voorhies
Name and Job Title of Unit Head / Designee (type or print): AW III David Voorhies
Date: 12-1-15

Comments:

Would like to appeal to the Secretary? YES [ ] NO [ ]
Employee Initials:

(Mailed)/ Hand-Delivered to Employee At: Above Address BY: Sgt McGuire Date: 12-2-15

If hand-delivered, employee's signature of receipt of VR-1:
Date:

Disciplinary actions are final upon receipt of a disciplinary letter bearing the signature of the Unit Head or designee. All disciplinary letters are subject to automatic administrative review by the Office of the Secretary.

Total Days to Process Disciplinary Action from date VR-1 written to date disciplinary letter mailed / hand delivered: 3 days

Ex 10

Department of Public Safety & Corrections
State of Louisiana
Dixon Correctional Institute

JOHN BEL EDWARDS
GOVERNOR

JAMES M. LE BLANC
SECRETARY

August 11, 2017

Mr. Andrew Cupil
[redacted]

Dear Mr. Cupil:

You have been employed in the Security Division of Dixon Correctional Institute since April 28, 2008, and currently hold the rank of Corrections Lieutenant. This in reference to a violation report dated June 20, 2017, citing you with a violation of Rule # 1of the Corrections Services Employee Manual.

On June 20, 2017, you were observed via camera footage to using force to keep an offender from violating the rules for Adult Offenders. You were seen grabbing an offender by the arm and the back of the neck to escort him to the holding cell in the bullpen for further investigations. You failed to report this incident in any manner, nor did you have the offender seen by the medical department for documentation of the use of force.

By observation via camera footage and your failure to report the incident in any manner and have the offender seen by the medical department, you violated Corrections Services Corrections Services Employee Rule # 1 – GENERAL MISCONDUCT, which states, "No employee shall engage in conduct that impairs the security or stability of the unit, the safety of staff or offenders or the efficiency of state service. This rule includes any inappropriate action or behavior that is not otherwise better described by Rules 2 through 14."

You have previously violated Corrections Services rules. Specifically, you received a suspension without pay when you violated Corrections Services Employee Rule #3 on November 24, 2015. You received a suspension in pay when you violated Corrections Services rule #13 (g) on June 12, 2004.

As a result of the rule violation on June 20, 2017, you will receive a 4% reduction in pay equal to a suspension without pay equal to 12.33 working hours. This reduction in pay will begin on Monday, August 14, 2017 and will continue until October 22, 2017, which is when the balance of the reduction will be satisfied.

A copy of this letter will be placed in your personnel file. You have the right to appeal this action to the State Civil Service Commission within 30 calendar days following the date you receive this notice. The appeal procedure is contained in Chapter 13 of the Civil Service Rules, which is available from the Department of State Civil Service or DCI's Human Resource office.

Sincerely,

Jason Kent, Warden
Dixon Correctional Institute

JK/sts

cc: Deputy Warden Dustin Bickham
Assistant Warden Kenneth Booty
Assistant Warden Keith Turner
DCI Time and Attendance
Personnel File

Form A-02-001-A
September 2012

# DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## EMPLOYEE RULE VIOLATION REPORT VR-1

Date: 7/24/2017

| | | | |
|---|---|---|---|
| Name: Andrew Cupil | Unit: Compound One | Work Schedule: 5:45 am to 6 pm | Date/Time of Incident: 06/20/2017 |
| Job Title: Corrections Lieutenant | Emp Pers. #: [redacted] | Team/Division: B-Team / Security | Place of Incident: Office of Investigations |
| Mailing Address: [redacted] | Address Verification: | Rule Violation(s). #1 General Misconduct | |

DESCRIPTION OF INCIDENT: (Use additional sheets of needed)
On June 21, 2017, while reviewing camera footage, Captain Andrew Cupil was seen using force to keep and offender from violating the rules for Adult Offenders. ~~Captain Andrew Cupil is seen grabbing this offender by the arm and the back of the~~ neck and escorting him to the holding cell in the bullpen for further investigation. ~~Captain Cupil failed to report this incident in any manner nor did he have this~~ offender seen by the medical department for documentation of the use of force.

Name and Job Title of Supervisor (typed/printed): James R. Wesley - Investigations

Signature of Supervisor:

Date: 7-24-17

Previous rule violations resulting in disciplinary action:

| Date: | Rule Violation: | Penalty: |
|---|---|---|
| 1) | | |
| 2) | | |
| 3) | | |

INITIAL REVIEW/LOUDERMILL NOTICE - EMPLOYEE'S COMMENTS: (Use additional sheets if needed)
NONE

Signature of Employee:

Date: 8-4-17

Name and Job Title of Review Officer (typed/printed): Michael Wesley Asst Warden

Recommended Action: Reduction in Pay Equal to 12.33

Reason: Severness of offense.

Signature of Review Officer:

Date: 8-4-17

Employee advised of opportunity for Unit Head/Designee Hearing: YES [✓] NO [ ]

Request Hearing: YES [ ] NO [✓]

Employee Initials: AC

UNIT HEAD REVIEW HEARING - EMPLOYEE'S COMMENTS: (Use additional sheets if needed)

Signature of Employee:

Date:

Unit Head Decision:

Approved [✓]

Disapproved [ ]

Modified as noted [ ]

Modified to:

Performance Review Action [ ]

Disciplinary Action [ ]

Enforced Leave [ ]

Effective: ________

Suspension Pending Investigation [ ]

Effective: ________

Signature of Unit Head / Designee:

Name and Job Title of Unit Head / Designee (type or print): Kenneth L. Kennedy Asst Warden

Date: 8-4-17

Comments:

Would like to appeal to the Secretary? YES [ ] NO [ ]

Employee Initials:

Mailed / Hand-Delivered to Employee At: BY: Date:

If hand-delivered, employee's signature of receipt of VR-1: Date:

Disciplinary actions are final upon receipt of a disciplinary letter bearing the signature of the Unit Head or designee. All disciplinary letters are subject to automatic administrative review by the Office of the Secretary.

Total Days to Process Disciplinary Action from date VR-1 written to date disciplinary letter mailed / hand delivered: ________

Ex 10

JOHN BEL EDWARDS
GOVERNOR

JAMES M. LE BLANC
SECRETARY

January 29, 2020

Mr. Andrew Cupil
[redacted]

Dear Mr. Cupil

You have been employed in the Security Division of Dixon Correctional Institute since April 28, 2008, and currently hold the rank of Corrections Major. This in reference to a violation report dated December 13, 2019, citing you with a violation of Rule #13(g) of the Corrections Services Employee Manual.

On November 02, 2019, an incident occurred in Recreation Room 2 Television Room involving offender [redacted] and you. You suspected the offender possessed some form of contraband that he was concealing in his mouth. You used necessary force in attempt to retrieve the contraband concealed in his mouth. You failed to document the incident on a Warden's Unusual Occurrence Report and you also failed to follow established Use of Force procedures. You failed to restrain the offender, who you suspected may still be concealing contraband, possibly providing the offender with an opportunity to dispose of the contraband. You made no attempt to have the offender put on dry cell status in order to provide the possibility of retrieving the contraband he may have ingested. You failed to provide the offender with the appropriate medical assessment after the use of force incident. You also, did not present yourself for a post Use of Force medical assessment. By doing these things, you threatened the security of the institution, safety of the offenders and overall normal operations of the institution.

By failing to follow established Use of Force procedures, failing to restrain the offender, failing to place the offender in dry cell status, failing to provide the offender with the appropriate medical assessment after the Use of Force incident, and failing to report to the infirmary for your post Use of Force medical assessment, you were in violation of Corrections Services Employee Rule # 13(g) – Malfeasance, Aggravated which states, "Each employee must perform his duties so as to fulfill the purpose and responsibility of his assignment." Through your negligence, you created a possible breach in security, impaired the efficient operations of the institution, and created a threat to the general safety of the public.

You have previously violated Corrections Services rules. Specifically, you received a reduction in pay when you violated Corrections Services Employee Rule #1 on June 20, 2017.

As a result of the rule violation dated on December 13, 2019, you will receive a five (5) day suspension without pay equal to 61.65 working hours. This suspension is effective Monday, February 17, 2020, Tuesday, February 18, 2020, Friday, February 21, 2020, Monday, March 02, 2020, and Tuesday, March 03, 2020. **You must notify your supervisor at Dixon Correctional Institute that you will not be available to work Monday, February 17, 2020, Tuesday, February 18, 2020, Friday, February 21, 2020, Monday, March 02, 2020, and Tuesday, March 03, 2020.**

A copy of this letter will be placed in your personnel file. You have the right to appeal this action to the State Civil Service Commission. The time limits and procedure for appealing are contained in Chapter 13 of the Civil Service Rules. A copy of Chapter 13 may be obtained from DCI's Human Resources Office.

Sincerely,

Jason Kent
Dixon Correctional Institute

JK/sts

cc: Deputy Warden Dustin Bickham
Assistant Warden Kenneth Booty
Assistant Warden John Smith
DCI Time and Attendance
Personnel File



Ex 10

Form A-02-001-A
September 2012

Print Form

# DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## EMPLOYEE RULE VIOLATION REPORT VR-1

Date: 12/13/2019

| | | | |
|---|---|---|---|
| Name: Andrew Cupil | Unit: One | Work Schedule: 6p - 6a | Date/Time of Incident: 11/2/2019 |
| Job Title: Corrections Major | Emp Pers. #: [redacted] | Team/Division: C | Place of Incident: Recreation Room 2 |
| Mailing Address: [redacted] | Address Verification: (initials) | Rule Violation(s): Malfeasance - Aggravated (13G) | |

DESCRIPTION OF INCIDENT: (Use additional sheets of needed)

On 11/2/2019 an incident occurred in Rec. Room 2 television room involving offender [redacted] and Major Andrew Cupil. Major Cupil suspected the offender possessed some form of contraband being concealed in his mouth. Major Cupil used necessary force in attempting to retrieve the contraband concealed in his mouth. Major Cupil failed to document the incident on a Warden's Unusual Occurrence Report and also failed to follow established Use of Force procedures. Major Cupil failed to restrain the offender, who he suspected may still be concealing contraband, possibly providing the offender with an opportunity to dispose of it. Major Cupil made no attempt to have the offender put on dry cell status in order to provide the possibility of retrieving the contraband

Name and Job Title of Supervisor (typed/printed): Douglas Stroughter, Corrections Colonel

Signature of Supervisor: (signature)

Date: 12-13-19

Previous rule violations resulting in disciplinary action:

| | Date: | Rule Violation: | Penalty: |
|---|---|---|---|
| 1) | | | |
| 2) | | | |
| 3) | | | |

INITIAL REVIEW/LOUDERMILL NOTICE - EMPLOYEE'S COMMENTS: (Use additional sheets if needed)

Signature of Employee: (signature)

Date: 1-3-2020

Name and Job Title of Review Officer (typed/printed): John C. Smith Asst. Warden

Recommended Action: Suspension without Pay equal to 5 days

Reason: Nature of offence

Signature of Review Officer: (signature)

Date: 1-3-2020

Employee advised of opportunity for Unit Head/Designee Hearing: YES [✓] NO [ ]

Request Hearing: YES [ ] NO [✓]

Employee Initials: AC

UNIT HEAD REVIEW HEARING - EMPLOYEE'S COMMENTS: (Use additional sheets if needed)

No Comments

Signature of Employee: (signature)

Date: 1-3-2020

Unit Head Decision:

Approved [✓]

Disapproved [ ]

Modified as noted [ ]

Modified to:

Performance Review Action [ ]

Disciplinary Action [ ]

Enforced Leave [ ]

Effective: ______

Suspension Pending Investigation [ ]

Effective: ______

Signature of Unit Head / Designee: (signature)

Name and Job Title of Unit Head / Designee (type or print): Kenneth E Baxley

Date: 1-3-2020

Comments:

Would like to appeal to the Secretary? YES [ ] NO [ ]

Employee Initials:

Mailed / Hand-Delivered to Employee At: BY: Date:

If hand-delivered, employee's signature of receipt of VR-1: Date:

Disciplinary actions are final upon receipt of a disciplinary letter bearing the signature of the Unit Head or designee. All disciplinary letters are subject to automatic administrative review by the Office of the Secretary

Total Days to Process Disciplinary Action from date VR-1 written to date disciplinary letter mailed / hand delivered:

Ex 10

# Department of Public Safety & Corrections

**State of Louisiana**

Dixon Correctional Institute

JOHN BEL EDWARDS
GOVERNOR

JAMES M. LE BLANC
SECRETARY

February 21, 2020

**REVISED**

Mr. Andrew Cupil
[redacted]

Dear Mr. Cupil

You have been employed in the Security Division of Dixon Correctional Institute since April 28, 2008, and currently hold the rank of Corrections Major. This in reference to a violation report dated February 11, 2020, citing you with a violation of Rule #1 of the Corrections Services Employee Manual.

On January 30, 2020, at approximately 9:53 p.m., you were involved in an incident which occurred in the Unit 1 Bullpen area (located on Compound 1) involving an offender who was being processed for a rule violation by Corrections Captain [redacted] The incident occurred after the offender reported to the Bullpen Lobby as he had been instructed to do so by Captain [redacted] who had found what she believed was evidence the offender was involved in prohibited behavior. Corrections Captain [redacted] informed the offender that he would be charged with a Rule #30C violation of the Offender Rulebook. You witnessed Captain [redacted] restrain the offender behind his back without incident before she brought him to the Bullpen Holding Cell to await transfer to Investigative Segregation. The offender, although verbally defiant towards Captain [redacted] complied with her efforts to escort to (and enter) the holding cell without resistance. Once inside, the offender remained stationary at the back of the cell, while Captain [redacted] proceeded to try to shut and lock the door. While Captain [redacted] was placing the offender in the cell, you left the Unit 1 Major's office and went to the holding cell, where you stopped Captain [redacted] from locking the door. Captain [redacted] and the Bullpen Officer, Corrections Sergeant [redacted] then moved away from the door. You immediately opened the door, reached into the cell, and grabbed the offender (who was stationary at the rear of the cell) by his shirt at the neck and pulled him from the cell. Maintaining this grip, you quickly marched the offender to the Major's office. You entered the Major's office with the offender alone and then shut the door. After approximately thirty (30) seconds, you exited the office, still holding the offender in the same manner as before, and returned him to the holding cell. Your decision to remove the offender from the containment setting in this circumstance was unwarranted. The offender, who was restrained and posed no immediate threat, was still in an agitated state. Your actions did not follow the generally accepted practice of de-escalating conflicts as soon as possible, which

is desirable in such circumstances. The offender could have responded violently to you or other staff members and may have attempted to injure someone. The investigations of this incident found that you made several serious errors of judgment during your response, which prevented the proper resolution of the matter. Specifically: 1) You interjected yourself into events in a manner that escalated the situation unnecessarily when the incident was at a point of de-escalation and was being managed correctly by your subordinate supervisor. 2) You removed the offender who was restrained behind the back and apparently compliant from a secure holding area and assumed an unacceptable posture towards him when the offender had shown no sign of physical belligerence to any staff member involved. You showed poor judgement in taking him into an unobserved area, alone, when it was not essential to the resolution of the incident. 3) You failed to complete a Warden's Unusual Occurrence Report on an incident which meets the Department's relevant guideline for requiring such a report. 4) You wrote in your Accident and Incident Report that the offender was "resisting" security staff members. A review of the video from the incident failed to show any action of the offender which would constitute resistance, other than angry verbal exchanges with staff. This discrepancy in properly conveying relevant information is unacceptable from a supervisor with your experience. You, as an experienced supervisor, are well familiar with proper security procedure and the requirements of proper documentation. You failed to properly perform several key aspects of your duties in this matter. The mistakes you made cannot be ignored, and the conduct you engaged in impaired the security, stability, and safety of your staff and the offenders on your unit. By doing these things, you threatened the security of the institution, safety of the offenders and overall normal operations of the institution.

By your actions stated above, you were in violation of Corrections Services Employee Rule # 1 – General Misconduct, which states, "No employee shall engage in conduct that impairs the security or stability of the unit, the safety of staff or offenders or the efficiency of state service. This rule includes any inappropriate action or behavior that is not otherwise better described by Rules 2 – 14. Through your negligence, you created a possible breach in security, impaired the efficient operations of the institution, and created a threat to the general safety of the public.

You have previously violated Corrections Services rules. Specifically, you received a suspension without pay when you violated Corrections Services Employee Rule #13(g) on December 13, 2019. You also received a reduction in pay when you violated Corrections Services Employee Rule #1 on June 20, 2017. You also received a suspension without pay when you violated Corrections Service Employee Rule #3 on November 24, 2015.

As a result of the rule violation noted above, you will receive a demotion in rank from a Corrections Major to a Corrections Captain. This demotion will be effective Friday, February 28, 2020. Your pay will be reduced by seven (7) percent effective the date of the demotion.

A copy of this letter will be placed in your personnel file. You have the right to appeal this action to the State Civil Service Commission. The time limits and procedure for appealing are contained in Chapter 13 of the Civil Service Rules. A copy of Chapter 13 may be obtained from DCI's Human Resources Office.

Sincerely,

Jason Kent
Dixon Correctional Institute

JK/sts

cc: Deputy Warden Dustin Bickham
Assistant Warden Kenneth Booty
Assistant Warden John Smith
DCI Time and Attendance
Personnel File

P. O. Box 788 ✤ Jackson, Louisiana 70748 ✤ (225) 634-1200 ✤ Fax (225) 634-6229 ✤
www.doc.la.gov
An Equal Opportunity Employer

Print Form

Form A-02-001-A
September 2012

# DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## EMPLOYEE RULE VIOLATION REPORT VR-1

Date: 2-11-20

| | | | |
|---|---|---|---|
| Name: Andrew Cupil | Unit: Compound One | Work Schedule: 5:45 pm - 6:00 am | Date/Time of Incident: 1/30/2020 - 9:53 pm |
| Job Title: Corrections Major | Emp Pers. #: [redacted] | Team/Division: C-Team | Place of Incident: U-1 Bullpen |
| Mailing Address: [redacted] | Address Verification: | Rule Violation(s): 1 - General Misconduct | |

DESCRIPTION OF INCIDENT: (Use additional sheets of needed)

Major's Office. You entered the Major's Office with the offender alone, and shut the door. After approximately 30 seconds, you exited the office, still holding the offender in the same manner as before, and returned him to the holding cell. Maj. Cupil, your decision to remove the offender from the containment setting in this circumstance was unwarranted. The offender, who was restrained and posed no immediate threat, was still in an agitated state. Your actions did not follow the generally accepted practice of deescalating conflicts as soon as possible, which is desirable in such circumstances. The offender could have responded violently to you or other staff members, and may have attempted to injure someone. The investigations of this incident found that you made several serious errors of

Name and Job Title of Supervisor (typed/printed): Douglas Stroughter, Corrections Colonel

Signature of Supervisor: [signature]

Date: 2-11-20

Previous rule violations resulting in disciplinary action:

| Date: | Rule Violation: | Penalty: |
|---|---|---|
| 1) | | |
| 2) | | |
| 3) | | |

INITIAL REVIEW/LOUDERMILL NOTICE - EMPLOYEE'S COMMENTS: (Use additional sheets if needed)

Signature of Employee:

Date:

Name and Job Title of Review Officer (typed/printed):

Recommended Action:

Reason:

Signature of Review Officer:

Date:

Employee advised of opportunity for Unit Head/Designee Hearing: YES [ ] NO [ ]
Request Hearing: YES [ ] NO [ ]

Employee Initials:

UNIT HEAD REVIEW HEARING - EMPLOYEE'S COMMENTS: (Use additional sheets if needed)

Signature of Employee:

Date:

Unit Head Decision:

Approved [ ]
Disapproved [ ]
Modified as noted [ ]
Modified to:

Performance Review Action [ ]
Disciplinary Action [ ]
Enforced Leave [ ]
Effective:
Suspension Pending Investigation [ ]
Effective:

Signature of Unit Head / Designee:

Name and Job Title of Unit Head / Designee (type or print):

Date:

Comments:

Would like to appeal to the Secretary? YES [ ] NO [ ]

Employee Initials:

Mailed / Hand-Delivered to Employee At: BY: Date:

If hand-delivered, employee's signature of receipt of VR-1: Date:

Disciplinary actions are final upon receipt of a disciplinary letter bearing the signature of the Unit Head or designee. All disciplinary letters are subject to automatic administrative review by the Office of the Secretary.

Total Days to Process Disciplinary Action from date VR-1 written to date disciplinary letter mailed / hand delivered:

Form A-02-001-A
September 2012

Print Form

# DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## EMPLOYEE RULE VIOLATION REPORT VR-1

Date: 2-11-20

| | | | |
|---|---|---|---|
| Name: Andrew Cupil | Unit: Compound One | Work Schedule: 5:45 pm - 6:00 am | Date/Time of Incident: 1/30/2020 - 9:53 pm |
| Job Title: Corrections Major | Emp Pers. #: [redacted] | Team/Division: C-Team | Place of Incident: U-1 Bullpen |
| Mailing Address: [redacted] | Address Verification: | Rule Violation(s): 1 - General Misconduct | |

DESCRIPTION OF INCIDENT: (Use additional sheets of needed)

judgment during your response, which prevented the proper resolution of the matter. Specifically: 1) You interjected yourself into events in a manner that escalated the situation unnecessarily, when the incident was at a point of deescalation, and was being managed correctly by your subordinate supervisor. 2) You removed the offender (who was restrained behind the back and apparently compliant from a secure holding area, and assumed an unacceptable posture towards him when the offender had shown no sign of physical belligerence to any staff member involved. You also showed poor judgment in taking him into an unobserved area alone, when it was not essential to the resolution of the incident. 3) You failed to complete a Warden's Unusual Occurrence Report on an incident which

Name and Job Title of Supervisor (typed/printed): Douglas Stroughter, Corrections Colonel

Signature of Supervisor: [signature]

Date: 2-11-20

Previous rule violations resulting in disciplinary action:

| | Date: | Rule Violation: | Penalty: |
|---|---|---|---|
| 1) | | | |
| 2) | | | |
| 3) | | | |

INITIAL REVIEW/LOUDERMILL NOTICE - EMPLOYEE'S COMMENTS: (Use additional sheets if needed)

Signature of Employee:

Date:

Name and Job Title of Review Officer (typed/printed):

Recommended Action:

Reason:

Signature of Review Officer:

Date:

Employee advised of opportunity for Unit Head/Designee Hearing: YES [ ] NO [ ]
Request Hearing: YES [ ] NO [ ]

Employee Initials:

UNIT HEAD REVIEW HEARING - EMPLOYEE'S COMMENTS: (Use additional sheets if needed)

Signature of Employee:

Date:

Unit Head Decision:

Approved [ ]

Disapproved [ ]

Modified as noted [ ]

Modified to:

Performance Review Action [ ]

Disciplinary Action [ ]

Enforced Leave [ ]

Effective: ____________

Suspension Pending Investigation [ ]

Effective: ____________

Signature of Unit Head / Designee:

Name and Job Title of Unit Head / Designee (type or print):

Date:

Comments:

Would like to appeal to the Secretary? YES [ ] NO [ ]

Employee Initials:

Mailed / Hand-Delivered to Employee At: BY: Date:

If hand-delivered, employee's signature of receipt of VR-1: Date:

Disciplinary actions are final upon receipt of a disciplinary letter bearing the signature of the Unit Head or designee. All disciplinary letters are subject to automatic administrative review by the Office of the Secretary.

Total Days to Process Disciplinary Action from date VR-1 written to date disciplinary letter mailed / hand delivered: ____________

Ex 10

Print Form

Form A-02-001-A
September 2012

# DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## EMPLOYEE RULE VIOLATION REPORT VR-1

Date: 2-11-20

| | | | |
|---|---|---|---|
| Name: Andrew Cupil | Unit: Compound One | Work Schedule: 5:45 pm - 6:00 am | Date/Time of Incident: 1/30/2020 - 9:53 pm |
| Job Title: Corrections Major | Emp Pers. #: [redacted] | Team/Division: C-Team | Place of Incident: U-1 Bullpen |
| Mailing Address: [redacted] | Address Verification: | Rule Violation(s): 1 - General Misconduct | |

DESCRIPTION OF INCIDENT: (Use additional sheets of needed)

meets the department's relevant guideline for requiring such a report. 4) You wrote in your Accident & Incident Report that the offender was "resisting" security staff members. A review of the video from the incident failed to show any action of the offender which would constitute resistance, other than angry verbal exchanges with staff. This discrepancy in properly conveying relevant information is unacceptable from a supervisor with your experience. Maj. Cupil, as an experienced supervisor, you are well familiar with proper security procedure and the requirements of proper documentation. You failed to properly perform several key aspects of your duties in this matter. The mistakes you made cannot be ignored, and the conduct you engaged in impaired the security, stability, and safety of

Name and Job Title of Supervisor (typed/printed): Douglas Stroughter, Corrections Colonel

Signature of Supervisor: [signature]

Date: 2-11-20

Previous rule violations resulting in disciplinary action:

| Date: | Rule Violation: | Penalty: |
|---|---|---|
| 1) | | |
| 2) | | |
| 3) | | |

INITIAL REVIEW/LOUDERMILL NOTICE - EMPLOYEE'S COMMENTS: (Use additional sheets if needed)

Signature of Employee:

Date:

Name and Job Title of Review Officer (typed/printed):

| Recommended Action: | Reason: | Signature of Review Officer: |
|---|---|---|
| | | Date: |

Employee advised of opportunity for Unit Head/Designee Hearing: YES [ ] NO [ ]
Request Hearing: YES [ ] NO [ ]

Employee Initials:

UNIT HEAD REVIEW HEARING - EMPLOYEE'S COMMENTS: (Use additional sheets if needed)

Signature of Employee: Date:

| Unit Head Decision: | | | |
|---|---|---|---|
| Approved [ ] | Performance Review Action | [ ] | Signature of Unit Head / Designee: |
| Disapproved [ ] | Disciplinary Action | [ ] | |
| Modified as noted [ ] | Enforced Leave | [ ] | Name and Job Title of Unit Head / Designee (type or print): |
| Modified to: | Effective: | | |
| | Suspension Pending Investigation | [ ] | |
| | Effective: | | Date: |

Comments:

Would like to appeal to the Secretary? YES [ ] NO [ ] Employee Initials:

Mailed / Hand-Delivered to Employee At: BY: Date:

If hand-delivered, employee's signature of receipt of VR-1: Date:

Disciplinary actions are final upon receipt of a disciplinary letter bearing the signature of the Unit Head or designee. All disciplinary letters are subject to automatic administrative review by the Office of the Secretary.

Total Days to Process Disciplinary Action from date VR-1 written to date disciplinary letter mailed / hand delivered: ____

Ex 10

Print Form

Form A-02-001-A
September 2012

# DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## EMPLOYEE RULE VIOLATION REPORT VR-1

Date: 2-11-20

| Name: Andrew Cupil | Unit: Compound One | Work Schedule: 5:45 pm - 6:00 am | Date/Time of Incident: 1/30/2020 - 9:53 pm |
|---|---|---|---|
| Job Title Corrections Major | Emp Pers. #: [redacted] | Team/Division: C-Team | Place of Incident: U-1 Bullpen |
| Mailing Address: [redacted] | Address Verification: | Rule Violation(s): 1 - General Misconduct | |

DESCRIPTION OF INCIDENT: (Use additional sheets of needed)

your staff and the offenders on your unit. You are therefore considered to be in violation of the Louisiana Department of Public Safety and Corrections Services Employee Manual - Rule #1 General Misconduct.

Name and Job Title of Supervisor (typed/printed): Douglas Stroughter, Corrections Colonel

Signature of Supervisor: [signature]

Date: 2-11-20

Previous rule violations resulting in disciplinary action:

| | Date: | Rule Violation: | Penalty: |
|---|---|---|---|
| 1) | | | |
| 2) | | | |
| 3) | | | |

INITIAL REVIEW/LOUDERMILL NOTICE - EMPLOYEE'S COMMENTS: (Use additional sheets if needed)

Signature of Employee:

Date:

Name and Job Title of Review Officer (typed/printed):

Recommended Action:

Reason:

Signature of Review Officer:

Date:

Employee advised of opportunity for Unit Head/Designee Hearing: YES [ ] NO [ ]
Request Hearing: YES [ ] NO [ ]

Employee Initials:

UNIT HEAD REVIEW HEARING - EMPLOYEE'S COMMENTS: (Use additional sheets if needed)

Signature of Employee:

Date:

Unit Head Decision:

Approved [ ]

Disapproved [ ]

Modified as noted [ ]

Modified to:

Performance Review Action [ ]

Disciplinary Action [ ]

Enforced Leave [ ]

Effective: ____________

Suspension Pending Investigation [ ]

Effective: ____________

Signature of Unit Head / Designee:

Name and Job Title of Unit Head / Designee (type or print):

Date:

Comments:

Would like to appeal to the Secretary? YES [ ] NO [ ]

Employee Initials:

Mailed / Hand-Delivered to Employee At: BY: Date:

If hand-delivered, employee's signature of receipt of VR-1: Date:

Disciplinary actions are final upon receipt of a disciplinary letter bearing the signature of the Unit Head or designee. All disciplinary letters are subject to automatic administrative review by the Office of the Secretary.

Total Days to Process Disciplinary Action from date VR-1 written to date disciplinary letter mailed / hand delivered: ____________

Ex 10

0016D

DATE: 02/15/24 DPS&C CORRECTIONS SERVICES TIME: 10:46
AMENDED: 01/12/24 MASTER RECORD PAGE 1

--------------------------- D E S C R I P T I O N ---------------------------

DOC #..: 00389690 CURRENT LOC: DIXON CORR INST
NAME: GRAYER, ALBERT A B/M DOB.......: [redacted]

SID NUMBER: [redacted] FBI NUMBER: [redacted] SOC.SEC....: [redacted]
DRIVER LIC: - STRIKE.....: NO
HGT.......: 6`00 WEIGHT....: 175 HAIR.......: BLACK
EYES......: BROWN COMPLEXION: MEDIUM SHOE SIZE.: 120

******************* R E L E A S E I N F O R M A T I O N *****************

N DNA: Y
FFENDER CLASS: 05 GT ACT.: ACT 280 TEST DATE: 06/03/2005
RED: 08/24/2021
ED: DISCBD DS ...: 07/25/2025 FTD: 02/26/2031
CC DATE: **/**/**** ADJUSTED.: 08/24/2025

B ACTION..: TOTAL SENTENCE
MS ON TOTAL LOSS OF GT 009YRS/ 10MTH/ 17DAYS
YPE ACTION: REG TO DATE: 0030
CTION DATE: RESTORED: 0
CTRP Release Factor: 0 DAYS
OMMENTS: CORR JC ON PV-IN JAIL WITH WARR 7/13-8/6/22

ETAINER: N DETAINER INFO:

------------------- O F F E N S E I N F O R M A T I O N -------------------

| DOCKET NUMBER | PAR CON | HW CR | SENTENCE DATE | MOD1&2 | STATUTE | CNT | TERM YYYMMDD | HW CR | REV FLG | GT ACT | APP JCR |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 7845 | SHL | CS | 04/05/23 | / | SIMPLE BURGLARY | 002 | 0070013 | CC | X | 280 | |
| | | | 03/09/12 | | REV-GTPS-WAIV PEND CHARG | | ON 04/05/23 | | | | |
| ORIG.SENT. | | | 07/15/11 | | PROB TECH ABSCONDED | | ON 03/09/12 | | | | |
| 8988 | SHL | NA | 04/05/23 | / | SIMPLE BURGLARY | 001 | 0021004 | NA | X | 280 | 0256 |
| | | | 03/09/12 | | REV-GTPS-WAIV PEND CHARG | | ON 04/05/23 | | | | |
| ORIG.SENT. | | | 07/15/11 | | PROB TECH ABSCONDED | | ON 03/09/12 | | | | |
| 9099 | SHL | CC | 04/05/23 | / | SIMPLE BURGLARY | 002 | 0021004 | CC | X | 280 | 0232 |
| | | | 03/09/12 | | REV-GTPS-WAIV PEND CHARG | | ON 04/05/23 | | | | |
| ORIG.SENT. | | | 07/15/11 | | PROB TECH ABSCONDED | | ON 03/09/12 | | | | |
| 9117 | SHL | CC | 04/05/23 | / | SIMPLE BURGLARY | 003 | 0021004 | CC | X | 280 | 0232 |
| | | | 03/09/12 | | REV-GTPS-WAIV PEND CHARG | | ON 04/05/23 | | | | |
| ORIG.SENT. | | | 07/15/11 | | PROB TECH ABSCONDED | | ON 03/09/12 | | | | |
| :201730 | TAN | CS | 04/27/23 | / | CONTRABAND TYPE I | 001 | 0050000 | NA | | 280 | 0283 |

(offenses continued next page)

EXHIBIT
tabbies
18

Ex 10

OC #..: 00389690   NAME..: GRAYER, A   PG 1  SUPP- 1

------------------- O F F E N S E   I N F O R M A T I O N -------------------

| DOCKET | PAR | HW | SENTENCE | | | | TERM | HW | REV | GT | APP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 300662 | TAN | CS | 04/27/23 | / | FIRE-RAISING CORR | 001 | 0030000 | NA | | 280 | 0057 |
| 300662 | TAN | CS | 04/27/23 | / | SMPL-CRMNL DMG PR | 001 | 0020000 | CC | | 280 | 0057 |

( end of offense listing )

------------------------------ A L I A S ------------------------------

| | | | |
|---|---|---|---|
| GRAYER | | ALBERT | [redacted] |
| ALBERT | A | GRAYER | |
| ANTHONY | | GRAYER | |
| ALVIN | | GREEN | |
| ALBERT | | GRYER | |

******************** E M E R G E N C Y   C O N T A C T ********************

EMERGENCY CONTACT: [redacted]
EMERGENCY ADDRESS:
EMERGENCY ZIPCODE:
RELATION.......: EX-SPOUSE
EMER.CITY/ST: TANGIPAHOA [redacted] LA
EMERGENCY PHONE: [redacted]

------------------------- P E R S O N A L   D A T A -------------------------

ADDRESS..: [redacted]
BIRTH CITY: INDEPENDENCE ,LOUISIANA    CITIZEN..: YES
MARITAL ST: DIVORCED    CHILDREN: 01    RELIGION..: NON-DENOMINATIO
EDUCATION.: 12 YRS.    ELOC....: 4    GOVT ASST.: NO
OCCUPATION: SALES PERSON - SERVICE AND COMMODITIES
MOTHER`S NAME: [redacted]    FATHER`S NAME: [redacted]

------------------ S C A R S - M A R K S - T A T T O O S ------------------

MARK/INFIRMITY.1: TAT FHD    LITERAL: T
MARK/INFIRMITY.2: TAT R ARM    LITERAL: VELMA SOLJAH
MARK/INFIRMITY.3: TAT FACE    LITERAL: CROSS BTEENEYES
MARK/INFIRMITY.4: TAT LF ARM    LITERAL: AN
MARK/INFIRMITY.5:    LITERAL:

----------------- T R A N S F E R   I N F O R M A T I O N -----------------

| ASSIGNED LOCATION | PHYSICAL LOCATION | FROM DATE | TYPE SUPV |
|---|---|---|---|
| OAS/SOUTH JAILS | TANGIPAHOA PJ AND TWP | 11/11/97 | A |
| AMITE DISTRICT | AMITE DISTRICT | 11/24/97 | G |
| OAS/SOUTH JAILS | E BATON ROUGE PP | 07/17/98 | A |
| OAS/SOUTH JAILS | EAST CARROLL PEA FARM | 07/24/98 | A |
| OAS/SOUTH JAILS | RICHLAND PARISH DC FE | 01/01/99 | A |
| OAS/SOUTH JAILS | WEST CARROLL DET CTR | 04/19/99 | A |
| WADE RECEPTION AND DI | WADE RECEPTION AND DI | 06/22/99 | A |
| DIXON CORR INST | DIXON CORR INST | 07/26/99 | A |
| AMITE DISTRICT | AMITE DISTRICT | 05/30/01 | G |
| AMITE DISTRICT | TANGIPAHOA PJ AND TWP | 06/01/01 | G |
| AMITE DISTRICT | AMITE DISTRICT | 07/17/01 | G |
| AMITE DISTRICT | RELEASE | 09/04/02 | G |
| OAS/SOUTH JAILS | TANGIPAHOA PJ AND TWP | 11/22/04 | A |
| OAS/NORTH JAILS | LASALLE CORRECTIONAL | 02/21/05 | A |

(transfers continued next page)

------------------ T R A N S F E R   I N F O R M A T I O N ------------------

| ASSIGNED LOCATION | PHYSICAL LOCATION | FROM DATE | TYPE SUPV |
|---|---|---|---|
| OAS/NORTH JAILS | RIVER CORRECTIONAL CE | 07/19/05 | A |
| WCC/FTW-WRDC | WCC/FTW-WRDC | 01/03/06 | A |
| WINN CORR CTR | WINN CORR CTR | 01/23/06 | A |
| WINN CORR CTR | E.A. CONWAY HOSPITAL | 05/18/06 | A |
| WINN CORR CTR | WINN CORR CTR | 05/19/06 | A |
| WINN CORR CTR | E.A. CONWAY HOSPITAL | 06/23/06 | A |
| WINN CORR CTR | WINN CORR CTR | 06/24/06 | A |
| DAVID WADE CORR CTR | DAVID WADE CORR CTR | 11/13/07 | A |
| AMITE DISTRICT | AMITE DISTRICT | 02/12/08 | G |
| AMITE DISTRICT | BOGALUSA CJ | 03/14/08 | G |
| AMITE DISTRICT | WASHINGTON PJ | 03/15/08 | G |
| AMITE DISTRICT | TANGIPAHOA PJ AND TWP | 03/18/08 | G |
| AMITE DISTRICT | TANGIPAHOA PJ AND TWP | 05/02/08 | G |
| OAS/SOUTH JAILS | TANGIPAHOA PJ AND TWP | 06/17/08 | A |
| AMITE DISTRICT | AMITE DISTRICT | 12/15/08 | G |
| AMITE DISTRICT | ST. TAMMANY PJ | 01/24/09 | G |
| OAS/SOUTH JAILS | ST. TAMMANY PJ | 02/11/09 | A |
| OAS/SOUTH JAILS | NOT IN CUSTODY | 02/27/09 | A |
| OAS/SOUTH JAILS | TANGIPAHOA PJ AND TWP | 10/16/09 | A |
| AMITE DISTRICT | TANGIPAHOA PJ AND TWP | 02/03/10 | G |
| AMITE DISTRICT | CATAHOULA CORR. CENTE | 02/26/10 | G |
| AMITE DISTRICT | ST. HELENA PJ | 03/18/10 | G |
| AMITE DISTRICT | CATAHOULA CORR. CENTE | 03/19/10 | G |
| AMITE DISTRICT | RELEASE | 06/19/10 | G |
| AMITE DISTRICT | AMITE DISTRICT | 07/15/11 | B |
| AMITE DISTRICT | E FELICIANA PP | 12/20/11 | B |
| OAS/SOUTH JAILS | E FELICIANA PP | 03/09/12 | A |
| OAS/NORTH JAILS | WEST CARROLL DET CTR | 03/29/12 | A |
| WADE RECEPTION AND DI | WADE RECEPTION AND DI | 05/10/12 | A |
| WADE RECEPTION AND DI | E.A. CONWAY HOSPITAL | 05/19/12 | A |
| WADE RECEPTION AND DI | WADE RECEPTION AND DI | 05/24/12 | A |
| HUNT RECEPTION AND DI | HUNT RECEPTION AND DI | 06/04/12 | A |
| ELAYN HUNT CORR CTR | ELAYN HUNT CORR CTR | 08/13/12 | A |
| LA STATE PEN | LA STATE PEN | 02/29/16 | A |
| LA STATE PEN | ST. TAMMANY PJ | 08/01/17 | A |
| LA STATE PEN | LA STATE PEN | 08/15/17 | A |
| AMITE DISTRICT | AMITE DISTRICT | 04/01/21 | G |
| AMITE DISTRICT | ARIZONA | 02/16/22 | G |
| AMITE DISTRICT | LIVINGSTON PARISH DET | 03/09/22 | G |
| AMITE DISTRICT | AMITE DISTRICT | 03/10/22 | G |
| AMITE DISTRICT | TANGIPAHOA PJ AND TWP | 03/24/22 | G |
| AMITE DISTRICT | TANGIPAHOA PJ AND TWP | 04/08/22 | G |
| AMITE DISTRICT | AMITE DISTRICT | 06/23/22 | G |
| AMITE DISTRICT | TANGIPAHOA PJ AND TWP | 07/08/22 | G |
| AMITE DISTRICT | TANGIPAHOA PJ AND TWP | 07/13/22 | G |

(transfers continued next page)

------------------ T R A N S F E R   I N F O R M A T I O N ------------------

| ASSIGNED LOCATION | PHYSICAL LOCATION | FROM DATE | TYPE SUPV |
|---|---|---|---|
| AMITE DISTRICT | AMITE DISTRICT | 08/06/22 | G |
| AMITE DISTRICT | TANGIPAHOA PJ AND TWP | 08/16/22 | G |
| AMITE DISTRICT | TANGIPAHOA PJ AND TWP | 08/16/22 | G |
| AMITE DISTRICT | TANGIPAHOA PJ AND TWP | 04/05/23 | G |
| OAS/SOUTH JAILS | TANGIPAHOA PJ AND TWP | 04/05/23 | A |
| HUNT RECEPTION AND DI | HUNT RECEPTION AND DI | 08/14/23 | A |
| DIXON CORR INST | DIXON CORR INST | 11/06/23 | A |

DOCMMG

--------------------------

PRINTED BY 02/15/24

Ex 10

page 1

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CONDUCT REPORT

EXHIBIT 19

NAME: Albert Grayer

DOC #: 389690

REPORT | BOARD ACTION

| No | Incident Date | Rule No. | Hearing Date | Repri-manded | Extra Duty | Isol | Loss of GT | Rec Change (job,qtrs,inst) | Loss of Privileges/ Incentive Wages | Room Conf | Rest |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 6/11/12 | 17 | 6/18/12 | | | | | | 8 wks phone 8 wks canteen | | |
| 6 | 6/1/12 | 5 | 6/6/12 | | | | | | 8 wks canteen | | |
| 7 | 6/19/12 | 3 | 6/26/12 | | | | | | 8 wks canteen & phone | | |
| 8 | 6/28/12 | 3 | 7/3/12 | | | | 60 | | | | |
| 9 | 7/3/12 | 5 | [illegible] | combine | | | | | | | |
| 10 | 7/3/12 | 21 | 7/5/12 | | | | 30 | | 8 wks canteen | | 2.99 |
| 11 | 7/5/12 | 17 | [illegible] | | | | | | | | |
| 12 | 7/3/12 | 5 | [illegible] | combine | | | | | 8 canteen 8 phone | | |
| ~~9~~ | ~~[illegible]~~ | ~~3,5~~ | ~~[illegible]~~ | | | | | | | | |
| ~~40~~ | ~~7/19/12~~ | ~~3,5~~ | | | | | | | | | |
| 13 | 7/17/12 | 3,5 | [illegible] | | | | | | 8 phone 8 canteen | | |
| 14 | 7/19/12 | 3,5 | [illegible] | | | | 10 | | | | 2.99 |
| ~~13~~ | ~~7/18/12~~ | ~~17~~ | | | | | | | | | |
| ~~14~~ | ~~7/20/12~~ | ~~[illegible]~~ | | | | | | | | | |
| 15 | 7/31/12 | 17 | [illegible] | | | | | | 8 wks canteen | | 30.50 21 Y.O. |

1 Contraband
1A. Unauthorized Items (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)

19. Self Mutilation (B)
21. Agg. Sex Offense (B)
22. Theft (B)

… Unsanitary Prac. (A)
28. Agg. Work Offense (B)
… Disturbance (B)
… Gen Prohibited Behavior (B)

pag 2

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CONDUCT REPORT

NAME: Albert Grayer

DOC #: 389690

| REPORT | | | | BOARD ACTION | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| No | Incident Date | Rule No. | Hearing Date | Reprimand | Extra Duty | Isol | Loss of GT | Rec Change (job,qtrs,inst) | Loss of Privileges/ Incentive Wages | Room Conf | Rest |
| ✓16 | 8/10/12 | 3 | 8/14/12 | | | | | | 8 canteen 8 phone | | |
| ✓17 | 9/10/12 | 3 | 9/12/12 | | | | | | 8 phone 8 canteen | | |
| ✓18 | 10/9/12 | 1 | 11/12/12 | | | 5 | | | | | |
| ~~19~~ | ~~10/8/12~~ | ~~19~~ | ~~[illegible]~~ | | | | | | | | |
| ✓19 | 10/14/12 | 5 | 10/16/12 / combined | | | 5 | | | | | |
| ✓20 | 11/21/12 | 3 | 11/26/12 | | | 10 | | | | | med cost |
| ✓21 | 11/21/12 | 5 | [illegible] | | | 10 | | | | | 2.99 |
| ✓22 | 12/2/12 | 3 | [illegible] | | | | | | | | |
| ✓23 | 12/2/12 | 3 | [illegible] | | | 30 | | | [illegible] canteen | | 4.99 |
| ✓24 | 12/2/12 | 5 | [illegible] | | | | | | | | |
| ✓25 | 12/10/12 | 3 | [illegible] | | | | | | 8 phone 8 canteen | | |
| ✓26 | 12/10/12 | 3 | [illegible] | | | | | | 8 phone 8 canteen | | |
| ✓27 | 1/9/13 | 15 | [illegible] | | | 30 | | | 4 canteen | | 5.00 |
| ✓28 | 1/22/13 | 15 | [illegible] | | | | | | | | |
| ✓29 | 1/23/13 | 3 | [illegible] | | | | | | 4 phone yard [illegible] | | |

1. Contraband
1A. Unauthorized Items (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)

19. Self-Mutilation (B)
20. Runaway
21. Agg. Out O Time (B)
22. Theft (B)
23. Unauth. Area (A)
25. Deleted

26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen. Prohibited Behavior (B)

Ex 10

pag 3

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CONDUCT REPORT

NAME: Albert Grayer

DOC #: 389 [illegible]

| REPORT | | | | BOARD ACTION | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| No | Incident Date | Rule No. | Hearing Date | Reprimand | Extra Duty | Isol | Loss of GT | Rec Change (job,qtrs,inst) | Loss of Privileges/ Incentive Wages | Room Conf | Rest |
| ✓30 | 1/23/13 | 5 | 1/25/13 | | | | | | 4 canteen 4 phone | | 2.99 |
| ✓31 | 1/[illegible]/13 | 3 | [illegible] | | | | | | 4 phone 4 canteen | | |
| ✓32 | 1/24/13 | 5 | 1/[illegible]/13 | | | | | | 4 phone 4 canteen | | 2.99 |
| ✓33 | [illegible]/13 | 21E, 3 | [illegible] | Combined | | 10 | | | 10 phone | | |
| ✓34 | [illegible]/13 | 3 | | | | | | | | | |
| ✓35 | 2/10/13 | 3 | 2/[illegible]/13 | | | | | | [illegible] canteen [illegible] phone | | |
| 36 | 2/[illegible]/13 | 5,5 | [illegible] | | | | | | [illegible] canteen [illegible] phone | | |
| 37 | 3/2/13 | 3,5 | [illegible] | | | | | | [illegible] canteen [illegible] phone | | |
| 38 | 3/[illegible]/13 | 10,5 | [illegible] | | | | | | [illegible] canteen [illegible] phone | | 5.00 |
| ✓39 | 4/[illegible]/13 | 15 | [illegible] | | | | | | [illegible] phone | | 10.00 |
| ✓40 | 4/10/13 | 21E | 4/[illegible]/13 | Combined | | | 90 | | [illegible] canteen | | |
| ✓41 | 4/10/13 | 3 | | | | | | | | | |
| 42 | 4/[illegible]/13 | 3 | | | | | 15 | | [illegible] canteen | | |
| ✓43 | 4/20/13 | 21E | [illegible] | | | | 90 | | [illegible] canteen | | |
| ✓44 | 4/20/13 | 5,5 | [illegible] | Combined | | | 10 | | [illegible] canteen | | 2.99 |
| ✓45 | 4/20/13 | 5,1 | [illegible] | | | | | | | | |

1. Contraband
1A. Unauthorized Items ([illegible])
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)
[illegible]
13. [illegible]
[illegible]
17. [illegible] (B)
[illegible]
19. Self-Mutilation ([illegible])
20. [illegible]
21. Agg. Sex Offense ([illegible])
22. Theft (B)
24. [illegible] Area ([illegible])
25. [illegible]
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen Prohibited Behavior (B)

Ex 10

pag 4

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CONDUCT REPORT

NAME: Albert Grayer

DOC #: 589 692

| REPORT | | | BOARD ACTION | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| No | Incident Date | Rule No. | Board Date | Repri-mand | Extra Duty | Isol | Loss of GT | Rec Change (job,qtrs,inst) | Loss of Privileges/ Incentive Wages | Room Conf | Rest |
| ✓46 | 4/20/13 | 3,21C | 4/29/13 | | | | 60 | | 12 canteen | | |
| 47 | 4/26/13 | 32C | [illegible] | [illegible] | | | | | | | |
| ✓48 | 5/1/13 | 21E | 5/31/13 | | | | 30 | | 2 canteen | | |
| 49 | 6/13/13 | 17 | 7/1/13 | | | | | | 12 canteen | | 3,000.00 |
| ~~50~~ | ~~6/2?/13~~ | ~~17~~ | ~~[illegible]~~ | | | | | | | | |
| ✓50 | 7/26/13 | 35 | [illegible] | | | | 30 | | 12 wks canteen | | |
| ✓— | 7/26/13 | 3,5 | [illegible] | [illegible] | | | | | | | |
| ✓51 | 7/24/13 | 17 | 7/25/13 | | | | | | 12 canteen | | actual cost |
| ✓52 | 8/1/13 | 3 | [illegible] | | | | 10 | | | | |
| ~~54~~ | ~~8/1/13~~ | ~~[illegible]~~ | ~~[illegible]~~ | | | | | | | | |
| ✓53 | 8/13/13 | 21E | [illegible] | | | | 30 | | 2 wks canteen | | |
| ✓54 | 8/15/13 | 17 | [illegible] | | | | | | | | 4.00 |
| ✓55 | 8/15/13 | 5 | [illegible] | | | | | | | | |
| ✓56 | 8/15/13 | 5 | [illegible] | | | | | | | | |
| ✓57 | 8/18/13 | 17 | [illegible] | | | | | | | | 39.50 |

1. Contraband
1A. Unauthorized Areas (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Dirty/Untidy Condition (A)
13. Deleted
19. Self-Mutilation (B)
20. Resonmed
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (A)
25. Deleted
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen Prohibited Behavior (B)

page 5

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CONDUCT REPORT

NAME: Albert [illegible]

DOC #: 389 690

| REPORT | | | BOARD ACTION | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| No | Incident Date | Rule No. | Hearing Date | Reprimand | Extra Duty | Isol | Loss of GT | Rec Change (job,qtrs,inst) | Loss of Privileges/ Incentive Wages | Room Conf | Rest |
| 58 | 8/19/13 | 3 | 8/20/13 | Combined with #57 | | | | | | | |
| 59 | 8/19/13 | 5.3 | [illegible] | | | | | | 8 phone 8 canteen | | |
| 60 | 8/21/13 | 3 | 8/21/13 | | | | 10 | | | | |
| 61 | 9/3/13 | 1 | 9/5/13 | | | | | | | | |
| 62 | 9/3/13 | 5.5 | 9/5/13 | | | | | | 12 canteen 12 phone | | 2.99 |
| 63 | 9/9/13 | 3 | [illegible] | | | | | | 8 canteen 8 phone | | |
| 64 | 9/20/13 | 10 | [illegible] | | | | | | 8 canteen 8 phone | | 5.00 |
| 65 | 9/25/13 | 11 | [illegible] | | | | | | 10 canteen 10 phone | | 10.00 |
| 66 | 9/26/13 | 21E | [illegible] | | | | 30 | | 10 phone | | |
| 67 | 9/26/13 | 3, 15 | [illegible] | | | | | | 6 phone 6 canteen | | |
| 68 | 9/28/13 | 21E | [illegible] | | | | 30 | | 10 canteen | | |
| 69 | 10/1/13 | 21E | [illegible] | | | 10 | | | 10 phone | | |
| 70 | 10/5/13 | 15.3 | [illegible] | | | | | | [illegible] canteen [illegible] phone | | |
| 71 | 10/6/13 | 11 | [illegible] | | | | | | 16 phone 16 canteen | | 20.00 |
| 72 | 10/10/13 | 19 | [illegible] | | | | | | | | |

1. Contraband
1A. Unauthorized Items (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)
7. Disrespect (A)
8. Escape (B)
9. Deleted
10. Fighting (B)
11. Agg. Fighting (B)
12. Gambling (B)
13. Deleted
14. Intoxication
15. Malingering (B)
16. Rescinded
17. Prop. Destruction (B)
18. Radio/TV Abuse (A)
19. Self-Mutilation (B)
20. Rescinded
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (A)
25. Deleted
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen Prohibited Behavior (B)

Ex 10

page 6

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CONDUCT REPORT

NAME: Albert [illegible]

DOC #: 389690

REPORT | BOARD ACTION

| No | Incident Date | Rule No. | Hearing Date | Reprimand | Extra Duty | Isol | Loss of GT | Rec Change (job,qtrs,inst) | Loss of Privileges/ Incentive Wages | Room Conf | Rest |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 73 | 10/12/13 | 3 | 11/[illegible]/13 | Combine [illegible] #73 | | | | | | | |
| 74 | 10/18/13 | 3,5 | [illegible] | | | 10 | | | 12 canteen | | |
| 75 | 10/20/13 | 5 | [illegible] | | | 10 | | | 4 canteen | | |
| 76 | 10/24/13 | 21F | [illegible] | | | 10 | | | 12 phone | | |
| 77 | 10/24/13 | 3 | [illegible] | | | | | | | | |
| 78 | 10/24/13 | 3 | [illegible] | | | | | | 9 canteen [illegible] phone | | |
| 79 | 11/9/13 | 3,5 | [illegible] | | | 10 | | | 8 canteen | | |
| 80 | 11/9/13 | 3,5 | [illegible] | | | | | | | | |
| 81 | 11/9/13 | 5 | [illegible] | | | 10 | | | 5 phone | | |
| 82 | 11/13/13 | 3 | [illegible] | | | | | | 6 canteen 6 phone | | |
| 83 | 4/6/14 | 21F | [illegible] | | | | | | 9 canteen 9 phone | | |
| 84 | 5/9/14 | 21 | [illegible] | | | | | | [illegible] canteen [illegible] phone | | |
| 85 | 5/13/14 | 3 | 5/[illegible] | Combine | | | | | [illegible] canteen | | |
| 86 | 5/14/14 | 1 | 5/28/14 | | | | | | [illegible] wks phone | | |
| 87 | 5/17/14 | 3 | 5/28/14 | | | | | | | | |

*

1. Contraband
1A. Unauthorized Items (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)
7. Disrespect (A)
8. Escape (B)
9. Deleted
10. Fighting (B)
11. Agg. Fighting
12. Gambling (B)
13. Deleted
14. Intoxication
15. Malingering (B)
16. Rescinded
17. Prop. Destruction (B)
18. Radio/TV Abuse (A)
19. Self-Mutilation (B)
20. Rescinded
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (A)
25. Deleted
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen Prohibited Behavior (B)

Ex 10

page 7

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CONDUCT REPORT

NAME: Albert [illegible]

DOC #: 38969

REPORT / BOARD ACTION

| No | Incident Date | Rule No. | Hearing Date | Reprimand | Extra Duty | Isol. | Loss of GT | Rec Change (job,qtrs,inst) | Loss of Privileges/ Incentive Wages | Room Conf | Rest |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ✓88 | 6/14/14 | 1 | 7/1/14 | | | | | | 12 phone 12 canteen | | |
| ✓89 | 6/17/14 | [illegible] | [illegible] | | | | | | 6 phone 6 canteen | | |
| ✓90 | 6/16/14 | 6 | 7/1/14 | | | | | | 12 phone 12 canteen | | |
| ✓91 | 6/16/14 | 3 | 7/1/14 | | | | | | | | |
| 92 | 6/18/14 | 11 | [illegible] | | | | | | [illegible] canteen | | #10 |
| ✓93 | 6/21/14 | 21E | 7/2/14 | | | | | | 12 phone 12 canteen | | |
| * [illegible] | [illegible] | | | | | | | | | | |
| 94 | 8/12/14 | 7 | [illegible] | | | | | | 4 canteen 4 phone | | |
| 95 | | 3,15 | 10/10/14 | | | | | | 8wks Canteen 8WKS Phone | | |
| 96 | [illegible] | [illegible] | | referred to [illegible] for investigation | | | | | | | |
| ✓97 | 11/7/14 | 21E | 11/10/14 | | | | | | 12 wks phone 12wks canteen | | |
| 98 | 11.11.14 | 3 | 11.13.14 | | | | | | | | |
| 99 | 11.10.14 | 21E | 11.13.14 | | | | | | | | |
| 100 | 11.11.14 | 21E | 11.13.14 | | | | | | | | |
| 101 | 11/7/14 | 17 | 11/19/14 | | | | | | 8 weeks canteen 8 weeks phone | | ✓ |

1. Contraband
1A. Unauthorized Items (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)
7. Disrespect (A)
8. Escape (B)
9. Deleted
10. Fighting (B)
11. Agg. Fighting
12. Gambling (B)
13. Deleted
14. Intoxication
15. Malingering (B)
16. Rescinded
17. Prop. Destruction (B)
18. Radio/TV Abuse (A)
19. Self-Mutilation (B)
20. Rescinded
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (A)
25. Deleted
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen Prohibited Behavior (B)

Page 8

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

NAME: Albert [illegible]

DOC #: 384690

REPORT

| No | Incident Date | Rule No. | Date | Reprimand | Extra Duty | [illegible] | Loss of GT | Rec Change (job,qtrs,inst) | Loss of Privileges/ Incentive Wages | Room Conf | Rest |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 102 | 11/10/14 11/11/14 | [illegible] | 11/21/14 | | | | | | 12 ws canteen 12 ws phone | | |
| 103 | 11/11/14 | 2 | 11/21/14 | | | | | | 12 ws canteen 12 ws phone | | |
| 104 | 11/25/14 | 3 | [illegible] | | | | | | 12 ws canteen 12 ws phone | | |
| 105 | 12/28/14 | 3 | 12/29/14 | | | | | [illegible] isolation (expired) | | | |
| 106 | 12/28/14 | 3 | 12/29/14 (expired) | | | | | | 12 ws phone (expired) | | |
| 107 | 12/28/14 | 5 | 12/29/14 (expired) | | | | | | | CA 2[99] | |
| 108 | 1/[illegible]/15 | 3 | | | | | | | [illegible] ws canteen [illegible] phone | | |
| 109 | 1/11/15 | 21E | 1/12/15 | | | | | | 12 ws canteen 12 ws phone | | |
| 110 | 12/18/14 | 19 | 1/16/15 | Combined with rule 3 | | | | | 12 wks canteen (MO) 12 wks phone | | |
| 111 | 12/17/14 | 21E | 1/16/15 | | | | | | 12 wks canteen (MO) 12 wks phone | | |
| 112 | 1/5/15 | 21E | 1/16/15 | | | | | | 12 wks canteen (MO) 12 wks phone (MO) | | |
| 113 | 12/18/14 | 3 | 1/16/15 | Combined with rule 19 | | | | | | | |
| 114 | 1/12/14 | 3 | 2/2/15 | | | | | | 4 wks canteen phone | | |
| 115 | 1/12/15 | 3 | 2/[illegible]/15 | | | | | | 12 phone 12 canteen | | |
| 116 | 2-11-15 | 1 | 2-[illegible] | | | | | | 12 wks phone 12 wks canteen | | |

1. Contraband
1A. Unauthorized Items (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)
7. Disrespect (A)
8. [illegible]
9. [illegible]
10. Fighting (B)
11. [illegible]
12. [illegible]
13. Deleted
14. Intoxication
15. Malingering (B)
16. Rescinded
17. Prop. Destruction (B)
18. Radio/TV Abuse (A)
19. Self-Mutilation (B)
20. Rescinded
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (A)
25. Deleted
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen. Prohibited Behavior (B)

Ex 10

LOUISIANA [illegible] CORRECTIONS
[illegible]

NAME: Albert Grayer

DOC #: 389690

REPORT

| No | Incident Date | Rule No. | Hearing Date | [illegible] | Exam Date | [illegible] | Loss of GT | Cust Change | Loss of Privileges/ Incentive Wages | Room Conf | Rest |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 117 | 2/8/15 | 21E | 2/16/15 | | | | | | 12 wks phone 12 wks canteen | | |
| 118 | 6.18.15 | 21E | 6.24.15 | | | | | [illegible] | [illegible] | [illegible] | |
| 119 | 7/2/15 | 5 | 7/8/15 | Combined | | | | | 4 wks phone/canteen | | |
| 120 | 7/2/15 | 5 | 7/8/15 | | | | | | | | |
| 121 | 7/10/15 | 3 | 7-15-15 | | | | | | 12 wks canteen 2 wks phone (cmp) | | |
| 122 | 11/23/15 | 10 | 11/25/15 | | | | | | 6 wk phone 6 wk canteen susp. | | |
| 123 | 12.25.15 | 8/5/17 | 12.30.15 | | combined 2 reports | | 180 | transfer to [illegible] | | | |
| 124 | 12.25.15 | 8/15 | 12.30.15 | | | | | | 12 wks canteen phone | [illegible] | |
| 125 | 12.25.15 | 3 | 12.30.15 | | | | | | | | |
| 126 | 12/30/15 | 17 | 1/4/16 | | | | | | 12 phone 12 canteen | | [illegible] |
| 127 | 1/8/16 | [illegible] 17 | 1/12/16 | Combined 90 days | | | | | 12 wks [illegible] 90 days lost [illegible] | | |
| 128 | 1/8/16 | 3 | 1/12/16 | | | | | | 12 wks canteen | | |
| 129 | 1/8/16 | 3 | 1/12/16 | | | | | | | | |
| 130 | 1/8/16 | 17 | 1-12-16 | | | | | | | | |
| 131 | 1/11/16 | 5 | 1.12.16 | Combine w/ 132-135 | | | | | | | |

Contraband
A. Unauthorized Items (A)
. Defiance (B)
Disobedience (A)
. Agg. Disobedience (B)
. Disorderly Conduct (A)
7. Disrespect (A)
8. Escape (B)
9. Deleted
10. Fighting (B)
11. Agg. Fighting
12. Gambling (B)
13. Deleted
14. Intoxication
15. Malingering (B)
16. Rescinded
17. Prop. Destruction (B)
18. Radio/TV Abuse (A)
19. Self-Mutilation (B)
20. Rescinded
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (A)
25. Deleted
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen Prohibited Behavior (B)

NAME: Albert [illegible]

DOC: [illegible]

DATE:

REPORT

| No. | Incident Date | Rule No. | [illegible] | [illegible] | Loss of Privileges/ Incentive Wages | Room Conf | Rest |
|---|---|---|---|---|---|---|---|
| 132 | [illegible] | | | | 12 wks phone | | |
| 133 | 1-11-16 | | | | | | |
| 134 | | | | | | | |
| 135 | 1-11-16 | | [illegible] | | | | |
| 136 | [illegible] | [illegible] | [illegible] | | [illegible] | | [illegible] |
| 137 | [illegible] | [illegible] | [illegible] | | [illegible] | | [illegible] |
| [redacted] | | | | | | | |
| 138 | | 5 | 1/29/16 | combined | 12 wks [illegible] | | |
| 139 | 1/13/16 | 5.3 | 1/29/16 | Rule 10 combined | | | |
| 140 | 1/16/16 | 31E | 1/29/16 | [illegible] | | | |
| 141 | 1/13/16 | 5.10 | 1/31/16 | combined rule 5 5+3 | | | |
| 142 | 1/13/16 | 17 | 1/29/16 | | | | (Two) [illegible] |
| 143 | 1/17/16 | 3 | [illegible] | | [illegible] phone | | |
| 144 | 1/29/16 | 32 | [illegible] | | [illegible] canteen / [illegible] | | |
| 145 | 2/24/16 | 5 | 2/26/16 | suspended | 2 wks canteen — 2 wks phone | | |

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CONDUCT REPORT

NAME: Albert Grayer

DOC#: 389690

REPORT / BOARD ACTION

| No | Incident Date | Rule No. | Hearing Date | Reprimand | Extra Duty | Isol. | Loss of GT | Status Change (job,qtrs,inst) | Loss of Privileges/ Incentive Wages | Room Conf | Rest |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 146 | 9-15-16 | 3 | 9-19-16 | | | | | Another WB | 6 wk canteen | | |
| 147 | 9-16-16 | 17 | 9-19-16 | | | | | Sus 90 days J man pro. | | | |
| 148 | 5-21-17 | 5 | 5-23-17 | | | | | Another WB | Sus 90 days 8 wk canteen | | |
| 149 | 6-23-17 | 5 | 6-27-17 | | | | | | 6 wk canteen | | |
| 150 | 6-30-17 | 21e | 7-7-17 | Combine Reports | | | | J man pro. | | | |
| 151 | 6-30-17 | 3/5 | 7-7-17 | | | | | J man pro. | | | |
| 152 | 7-2-17 | 21e | 7-7-17 | | | | | J man pro | | | |
| 153 | 7-2-17 | 3/5 | 7-7-17 | | | | | J man pro | | | |
| 154 | 7-4-17 | 3/5 | 7-6-17 | Combine Reports | | | | J man pro | | | |
| 155 | 7-4-17 | 3, 5 30 | 7-6-17 | | | | | J man pro | | | |
| 157 | 8-25-17 | 3 5 | 8-29-17 | Combine | | 10d | | WI 1 | | | ✓ NK |
| 158 | 8-25-17 | 3 | 8-29-17 | | | 10d | | WI 1 | | | ✓ NK |
| 159? | 8-27-17 | 17 | 8-29-17 | | | 10d | | WI 1 | | | – NK |
| 160 | 8-29-17 | 1 | 8-31-17 | | | 10d | | | | | NK |

1. Contraband
1A. Unauthorized Items (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)
7. Disrespect (A)
8. Escape (B)
9. Deleted
10. Fighting (A)
11. Agg. Fighting
12. Gambling (B)
13. Deleted
14. Intoxication
15. Malingering (B)
16. Rescinded
17. Prop. Destruction (B)
18. Radio/TV Abuse (A)
19. Self-Mutilation (B)
20. Rescinded
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (A)
25. Deleted
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen Prohibited Behavior (B)

LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS

NAME: [illegible]

DOC: 38964[illegible]

DATE: 8

REPORT BOARD ACTION

| No. | Incident Date | Rule No. | Hearing Date | Reprimand | [illegible] | [illegible] | Loss of GT | Res. Change (Job, Qtr., Inst.) | Loss of Privileges/ Incentive Wages | Room Conf. | Rest |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 161 | 9-2-17 | 21 | 9-6-17 | Combine Report | | 10 days | | | 8wk phone | | |
| 162 | 9-3-17 | 17 | 9-6-17 | | | 10 days | | | 8wk phone | | |
| 163 | 9-3-17 | 17 | 9-6-17 | | | 10 days | | | 8wk phone | | |
| 164 | 9-4-17 | 3 | 9-6-17 | | | 10 days | | | 8wk phone | | |
| 165 | 9-7-17 | 3/5 | 9-11-17 | | | 10 days | | | 8wk phone | | |
| 166 | 9-11-17 | 5 | 9-13-17 | | | | | | [illegible] phone | | |
| 167 | 10-11-17 | 3.5. 21e | 10-13-17 | | | 10 days | | | | | |
| 168 | 10-26-17 | 3/5 | 10-30-17 | | | days | | | | | |
| 169 | 10-26-17 | 3/5 | 11-1-17 | | | 10 days | | | | | |
| 170 | 11-5-17 | 5 | 11-7-17 | | | [illegible] | | | | | |
| 171 | 11-7-17 | 10 | 11-9-17 | | | 10 days | | | | | |
| 172 | 11-22-17 | 3/5 | 11-28-17 | | | 10 days 10 days | | | | | |
| 173 | 12-8-17 | 17 | 12-12-17 | | | 10 days | | | 12wk Phone | | |
| 174 | 12-16-17 | 17 | 12-[illegible]-17 | | | | | | 2wk canteen | | |
| 175 | 12-20-17 | 3 | 12-22-17 | | | [illegible] | | | | | |
| 176 | 12-30-17 | 3/5 | 1-4-18 | Combine Report | | [illegible] | | | | | |
| 177 | 12-30-17 | 3/5 | 1-[illegible] | | | [illegible] | | | | | |

1. Contraband
2. Unauthorized Area (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct
19. Self-Mutilation (F)
20. Rescinded
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (A)
25. Deleted
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen. Prohibited Behavior (B)

Ex 10

LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS

NAME: Albert [illegible]

DOC: 389690

DATE:

REPORT | BOARD ACTION

| No. | Incident Date | Rule No. | Hearing Date | Repri-mand | Extra Duty | Isol. | Loss of G.T. | Rec. Change (Job, Qtrs. Inst.) | Loss of Privileges/ Incentive Wages | Room Conf. | Rest |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 178 | 1-14-18 | 30W | 1-19-18 | | | 10 days | | | | | |
| 179 | 1-14-18 | 3/5 | 1-19-18 | | | 10 days | | | | | |
| 180 | 1-14-18 | 3 | 1-19-18 | Combine Reports | | 10 days | | | | | |
| 181 | 1-17-18 | 5/10 | 1-19-18 | | | 10 days | | | | | |
| 182 | 1-11-18 | 21e/3 | 1-19-18 | | | 10 days | | | | | |
| 183 | 2-17-18 | 21e | 2-20-18 | | | | | Simple [illegible] cut 4D | | | |
| 184 | 2-19-18 | 5 | 2-21-18 | | | | | | 12wk yd<br>12wk canteen | | |
| 185 | 2-19-18 | 5/17 | 2-21-18 | | | | | | #5 12wk yd<br>#17 12wk canteen | | |
| 186 | 2-19-18 | 3/5 | 2-21-18 | | | | | | #3 12wk yd<br>#5 12wk phone | | |
| 187 | 2-19-18 | 3/21e | 2-21-18 | | | | | | #3 12wk yd<br>#21e 12wk canteen | | |
| 188 | 2-23-18 | 17 | 2-27-18 | | | | | | 12wk phone<br>12wk yd | | |
| 189 | 2-23-18 | 11 | 2-27-18 | | | | | | 12wk phone<br>12wk yd | | |
| 190 | 2-23-18 | 3/5 | 2-27-18 | Combine Reports | | | | | 12wk phone<br>12wk yd | | |
| 191 | 2-23-18 | 21e | 2-27-18 | | | | | | 12wk phone<br>12wk yd | | |
| 192 | 2-23-18 | 21e/5 | 2-27-18 | | | | | | 12wk phone<br>12wk yd | | |
| 193 | 2-26-18 | 1e | 2-28-18 | | | | | | 12wks phone<br>12wks yard | | |
| 194 | 2-26-18 | 3/5 21e | 2-28-18 | | | | | | 12wks phone<br>12wks yard | | |

1. Contraband
1A. Unauthorized Item (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)
19. Self-Mutilation (B)
20. Rescinded
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (A)
25. Deleted
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen. Prohibited Behavior (B)

Ex 10

LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS

CONDUCT REPORT

**NAME:** Albert Bra[illegible]

**DOC:** 389690

**DATE:**

**REPORT** **BOARD ACTION**

| No. | Incident Date | Rule No. | Hearing Date | Reprimand | Extra Duty | Isol. | Loss of G.T. | Rec. Change (Job, Qtrs, Inst.) | Loss of Privileges/ Incentive Wages | Room Conf. | Rest | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 195 | 2-27-18 | 3,5, 21e | 3-1-18 | | | | | | 12wk yd 12 wk Canteen | | | |
| 196 | 2-27-18 | 3,5, 21e | 3-1-18 | Combine [illegible] | | | | | 12 wk yd 12 wk canteen | | | |
| 197 | 2-27-18 | 3,5, 21e | 3-1-18 | | | | | | 12 wk yd 12 wk Canteen | | | |
| 198 | 3-2-18 | 3,5 21e | 3-6-18 | combine | | | | | 12 wks yard 12 wks canteen | | | MR |
| 199 | 3-3-18 | 3,21e 21f | 3-6-18 | | | | | | " " | | | MR |
| 200 | 3-3-18 | 3 21f | 3-6-18 | | | | | | " " | | | MR |
| 201 | 3-4-18 | 3,21e 21f | 3-6-18 | | | | | | " " | | | MR |
| 202 | 3-5-18 | 21e | 3-7-18 | combine | | | | | 12 wks yard 12 wks canteen | | | MR |
| 203 | 3-5-18 | 21e | 3-7-18 | | | | | | " " | | | MR |
| 204 | 3-5-18 | 21e | 3-7-18 | | | | | | " " | | | MR |
| 205 | 3-12-18 | 21e | 3-15-18 | | | | | | 8 wk yd | | | |
| 206 | 3-15-18 | 21e | 3-19-18 | | | | | | 12 wk phone | | | |
| 207 | 3-18-18 | 3 | 3-20-18 | | | | | | 4 wk phone | | | |
| 208 | 3-25-18 | 3,5 17 | 3-27-18 | [illegible] | | | | | 12 wk phone | | | |
| 209 | 3-25-18 | 5 | 3-27-18 | | | | | | 12 wk phone | | | |
| 210 | 3-31-18 | 21e 3 | [illegible] | | | | | | 12 wk phone | | | |

1. Contraband
1A. Unauthorized Items (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)
7. Di[illegible]
8. [illegible]
9. [illegible]
10. [illegible]
19. Self-Mutilation (B)
20. Rescinded
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (A)
25. Deleted
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen. Prohibited Behavior (B)

Ex 10

DPSC 1st Response
000103

LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
CONDUCT REPORT

**NAME:** Albert Granger

**DOC:** 389690

**DATE:**

| REPORT | | | | BOARD ACTION | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| No. | Incident Date | Rule No. | Hearing Date | Reprimand | Extra Duty | Isol. | Loss of G.T. | Rec. Change (Job, Qtrs, Inst.) | Loss of Privileges/ Incentive Wages | Room Conf. | Rest |
| 211 | 4-2018 | 21e | 4-20-18 | 2 [illegible] | | | 30 days | | 8 wk phone | | |
| 212 | 4-2018 | 3 | 4-24-18 | [illegible] | | | | | | | |
| 213 | 4-21-18 | 3 | 4-24-18 | | | | 30 days | | 8 wk canteen | | |
| 214 | 4-21-18 | 21e | 4-24-18 | [illegible] | | | | | | | |
| 215 | 4-21-18 | 21e | 4-24-18 | | | | | | | | |
| 216 | 4-25-18 | 21E | 4-30-18 | | | | 30 days | | 12 wks. phone | | [illegible] |
| 217 | 4-28-18 | 21e | 5-1-18 | | | | 30 days | | 12 wk yd | | |
| 218 | 4-28-18 | 21e | 5-1-18 | | | | 30 days | | 12 wk phone | | |
| 219 | 6-7-18 | 21e | 6-11-18 | | | | | | 12 wk yd 12 wk canteen | | [illegible] |
| 220 | 6-11-18 | 21e | [illegible] | | | [illegible] | | Outcamp ext 1/D Sus 90 days | | | |
| 221 | 6-14-18 | 21e | 6-21-18 | | | | | | 12 wk yd 12 wk canteen | | |
| 222 | 8-1-18 | 21e | 8-[illegible] | | | | | | 12 wk canteen | | |
| 223 | 8-6-18 | 21e / 5 | 8-13-18 | | | | | | 12 wk canteen 12 wk phone | | |
| 224 | 8-6-18 | 12 | 8-13-18 | combine [illegible] | | | | | 12 wk canteen 12 wk phone | | |
| 225 | 8-7-18 | 3,5, 11 | 8-13-18 | | | | | | 12 wk canteen 12 wk phone | | |
| 226 | 8-15-18 | 11c | [illegible] | | | | | TU Ext 1/D | | | HF |

1. Contraband
1A. Unauthorized Items (A)
3. Defiance (B)
4. Disrespect (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)

19. Self-Mutilation (B)
20. [illegible]
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (A)
25. Deleted

26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen. Prohibited Behavior (B)

Ex 10

LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
CONDUCT REPORT

NAME: Albert Grayer

DOC: 389690

DATE: 

verbal

| REPORT | | | | BOARD ACTION | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| No. | Incident Date | Rule No. | Hearing Date | Reprimand | Extra Duty | Isol. | Loss of G.T. | Rec. Change (Job, Qtrs., Inst.) | Loss of Privileges/ Incentive Wages | Room Conf. | Rest |
| 277 | 12/19/23 | 3,5 | 12/20/23 | | | | 30 | 30 Days HDS[illegible] Sus 90 | | | |
| 278 | 1·1·24 | 30C | 1·4·24 | | | | | | 2wks no canteen 2wks no yard | damage done camera | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

1. Contraband
1A. Unauthorized Items (A)
3. Defiance (B)
4 Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)
7. Disrespect (A)
8. Escape (B)
9. Deleted
10. Fighting (B)
11. Agg. Fighting
12. Gambling (B)
13. Deleted
14. Intoxication
15. Malingering (B)
16. Rescinded
17. Prop. Destruction (B)
18. Radio/TV Abuse (A)
19. Self-Mutilation (B)
20. Rescinded
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (B)
25. Deleted
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen. Prohibited Behavior (B)

Ex 10

## LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
## CONDUCT REPORT

**NAME:** Albert Grayer

**DOC:** 389690

**DATE:**

**REPORT** | BOARD ACTION

| No. | Incident Date | Rule No. | Hearing Date | Reprimand | Extra Duty | [illegible] | Loss of G.T. | Reg. Change (Job, Qtrs, Inst.) | Loss of Privileges/ Incentive Wages | Room Conf. | Rest |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 227 | 1-6-19 | 3 | 1-11-19 | Combined Report | | | | D 4el med F/L LOOB | | | |
| 228 | 1-1-19 | 3/21 | 1-11-19 | | | | | | | | |
| 229 | 3-3-19 | 3/5 | 3-7-19 | | | | | [illegible] F/L [illegible] LOOB [illegible] 100 days | | | |
| 230 | 4-17-19 | 3/5 | 5-8-19 | Combined Report | | | | | 12wks phone 12wks Canteen | | |
| 231 | 4-17-19 | 5 | 5-8-19 | | | | | | ↓ | | |
| 232 | 5-7-19 | 21E | 5-15-19 | | | | | [illegible] 4[illegible] Max LOOB | Imposed 12wks phone | | |
| 233 | 5-8-19 | 21C | [illegible] | | | | | | 12wks Canteen 12wks phone | | |
| 234 | 5-31-19 | 3 | 6-4-19 | | | | | LOOB | | | |
| 235 | 6-16-19 | 3 | 6-18-19 | | | | | Max ext 4D | 8wk yd | | |
| 236 | 6-18-19 | 3 | [illegible] | | | | | Max ext 4C | | | |
| 237 | 7-5-19 | 1D | 7-16-19 | Combined Report | | | 90 days | | 12wk yd | | |
| 238 | 7-7-19 | 1, 30, 5 | [illegible] | | | | | ES | | | |
| 239 | 7-13-19 | 21F | [illegible] | | | | | | | | |
| 240 | 7-13-19 | 3/5 | [illegible] | | | | | | | | |
| 241 | 7-14-19 | 21C | [illegible] | | | | | | | | |
| 242 | 7-17-19 | 21F 21E | [illegible] | | | | | [illegible] 90 [illegible] 10d | 21F 12wks yard imp; 21E 12wks yard imp | | |

1. Contraband
1A. Unauthorized [illegible] (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)

Self-mutilation (B)
Rescinded
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (A)
25. Deleted

26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen. Prohibited Behavior (B)

Ex 10

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
## CONDUCT REPORT

**NAME:** Albert [illegible]

**DOC:** 389690

**DATE:**

**REPORT** BOARD ACTION

| No. | Incident Date | Rule No. | Hearing Date | Repri-mand | Extra Duty | [illegible] | Loss of G.T. | Rec. Change (Job, Qtrs, Inst.) | Loss of Privileges/ Incentive Wages | Room Conf. | Rest |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 243 | 9-11-19 | 3 | 9-[illegible] | | | | | | 90 days GT 12 wk can. | | |
| 244 | 10-2-19 | 5/21e | 10-4-19 | | | | [illegible] | | 12 wk yd | | |
| 245 | 10-9-19 | 5, 17, 3 | 10-11-19 | combine reports | | | | 5,17,3 - | 12 wk phone | | |
| 246 | 10-9-19 | 1, 3, 5, 17, 22 | 10-11-19 | | | | | 1,3,5,17,22 - | 12 wk Canteen | | |
| 247 | 10-9-19 | 21e | 10-11-19 | | | | | | 12 wk yd 12 wk canteen | | |
| 248 | 12-25-19 | 5 | 12-27-19 | | | | | Sup 30 days ext - 1D | | | |
| 249 | 3-7-20 | 22 | 3-12-20 | | | | | | 7 days canteen | | |
| 250 | 3-15-20 | 10 | 3-[illegible] | | | | | [illegible] days dis. Seg. | | | PW |
| 251 | 4-1-20 | 3/5 | 4-3-20 | | | | | #3 20 days dis. Seg / #5 20 days dis. Seg | } Sup. 30 days | | |
| 252 | 5-23-20 | 21e/5 | 5-27-20 | | | | 21e 30 days | 21e 15 days D/S | 5 - 5 days D/S | | |
| 253 | 6-7-20 | 3, 5, 17 | 6-[illegible] | | | | #3 - 5 days | [illegible] Seg #17 / 5 [illegible] Seg #5 | | | PW |
| 254 | 6-8-20 | 17, 30[illegible] | 6-[illegible] | | | | | [illegible] days [illegible] days dis Seg | | [illegible] | PW |
| 255 | 6-18-20 | 3/5 | 6-22-20 | | | | | [illegible] | 3 - 7 days Canteen | | |
| 256 | 6-28-20 | 17 | 6-30-20 | combine Sup 30 Reports | | | 5 30 days / 10 30 days | 17 - 5 days d/S | | | |
| 257 | 6-28-20 | 5/10 | 6-30-20 | | | | | | | | |
| 258 | 7-26-20 | 3/17 | 7-28-20 | | | | | 3 - 10 days D/S | #17 10 days Canteen | | |
| 259 | 8-29-20 | 21e/5 | 9-[illegible] | | | | | [illegible] | 5 14 days canteen | | |

1. Contraband
1A. Unauthorized Items (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)

26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (3)
29. Disturbance (B)
30. Gen. Prohibited Behavior (B)

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**
**CONDUCT REPORT**

**NAME:** Albert Grayer
**DOC:** 389690
**DATE:**

**REPORT** **BOARD ACTION**

| No. | Incident Date | Rule No. | Hearing Date | Repri-mand | Extra Duty | Isol. | Loss of G.T. | Rec. Change (Job, Qtrs, Inst.) | Loss of Privileges/ Incentive Wages | Room Conf. | Rest |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 260 | 9-25-20 | 3 | 9-29-20 | combine Reports | | | | 5- 60 days DS | 3- 12 wk Canteen | | |
| 261 | 9-25-20 | 3/S | 9-29-20 | | | | | | | | |
| 262 | 9-26-20 | 3/S | 9-29-20 | | | | | | 3- 12 wk phone 5- 14 days yd | | |
| 263 | 10-23-20 | 3 | 10-27-20 | | | | | | 12 wk yd | | |
| 264 | 11-10-20 | 3 | 11-13-20 | | | | | | 4 wk Canteen | | |
| 265 | 12-15-20 | 3/S | 12-16-20 | | | | | #5 15 days DS | #3 12 wk canteen 12 wk phone | | |
| 266 | 12-26-20 | 11 | 12-27-20 | | | | 30 days | | | | |
| 267 | 1-19-21 | 21e | 1-21-21 | | | | | | 14 days phone 14 days Canteen | | |
| 268 | 1-24-21 | 11 | 1-26-21 | | | | | 10 days DS | 14 days Phone | | |
| 269 | 2-25-21 | 21e | 2-26-21 | | | | | | 7 days yd 7 days Canteen | | |
| 270 | 8/18/23 | 3, 5 | 8/21/23 | | | | | HRDC max (sup) | 4 wks canteen | | |
| 271 | 8-28-23 | 21E | 8-30-23 | combined - Sus. 30 day | | | | no canteen, 2 w | 60 days HRDC max, | | |
| 272 | 9-14-23 | 17, 30 | 9-15-23 | | | | | | | | |
| 273 | 9-19-23 | 17 | 9-19-23 | | | | | | 6 wks canteen | cost of phone headset. | |
| 274 | 9/20/23 | 3, 5 21E | 9/26/23 | | | | | | 12 wks canteen | | |
| 275 | 10/9/23 | 3, 5 | 10/17/23 | Supp 4 wks canteen | | | | | | | |
| 276 | 10/31/23 | 3, 5 | 11/21/23 | | | | | AD SEG 15 SUSP-90 | 2 WKS. NO CANT. | | |

Released 4/1/21

1. Contraband
1A. Unauthorized Items (A)
3. Defiance (B)
4. Disobedience (A)
5. Agg. Disobedience (B)
6. Disorderly Conduct (A)
7. Disrespect (A)
8. Escape (B)
9. Deleted
10. Fighting (B)
11. Agg. Fighting
12. Gambling (B)
13. Deleted
14. Intoxication
15. Malingering (B)
16. Rescinded
17. Prop. Destruction (B)
18. Radio/TV Abuse (A)
19. Self-Mutilation (B)
20. Rescinded
21. Agg. Sex Offense (B)
22. Theft (B)
24. Unauth. Area (A)
25. Deleted
26. Unsanitary Prac. (A)
27. Work Offense (A)
28. Agg. Work Offense (B)
29. Disturbance (B)
30. Gen. Prohibited Behavior (B)

Ex 10




Ex 10